IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARCONIC INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 2:17-cv-1434-JFC |
| | : | |
| vs. | : | |
| | : | |
| NOVELIS INC., | : | |
| | : | |
| and | : | |
| | : | |
| NOVELIS CORP., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR LIMITED EXPEDITED DISCOVERY OF NOVELIS**

Pursuant to the Federal Rules of Civil Procedure and the Rules of this Court, Plaintiff Arconic Inc. ("Arconic") files this memorandum of law in support of its Motion For Limited Expedited Discovery of Novelis (the "Motion") to reveal the extent of Defendants Novelis Inc. and Novelis Corp. ("Novelis")'s misappropriation and disclosure of Arconic's trade secrets and confidential information regarding the A951 process and to determine whether or not emergency injunctive relief is necessary.  Specifically, Arconic requests that Novelis, within 14 days, produce all documents responsive to five requests and, within seven days thereafter, submit to a Rule 30(b)(6) deposition pursuant to the Notice attached to the Motion as Exhibit 1.

**I.    Introduction**

Car and truck bodies have been traditionally made of steel.  Steel is strong, but inflexible and heavy.  With the recent acceptance of Arconic's A951 process into Ford 150 series trucks, the automotive industry is poised to move toward lighter weight aluminum.  The A951 process

enables adhesive bonding of aluminum in necessary ways.  No other aluminum bonding process comes close to meeting the technical requirements.

Arconic, then known as Alcoa, began to develop the A951 process over 25 years ago, well before widespread consumer demand for fuel efficient automobiles, regulatory standards, or a clear path to commercialization.  Arconic developed the A951 process at significant cost, dedicating millions of dollars and tens of thousands of hours worked by highly skilled engineers.  That investment required vision; there was no automobile manufacturer at the time committed to aluminum.  Arconic's bet finally paid off, and now it stands to make a return on that investment.

During most of the time Arconic was developing the A951 process, Novelis did not exist.  Novelis started in 2005 and, soon thereafter, was acquired by India's Hindalco, part of the Aditya Birla Group in Mumbai.  When Novelis' own aluminum bonding solution was (thoroughly and conclusively) rejected by Ford, Novelis obtained a license to use Arconic's A951 process.

The Arconic/Novelis agreements, of course, contained strict confidentiality requirements.  Arconic then disclosed the A951 process to Novelis and, then, assigned its lead project engineer Jim Marinelli (who spent 25 years helping to develop the A951 process) to assist Novelis.  Marinelli taught Novelis engineers and purported inventors Michael Bull and Theresa Elizabeth MacFarlane (formerly Warrender) various details of Arconic's trade secrets under confidentiality obligations and then traveled to Novelis' facilities to show them how to implement that process.

Instead of observing its confidentiality obligations, Novelis brazenly and clandestinely filed a U.S. patent application in its own name for parts of Arconic's A951 process.  Novelis' U.S. patent application advances the Orwellian assertion that the very Novelis engineers – Michael Bull and Theresa MacFarlane –who Arconic's Jim Marinelli taught the A951 process are, in fact, *inventors* of the A951 process.  As a reward for that goodwill, Novelis took the

- 2 -

egregious action of not only publishing Arconic's trade secrets but claiming them as their own. Novelis' application became public, threatening to destroy the value of Arconic's trade secrets.

<u>But Novelis is not stopping there.</u>

Earlier this month, another Novelis patent application became publicly available in Australia. That application also falsely asserts that Bull and MacFarlane are inventors – indeed the sole inventors – of the A951 process.

Novelis' application **literally copies from two Arconic presentations** shared with Novelis in strict confidence:

1) a January 5, 2012 presentation to Novelis at Arconic's Technical Center labeled "[Arconic] Confidential Information" and

2) a September 13-14, 2012 presentation that noted that there was "a Confidentiality Agreement between the companies," the meeting minutes were to be treated as "confidential," and the parties must "recognize and respect the confidentiality of the shared info[rmation]" which was "proprietary."

Arconic does not know what other disclosures Novelis may have made or in planning in contravention of their contractual obligations.

However, what Arconic *does* know is that, contemporaneous with these disclosures, Novelis is actively trying to poach Arconic engineers who helped develop the A951 process. Novelis' Bull and MacFarlane report to Todd Summe, himself a former Arconic employee. All three also work with Luis Vega, another former Arconic employee with extensive knowledge of the A951 process who was recruited to Novelis. Further, days before this lawsuit was filed, Summe called the personal phone of Arconic's Sherri McCleary, co-developer with Marinelli of the A951 process, and left a message asking to discuss her future plans.

Given Novelis' recent activity threating to destroy the value of Arconic's trade secrets, Arconic seeks expedited discovery to fully understand the scope of Novelis' disclosures and future disclosure plans, and to evaluate the need to limit those disclosures and the damage.

Accordingly, Arconic requests Novelis produce within 14 days:

1. Any documents Novelis sent to third parties relating to (1) the A951 process,[1] or (2) U.S. Patent Application Publication No. 2016/0319440, International Patent Application Publication No. WO2016/0178963, or the technologies described therein.

2. Any documents reflecting actual or planned disclosures of the technologies described in Request No. 1, and any confidentiality agreement or the like relating to same.

3. Any engineering notebooks (and such other documents that record the ideas, inventions, experimentation records, observations, and all work details) of purported inventors Michael Bull and Theresa MacFarlane.

4. Any communications to or from Todd Summe, Luis Vega, or any other former Arconic employees with current or former Arconic employees, and documents reflecting the same, including but not limited to any plans to solicit or hire Arconic employees with A951 expertise.

