# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARCONIC INC., <br><br> Plaintiff, <br><br> vs. <br><br> NOVELIS INC., <br><br> and <br><br> NOVELIS CORP., <br><br> Defendants. | CIVIL ACTION NO. 2:17-cv-1434-JFC |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION FOR ORDER REQUIRING PRE-DISCOVERY IDENTIFICATION OF TRADE SECRETS AND CONFIDENTIAL INFORMATION

Plaintiff Arconic Inc. ("Arconic") hereby submits its Memorandum of Law in Support of Response to Novelis Inc. and Novelis Corp.'s ("Novelis") Motion for Order Requiring Pre-Discovery Identification of Trade Secrets and Confidential Information. Dkt. 31. As set forth in its pending motion, Arconic seeks limited, expedited discovery to assess the extent to which Novelis has or plans to further disclose Arconic's trade secrets so Arconic can try to mitigate the harm and limit additional disclosures. Dkt. 17. In filing this motion, Novelis seeks to avoid or at least postpone that discovery (and other discovery) until Arconic identifies its trade secrets. Novelis' motion fails to mention that, on the same day, Novelis *again* published Arconic's trade secrets in a Canadian application. Apparently, Novelis' disclosure of Arconic's trade secrets has not been deterred by this lawsuit.

While Arconic's response is not due for a week, there is no reason to wait <u>because there is no real dispute here</u>. Arconic has already stated that it is ready, willing, and able to identify its trade secrets once a protective order is entered in this case, and indeed has already done so.

Arconic sent Novelis a draft protective order for review *before* Novelis filed its motion. Rather than address that draft, Novelis' "response" was to file this motion. That is because Novelis' motion has little to do with identifying trade secrets, which Novelis already knows because they are in its own patent application. Novelis simply wants delay, and to obfuscate Novelis' other unknown (to Arconic) or forthcoming disclosures.

## Argument[1]

Novelis' motion to stay discovery pending trade secret identification is a red herring that is designed to evade Arconic's urgent request for needed, limited, and expedited discovery.

Novelis did not attempt to meet and confer to resolve this supposed dispute as required by this Court's rules. Had it met and conferred, Novelis would have again been confronted with the fact that there is no dispute here. While not required, Arconic will identify its trade secrets in this litigation as soon as a protective order issues. Indeed, Novelis already knows this because Arconic prepared and transmitted a draft Protective Order to Novelis' counsel before this Motion was filed. *See* 12/4/2017 Letter from Klapow to Stockwell, a copy of which is attached to Plaintiff's Response to Defendants' Motion for Order Requiring Pre-Discovery Identification of Trade Secrets and Confidential Information (the "Response") as Exhibit 1. Novelis did not respond to that draft protective order once sent, and has not responded in the intervening week.

While Arconic's willingness to provide the information moots this motion, it is also true that Novelis *already knows* the identity of the Arconic trade secrets at issue in this litigation. Thus, Novelis' arguments for a stay pending that identification lack merit.[2]

---

[1] Novelis offers a lengthy and counterfactual background of this dispute in their Opposition to the Motion for Expedited Discovery. Dkt. 30. Because it is neither true nor relevant to any motion, Arconic will spare the Court a point by point refutation.

[2] While styled as a motion under Fed. R. Civ. P. 16(c)(2)(L) – which governs the adoption of (Continued...)

2

While Novelis complains Arconic has not identified its trade secrets in the Complaint, this is standard practice. Dkt. 32 at 1. Of course, no plaintiff can identify its trade secrets in a public complaint because to do so would negate their secrecy. Arconic's complaint, however, provides Novelis with enough information such that, given Novelis' patent application, it can readily ascertain the identity of the trade secrets. Even if it had nothing beyond the complaint, Novelis' claim that it does not know what trade secrets are at issue is impossible to credit.

But that is not all Novelis has or will have. Arconic prepared a detailed analysis of Novelis' patent application showing how information in that patent application was taken from Arconic for a "derivation" proceeding before the United States Patent & Trademark Office. Mitchell Stockwell, counsel of record in this case, Dkt. 22, is also counsel in that proceeding, and thus has Arconic's analysis. Arconic sent Mr. Stockwell a draft Protective Order, *see* Ex. 1, so that Novelis' other attorneys in this case could have access to that same analysis.[3] However, Novelis' counsel ignored that letter and the draft protective order, and instead filed this motion.

For the foregoing reasons, Novelis' Motion should be denied and the Court should enter the Protective Order attached to the Response as Exhibit 1. Once entered, although not yet required, Arconic will produce the analysis discussed above – which identifies its trade secrets – and should be allowed to take the limited, expedited discovery Arconic previously requested,

---

special procedures at pretrial conference – Novelis' filing is in fact a motion to compel discovery under Fed. R. Civ. P. 26 based on requests that Novelis has not even served. *All of the case law cited in Novelis' Motion arises in the context of discovery requests or is otherwise inapplicable and not a matter for a pre-answer motion.

[3] Novelis' argument that Arconic is refusing to "allow Novelis' litigation counsel to use those materials in this matter, or even to read an unredacted version of [the analysis above] because Novelis' litigation counsel's *pro hac vice* admissions have not yet been granted," Dkt. 32 at 3, is pure misdirection. What Arconic actually said is that it will produce the analysis Novelis seeks in this case (and already has in another matter) ***"after entry of a protective order."***

3

Dkt. 17.

December 11, 2017

Respectfully submitted,

*s/ Mark A. Klapow*
Mark A. Klapow (*pro hac* vice)
MKlapow@crowell.com
Michael J. Songer (*pro hac* vice)
MSonger@crowell.com
Julia R. Milewski (*pro hac vice*)
JMilewski@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Patricia L. Dodge
pld@muslaw.com
Antoinette C. Oliver
aco@muslaw.com
MEYER, UNKOVIC & SCOTT LLP
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-2315
Telephone: (412) 456-2800
*Attorneys for Plaintiff Arconic Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 11, 2017, the foregoing Plaintiff's Memorandum of Law in Support of Response to Defendants' Motion for Order Requiring Pre-Discovery Identification of Trade Secrets and Confidential Information was electronically filed and served upon counsel for the Defendants through the Court's ECF system:

Charles Kelly
charles.kelly@saul.com
Michael J. Joyce
michael.joyce@saul.com
Saul Ewing Arnstein & Lehr LLP
One PPG Place, 30th Floor
Pittsburgh, PA 15222
Tel: (412) 209-2500
Fax: (412) 209-2539

William F. Lee (*pro hac vice*)
william.lee@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Natalie Hanlon Leh (*pro hac vice*)
natalie.hanlonleh@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Tel: (720) 274-3135
Fax: (720) 274-3133

Mitchell G. Stockwell, Esq. (*pro hac vice*)
mstockwell@kilpatricktownsend.com
Charles A. Pannell, III, Esq. (*pro hac vice*)
cpannell@kilpatricktownsend.com
Vaibhav P. Kadaba, Esq. (*pro hac vice*)
wkadaba@kilpatricktownsend.com
Jeffrey H. Fisher, Esq. (*pro hac vice*)
jfisher@kilpatricktownsend.com
KILPATRICK TOWNSEND
& STOCKTON LLP

Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528
Tel.: (404) 815-6500
Fax: (404) 815-6555

s/ Mark A. Klapow
Mark A. Klapow