IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.**, | ) | CIVIL ACTION NO. 17-1434 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **NOVELIS INC.** *and* **NOVELIS CORP**, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER APPOINTING DISCOVERY SPECIAL MASTER

In light of the various anticipated disputes raised by the parties with respect to discovery matters and motions, including dispositive motions, the court determined that an individual serving as Special Master would be appointed to oversee discovery disputes and to hear and prepare Reports and Recommendations concerning other motions, including dispositive motions. The court determined that the Special Master should a person with substantial experience in trade secrets and intellectual property litigation in order to facilitate the just, speedy and inexpensive determination of motions, including discovery motions, in this case.

1.  The Court hereby appoints the Honorable Faith Hochberg as Special Master ("Special Master") in this matter for the purposes outlined in this Order. The duties of the Special Master shall be to oversee discovery between and among the parties and third parties and if the parties are unable to agree on the resolution of any dispute between them or with third-parties, the Special Master shall prepare and file a Report and Recommendation with respect to that dispute. The duties of the Special Master shall also include, with respect to all non-discovery motions, including dispositive motions, the preparation and filing of a Report and Recommendation with respect to such a motion. Discovery motions and dispositive motions are automatically referred to the Special Master. The court, in its discretion, may refer other non-dispositive motions to the Special Master. The Court previously received the Special Master's declaration confirming that she is aware of no grounds for disqualification under 28 U.S.C. § 455.

2.  Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence to perform the duties set forth herein, as well as any additional duties that the Court in its discretion may impose from time to time as necessary by further orders.

3. The Special Master shall have the authority to take all appropriate measures to perform the assigned duties fairly and efficiently, including the hiring of law clerks and staff to assist her. To the extent the Special Master issues any order, report or recommendation on any dispute referred to her by the Court or the parties, the Special Master shall comply with all the requirements of Rule 53(d), if applicable, respecting entry of any such order.

4. The Special Master shall hold status conferences to provide a forum for the parties to discuss the progress of discovery, anticipated motions and any foreseeable issues arising in this case, as well as to discuss such other matters as scheduled by the Special Master. The Special Master may schedule as many or as few status conferences as she sees fit and may require the parties to attend any status conference in person. The status conferences need not be on the record.

5. The parties shall meet and confer prior to each scheduled status conference to draft a joint proposed agenda for the status conference. Each proposed agenda item must include: (a) a brief description of the issue; (b) the efforts to resolve the issue; and (c) the potential relief (if any) that may be sought in the future by a party listing the agenda item. The parties shall serve the agenda on the Special Master no later than five (5) days prior to the status conference. Should the Special Master have any issues for the agenda, she shall forward the issue(s) to the parties at least two days prior to the status conference. Absent a showing of good cause, the Special Master shall not permit discussion of matters not placed on the proposed agenda pursuant to these procedures.

6. The Special Master may hold other meetings or hearings as she deems appropriate. All adjudicative hearings in front of the Special Master shall be recorded by a court reporter as if the hearing was being held before the Court. At the Special Master's discretion, hearings may be held in Judge Conti's courtroom in Pittsburgh, PA. Judge Conti will attend such hearings, if possible, to expedite the de novo review process.

7. The Special Master may correspond with counsel for the parties jointly through conference calls and written correspondence, including, but not limited to, emails and letter, and may, at any time, request additional information or documents from the parties relating to the duties described herein, including, without limitation, (i) briefs, letters, or position statements clarifying or providing additional information about the respective positions and (ii) documents that are not provided *in camera*, such as documents referenced in documents provided *in camera* or documents necessary to provide context to documents provided *in camera*. However, unless authorized by the Court or by express written consent of all of the parties, the Special Master shall not have *ex parte* communications with either party or their respective counsel.

8. The Special Master may, at any time, communicate *ex parte* with the Court for any purpose relating to the duties described herein. In particular, if the Special Master identifies any matters that pose particular or unique problems, the Court shall be consulted.

9. Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and any of her written orders, findings, and/or recommendations. The Special Master shall report to the Court as directed by the Court. The Special Master shall file any written orders, findings, and/or recommendations

with the Court via the Court's Electronic Case Filing ("ECF") system. Such filing shall fulfill the Special Master's duty to serve her order(s) on the parties pursuant to Rule 53(e).

10. The following persons are designated as the primary contacts for the Special Master:

    a) For Plaintiff Arconic Inc., to:

Patricia L. Dodge
Meyer, Unkovic & Scott LLP
1300 Oliver Building
Pittsburgh, PA 15222
412-456-2808
Fax: 412-456-2864
Email: pld@muslaw.com

    b) For Defendants Novelis Inc. and Novelis Corp., to:

Charles Kelly
Saul Ewing LLP
One PPG Place
Suite 3010
Pittsburgh, PA 15222
412-209-2500
Fax: 412-209-2582
Email: ckelly@saul.com

Except for approved *ex parte* communications, all parties shall be copied on any party's communications with or submissions to the Special Master.

