IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO. 17-1434 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **NOVELIS INC.** *and* **NOVELIS CORP,** | ) | |
| | ) | |
| Defendants. | ) | |

SPECIAL MASTER REPORT AND RECOMMENDATION #2:
TRADE SECRET IDENTIFICATION AND EXPEDITED DISCOVERY

On January 10, 2018, the Special Master heard oral arguments regarding Plaintiff Arconic, Inc.'s ("Arconic") Motion for Expedited Discovery (Docket Numbers "Dkt. Nos." 17, 18) and Novelis, Inc.'s and Novelis, Corp.'s (collectively, "Novelis") Motion for Trade Secret Identification (Dkt. Nos. 31, 32). Both motions had been fully briefed in advance of oral argument. Because Arconic's and Novelis' motions are related, the Special Master combines the following recommendations:

Novelis' Trade Secret Identification Motion (Dkt. Nos. 31, 32, 40)

During oral argument, counsel for Arconic agreed to provide a list identifying its trade secrets alleged in its pending Complaint, in response to Novelis' interrogatory requests. Arconic's counsel also stated that he would be able to accomplish that task within 2 days after a Protective Order was in place to safeguard the secrecy of that information. The Special Master's Report and Recommendation #1 sets forth the terms of the Protective Order that both parties have consented to abide by unless and until it is altered by the Court. (Dkt. No. 63)

On January 16, 2018, Arconic submitted a list of its alleged trade secrets. This Report and Recommendation makes no finding at this time about whether the Novelis' Motion to Identify Trade Secrets has become moot; Novelis shall file a response to Arconic's identification of trade secrets by January 25, and inform the Special Master whether its motion is now moot.

The Special Master has shortened the normal response time for motions in order to move this case through its preliminary stages expeditiously.

Notice of Potential Additional Trade Secrets That May Be Claimed by Arconic

There appear to be possible additional claimed trade secrets that may become at issue, based upon the Special Master's inquiry during the January 10, 2018, oral argument on the related Motion for Expedited Discovery. That inquiry asked Arconic whether it has any additional trade secrets (beyond those alleged in connection with Novelis' patent applications published in November, 2016, which are the subject of the instant Complaint) as to which it has a concern about possible disclosure. Such other potential alleged trade secrets will also be required to be identified if Arconic seeks to add them to this case and seek any relief as to them. (See discussion below.)

Arconic's Motion for Expedited Discovery (Dkt. Nos. 17, 18, 30)

Arconic seeks an Order requiring Novelis to produce expedited discovery, in order for Arconic to determine whether to seek preliminary injunctive relief. (Dkt. No. 18 at 1) Novelis' response is two-fold: 1.) there is no urgency for Arconic's discovery requests where the alleged disclosures occurred over one year ago; and 2.) Arconic's discovery requests are overly broad and constitute an impermissible fishing expedition. (Dkt. No. 30 at 1-2; 6-7)

The Parties agree that the Western District of Pennsylvania evaluates motions for expedited discovery under the "good cause" standard. *See Records, Inc. v. Doe,* No. CIV.A. 15-1267, 2015 WL 6002794, at *3 (W.D. Pa. Oct. 14, 2015); *see also*, *Exclusive Supplements, Inc. v. Abdelgawad*, No. CIV.A. 12-1652, 2013 WL 160275, at *1 (W.D. Pa. Jan. 15, 2013).

Arconic alleges that its trade secrets presently at issue in this case were disclosed within the four corners of Novelis' patent application, serial number 15/142,384, published in November 2016 as No. 2016/0319440 ("the Novelis '384 patent application"). (30 at 7; 30-4) Along with an International PCT, also published in November 2016, the Novelis '384 patent application forms the basis for Arconic's trade secret misappropriation claims.[1] Although Novelis has more recently filed additional foreign equivalent patent applications, those disclosures are identical to the earlier November 2016 published applications. (30 at 7). Arconic also filed its own patent application, serial number 15/708,798 ("the Arconic '798 patent application"), as part of its U.S. Patent & Trademark Office Derivation challenge to the Novelis '384 patent application. (32-1) The Arconic '798 patent application claims are identical to those of the Novelis '384 patent application. (32-1 at 9) In sum, all of these filings include the identical subject matter; Arconic, therefore, had knowledge of the basis of its Complaint by November, 2016. Arconic filed the present Complaint on November 3, 2017. (Dkt. No. 1)

---

[1] International Publication No. WO2016/178963 (Dkt. No. 30-5) also serves as a basis for Arconic's Trade Secret Misappropriation Claim. *See, e.g.,* Arconic Complaint, Dkt. No. 1 at ¶ 99

Arconic seeks expedited discovery so that it can determine whether any other trade secrets have been disclosed or are slated to be disclosed imminently. However, none of the trade secrets claimed in the case as it now stands presents a concern about imminent disclosure, because all of the presently claimed trade secrets have already been embodied in patent applications that are publicly available. While there may be additional trade secrets added to this case through amendment of the pleadings, they are not yet alleged in this case.