5. All documents relating to A951 in the possession, custody, or control of Summe or Vega.

Arconic further requests Novelis produce, within seven days after document production, a Rule 30(b)(6) deponent.

---

[1] The parties defined A951 in their contracts as a pretreatment process for aluminum that combines "spray, immersion, or roll application methods" and Alcoa Technology and Know-How, which is separately defined, for chemical composition, coating processes, coating-testing procedures, and assembly of aluminum sheet components in aluminum intensive vehicles.

II. Argument

    A. **This Court Has Good Cause to Order Limited Expedited Discovery.**

Courts have broad power to order expedited discovery under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(d)(2) (permitting expedited discovery where ordered by court); 30(a)(2)(A)(iii) (authorizing leave of court to take depositions on expedited basis); 33(b)(2) (permitting court to shorten time for responses to interrogatories); 34(b) (permitting court to shorten time for responses to requests for production). The Western District of Pennsylvania has applied the "good cause" standard in deciding whether to order expedited discovery. *Rotten Records, Inc. v. Doe*, No. CIV.A. 15-1267, 2015 WL 6002794, at *3 (W.D. Pa. Oct. 14, 2015) (granting expedited discovery where "good cause" was shown to identify the infringing party); *Fonovisa, Inc. v. Does 1-9*, No. 07-1515, 2008 WL 919701 (W.D. Pa. Apr. 3, 2008) (upholding prior order that granted expedited discovery upon showing of "good cause") *aff'd* No. 07-1515, 2008 U.S. Dist. LEXIS 102853, at *2 (W. D. Pa. Nov. 28, 2008) (Conti, C.J.); *see also Am. Beverage Corp. v. Diageo N. Am., Inc.*, 936 F. Supp. 2d 555, 567 (W.D. Pa. 2013) (Conti, C.J.) (noting that the court previously granted expedited discovery); *York Grp., Inc. v. Pontone*, No. 2:10-CV-1078-JFC, 2011 WL 13136189, at *2 (W.D. Pa. Nov. 15, 2011), report and recommendation adopted, No. 2:10-CV-01078-JFC, 2011 WL 13136190 (W.D. Pa. Dec. 9, 2011) (Conti, C.J.) (same).

In similar circumstances, a Pennsylvania federal court granted a motion for expedited discovery so the Plaintiff could gather evidence to determine the scope of Defendants' acquisition, use, and disclosure of Plaintiff's confidential and proprietary information. *EXL Labs., LLC v. Egolf,* No. CIV.A.10-6282, 2010 WL 5000835, at *8 (E.D. Pa. Dec. 7, 2010). Another Pennsylvania federal court granted expedited discovery to help a party determine if

injunctive relief was appropriate. *FS2 Capital Partners, LLC v. Church*, No. CIV.A. 14-4933, 2015 WL 4522868, at *1 (E.D. Pa. July 27, 2015) (noting that expedited discovery was granted where expedited discovery "was necessary to determine if Defendant's actions warranted immediate and preliminary injunctive relief").

This request for expedited discovery is narrow and necessary to determine the extent of Novelis' disclosures and planned disclosures, and to help Arconic determine the need for a preliminary injunction to shut down such disclosures. Unless this Court grants this discovery at this time, Arconic cannot determine how best to protect against this potential harm.

### B. Arconic's Discovery Requests Will Not Prejudice Novelis.

Arconic requests expedited discovery on five document requests and one deposition, which would be subject to the protection provided by a suitable confidentiality and protective order. Novelis has no valid basis to seek to avoid this discovery. Indeed, there is no doubt that Arconic will receive these documents and this deposition through regular discovery. But, that will not happen for months. In the meantime, Arconic faces a hostile actor in Novelis that has repeatedly violated Arconic's intellectual property rights with uncertain consequences and uncertain future plans. Based on these reasonable suspicions and Novelis' actions to date, expedited discovery pursuant to confidentiality and protective order safeguards is appropriate.

### III.     Conclusion

For the foregoing reasons, Arconic respectfully requests that this Court grant its Motion For Expedited Discovery.

November 27, 2017                                     Respectfully submitted,

                                                                        s/ Mark A. Klapow
                                                                        Mark A. Klapow (*pro hac* vice)
                                                                        Michael J. Songer (*pro hac* vice)
                                                                        Julia R. Milewski (*pro hac vice*)
                                                                        CROWELL & MORING LLP
                                                                        1001 Pennsylvania Avenue, NW
                                                                        Washington, DC 20004
                                                                        Tel: (202) 624-2975

                                                                        Patricia L. Dodge
                                                                        Antoinette C. Oliver
                                                                        MEYER, UNKOVIC & SCOTT LLP
                                                                        535 Smithfield Street, Suite 1300
                                                                        Pittsburgh, PA 15222-2315
                                                                        Telephone: (412) 456-2800
                                                                        Fax: (412) 456-2864

                                                                        *Attorneys for Plaintiff Arconic Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 27, 2017, the foregoing Memorandum of Law in Support of Motion For Limited Expedited Discovery of Novelis was electronically filed and served upon counsel for the Defendants through the Court's ECF system:

Charles Kelly, Esq.
ckelly@saul.com
Michael J. Joyce, Esq.
mjoyce@saul.com
SAUL EWING ARNSTEIN & LEHR LLP
One PPG Place, 30th Floor
Pittsburgh, PA 15222

                                                          s/ Mark A. Klapow
                                                          Mark A. Klapow