11. Within five (5) business days of this Order, the parties shall provide the Special Master dates and times they are available to review the status of motions, discovery and discovery disputes and shall furnish the Special Master with copies of all filings, briefs, discovery materials, and all documents requested by the Special Master.

12. Within ten (10) business days of this Order, the Special Master shall hold a conference call with counsel for the parties to discuss the terms of this Order and the process for handling the duties imposed under this Order.

13. The Special Master shall proceed with all reasonable diligence to oversee discovery and resolve any motions. The Special Master shall, within her authority under this Order and Federal Rule of Civil Procedure 53: (a) with respect to any dispositive motion, prepare and file on the docket a written Report and Recommendation, no later than thirty days after the completion of briefing and any hearing held thereon; and (b) with respect to any discovery

dispute or non-dispositive motion referred to the Special Master, shall resolve the dispute after such investigation, presentation of evidence and argument as the Special Master may deem appropriate, upon such schedule as the Special Master shall set, and consistent with the rulings of the Court.  The Special Master's resolution of a non-dispositive or discovery motion need not be in writing.  Upon the written request of any party within seven (7) days of any such non-written resolution, the Special Master shall prepare and file on the docket a written Report and Recommendation concerning the nature and disposition of any non-dispositive motion or discovery dispute in accordance with Rule 53.

14. Any party may file with the Court, within fourteen (14) days of the filing of a Report and Recommendation, an objection to the Report and Recommendation, setting forth the basis for such objection.  Any party opposing such objection shall file a response thereto within fourteen (14) days of the filing of the objection.  The failure to file a timely objection shall constitute a waiver of any objection. The party filing the objection pursuant to paragraph 11 of this order shall submit with such objection any record necessary for the Court to review the Special Master's Report and Recommendation, including, if necessary, any transcript of proceedings before the Special Master and any documents submitted by the parties in connection with the proceedings.

15. If the parties wish to raise a discovery dispute, that party shall submit a letter motion not to exceed five (5) single-spaced pages to the Special Master, setting forth the nature of the dispute, supporting arguments, and the requested relief. The party opposing the motion shall have ten (10) business days within which to respond to the motion. Responses shall be in the form of a letter response not to exceed five (5) single-spaced pages and shall be submitted to the Special Master.  All submissions shall be served on the relevant parties via email.

16. Any discovery dispute between a party and a third party shall be submitted to the Special Master to be resolved in accordance with the provisions of this Order.  Any parties involved in such disputes shall provide a copy of this Order to the relevant third party or third parties.  For disputes between parties and third parties, the Special Master's fees and expenses are to be divided proportionally among the parties to the case involved in the discovery dispute.  To the extent that a discovery dispute involves a third party, the Special Master will determine how fees and expenses will be allocated.

15. At the sole discretion of the Special Master, any discovery dispute noticed in accordance with the procedures set forth herein may be (1) ruled upon without oral argument, (2) heard by telephone conference, or (3) heard at a specially-scheduled in-person conference.

16. The Special Master's findings of fact and conclusions of law, procedural rulings or recommendations will be reviewed de novo.

17. The Special Master may have access to trade secrets, proprietary information and other confidential information in this action including, but not limited to, information which may be subject to a protective order.  The Special Master shall be bound by the terms of any protective order.

18.     The Special Master, in her discretion, may utilize the services of a law clerk or other staff.  Within seven (7) days of this Order, the Special Master shall submit to the parties a proposed compensation schedule, which shall include fee and/or rate information, any retainer, and expense reimbursement guidelines.  In the event of any disagreement among the parties as to the appropriateness of either compensation schedule, each party shall submit a letter to the Court setting forth the respective party's position on the proposed compensation schedule, and the Court shall issue an Order setting forth the compensation schedule.

19.     The Special Master shall submit to the parties on a monthly basis an itemized statement of all fees and costs incurred in connection with this Order and the ESI CMO during the previous one-month period, beginning on the first day and ending on the last of day of such month ("Monthly Invoice").  Each Monthly Invoice shall detail the work performed, the hours spent and the costs incurred during the corresponding one-month period.  Any non-routine expenses, including expenses associated with outside consultants proposed to be engaged or engaged by the Special Master must be approved in advance by the parties.  If a party objects to any proposed non-routine expense or to any fee or other charge on a Monthly Invoice, the Party shall provide notice of the objection to all other parties, and the parties and the Special Master shall work in good faith to resolve the objection.  If the parties and the Special Master cannot resolve an issue, any party then may submit the dispute to the Court.

20.     Each party shall be responsible for paying to the Special Master an equal portion of each Monthly Invoice (with two parties in the lawsuit, each party shall pay 50%) within sixty (60) days of receipt of such Invoice.  The costs associated with the services of the Special Masters *shall not* be considered taxable under 28 U.S.C. § 1920(4).

SO ORDERED this 21st  day of December, 2017.

                                                          s/ Joy Flowers Conti
                                                        Joy Flowers Conti
                                                        Chief United States District Judge