Arconic should be permitted some latitude to ascertain through focused discovery whether there are plans to make other disclosures of subject matter that it claims to constitute trade secrets. And, if Arconic learns that information, it states that it may at that time seek emergent relief from the Court. At the present time, Arconic does not proffer a factual basis to believe that there will be imminent disclosure of other as-yet unidentifed trade secrets. The first step must be the identification of such additional claimed trade secrets that have not been embodied in the patent applications cited above. Once that occurs with sufficient clarity, then the Special Master will work with the parties on properly circumscribed discovery to determine if there are emergent issues on the horizon.

There is, therefore, only one issue presented by Arconic's Motion for Expedited Discovery:

> Has Arconic met its "good cause" burden for expedited discovery of the alleged trade secrets encompassed by the Complaint, which is limited to the disclosures in the Novelis '384 patent application and its foreign equivalents?

Arconic does not have a good answer to explain why it waited over one year from the time that Novelis' '384 patent application was published before filing the Complaint in the present lawsuit. Arconic does not claim that it was unaware of the filing, nor that any action was taken by Novelis to lull it into refraining from taking immediate action to seek redress.[2] There is no finding of delay by counsel for Arconic, who are doing an excellent job of representing their client's interests; rather, it is simply the fact situation that they were dealt.

Without making any determination about the potential merits of the Complaint, because the facts are as yet unknown, this one-year delay by Arconic makes it difficult for it to meet its burden of "good cause" to now seek an order compelling its adversary to move quickly to provide expedited discovery. Once Arconic identifies the trade secrets it alleges were disclosed by Novelis, discovery between the parties may be conducted in an efficiently-conducted course of discovery, appropriately staged and focused to move this case along expeditiously. No showing has yet been made to warrant expedited discovery under the "good cause" standard.

---

[2] During oral argument, Arconic counsel only cited internal business decisions as the reason for the delay. Novelis argues that Arconic's Complaint was instigated by a Private Equity Fund that seized management of Arconic. For purposes of this motion, it is unnecessary to make any findings on this issue.

To the extent that Arconic has additional trade secrets that it shared with Novelis and were not publicly disclosed in the published Novelis '384 patent application, any such alleged trade secrets shall first be identified, so that both parties and the Special Master and the Court know what they are. During oral argument, counsel for Arconic stated that he could identify those additional trade secrets quickly. Once Arconic identifies all alleged trade secrets at issue in this case, (either as presently claimed or as it may become amended) with sufficient particularity to make it clear what they are, discovery can commence on both the claims and counterclaims.

The Special Master recommends that the parties be prepared to exchange newly-propounded discovery requests tailored to this Report and Recommendation. Therefore, it is unnecessary at this time to recommend rulings on whether the existing discovery demands in Arconic's motion for expedited discovery are overbroad.

It is further recommended that a Case Management Conference be held by the Court on a convenient date either on or after the date scheduled for oral argument of the Novelis Motion to Dismiss. (Dkt. No. 53) That oral argument is presently scheduled to occur in Pittsburgh on February 21, 2018 and the Special Master will issue her Report and Recommendation on that motion within 30 days thereafter. At this time, the Special Master is not recommending that the Case Management Conference must wait until after the recommended ruling on the Motion to Dismiss, because this case has many aspects to it that are not the subject of that motion. The Special Master believes that she has authority from the Court's Order of Appointment to discuss the appropriate staging of discovery with the parties, once the trade secrets have been sufficiently identified, and that process will proceed efficiently.

For the reasons stated above, the Special Master recommends that the Court:

1. Deny the Motion for Expedited Discovery;
2. Reserve its ruling upon the Motion to Identify Trade Secrets pending a further Report and Recommendation by the Special Master; and
3. Schedule a Case Management Conference with the Parties on a date convenient for the Court.


Respectfully submitted,


s/ Faith S. Hochberg_____                January 19, 2018
Faith S. Hochberg, U.S.D.J. (Ret.)              Date
Special Master