**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARCONIC INC.,** | : | |
| | : | **No. 2:17-CV-01434** |
| **Plaintiff,** | : | |
| | : | **Chief District Judge** |
| v. | : | **Joy Flowers Conti** |
| | : | |
| **NOVELIS INC.,** | : | |
| **NOVELIS CORP.,** | : | |
| | : | |
| **Defendants.** | : | |

**NOVELIS'S REPLY TO PLAINTIFF'S TRADE SECRET IDENTIFICATION AND IN
FURTHER SUPPORT OF ITS MOTION FOR ORDER REQUIRING PRE-DISCOVERY
IDENTIFICATION OF TRADE SECRETS AND CONFIDENTIAL INFORMATION**

Defendants Novelis Inc. and Novelis Corp. (together, "Novelis") submit this Reply to

Plaintiff Arconic Inc.'s ("Arconic") "Trade Secret Identification" and in Further Support of its

Motion for Order Requiring Pre-Discovery Identification of Trade Secrets and Confidential

Information, and request that: (1) the Court strike Arconic's "Trade Secret Identification" (Ex. 1,

hereinafter "Identification") and order Arconic to provide a trade secret identification that meets

the "reasonable particularity" standard, *see Hill v. Best Med. Int'l, Inc.*, No. CIV.A 09-1194,

2010 WL 2546023, at *3 (W.D. Pa. June 24, 2010) (Standish, J.); or (2) limit the scope of this

litigation and related discovery to the 22 claims of the '440 patent application ███████████

████████████████.[1]

In particular, Arconic has once again sidestepped its obligation to identify what the "*it*" is

in this litigation—namely, the trade secrets that Arconic claims are at issue. During the January

10, 2018 hearing, Special Master Hochberg stated: "I'm suggesting you [Arconic] start with a

*tailored description* of whatever you—your only client believes is a trade secret *that is not in the*

---

[1] Novelis submits this Reply after having sought and obtained leave to file a reply memorandum
from Special Master Hochberg.

*['440]* that was disclosed to [Novelis]…." January 10, 2018 Hearing Rough Tr. ("Tr.") at 45:9–12 (emphases added). Arconic's counsel replied, "Well, certainly, *we could do that*, Your Honor. I – I understand your concern on the '*it.*'" *Id.* at 45:19–21 (emphases added). Indeed, Arconic promised to provide that list within 24 hours. *Id.* at 21:9–19. However, Arconic has done nothing of the sort. Its Identification consists first of ████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████. *See* Ex. 1. Although Arconic told the Court that "we *could* do that," it did not actually *do* that. As Arconic itself confirmed in a filing just last night: "Arconic's list covers the 22 claims in Novelis' patent applications . . . and adds three categories of information that are known to Novelis but not Arconic at this time, for which Arconic has been seeking expedited discovery." Dkt. 65 at 1.

Far from adequately identifying the trade secrets at issue and providing the promised "tailored description" of trade secrets "not in the '440" (Tr. at 45:9–12), Arconic continues to claim as "trade secrets" vague categories of information that Arconic cannot or will not identify, and certainly has not identified. Accordingly, the Court should (again) require that Arconic produce the "tailored list" of trade secrets that its lawyers said it could provide, and which the law requires. In the alternative, Novelis requests that the Court enter an order confirming that the scope of this litigation is limited to the 22 claims of the '440 patent application solely █ ████████████████████████.

## I.   Paragraphs 1-22 of Arconic's Purported Trade Secret Identification Fail to Meet the Reasonable Particularity Requirement.

After months of refusing to provide Novelis and the Court with a description of what trade secrets are at issue, paragraphs 1–22 of Arconic's purported trade secrets effectively consist

████████████████████████████████████ This portion of Arconic's Identification, therefore, objectively fails to meet the "reasonable particularity" standard that trade secret plaintiffs must meet to put defendants on notice of the claims at issue and to allow for a proper determination of the scope of discovery. *Hill*, 2010 WL 2546023, at *3 ("'Reasonable particularity' has been defined as a description of the trade secrets at issue that is sufficient to (a) put a defendant on notice of the nature of the plaintiff's claims and (b) enable the defendant to determine the relevancy of any requested discovery concerning its trade secrets"). Rather than "████████████████" as Arconic claims, paragraphs 1–22 of Arconic's submission reveal nothing to the Court or Novelis, and leaves the record in exactly the same state as if the submission had never been made at all.

## II. Paragraphs 23-25 of Arconic's Purported Trade Secret Identification Render Its Claims Even Less Clear.

Paragraphs 23–25 of Arconic's Identification are hardly "tailored," and do nothing to bring Arconic's claims and related discovery into sharper focus. Indeed, if anything, these paragraphs are even broader and more vague than Arconic's Complaint. Paragraphs 23–25 thus also fail the reasonable particularity requirement. As in *Hill*, 2010 WL 2546023, at *4, Arconic's "general allegations" and "generic references" are insufficient and render the determination of the relevancy of discovery "impossible." *Id.* at *2, *4 (rejecting plaintiff's identification of its "trade secrets" as the category of "[t]he specific trade secrets that [defendant] copied and retained"). In sum, paragraphs 23–25 do nothing to describe the "it" at issue in this case, nor assist in setting the proper scope of discovery. *See id.* at *3. Such generic, contingent

and meaningless buckets of categories are not trade secrets alleged with particularity and they are not entitled to judicial protection. They should be stricken from Arconic's Identification.

## III. Arconic Improperly Asserts Publicly-Known Information as Trade Secrets.

Arconic's Identification is also deficient because the 22 claims in the '440 patent application indisputably contain publicly-known information. Arconic's Identification is also not "reasonably particular" because Arconic has not provided enough detail "so that the reader understands how each such claim differs from public domain information—including [plaintiff's] public patent filings." *See United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, 289 F.R.D. 244, 249 (W.D. Tex. 2013), *aff'd*, No. CIV.A. SA-12-CA-282, 2013 WL 1867417 (W.D. Tex. Apr. 24, 2013). For example, Arconic claims that "███████████████████████ ████████████████████████████████████████" is a trade secret. Ex. 1 ¶ 1(d) (emphases added). But Arconic's own public patents discloses this step, and thus this cannot be a trade secret. *See* Dkt. 30-08 (the '030 patent) at 2:65–67 ("The cleaned *[aluminum] sheet surface* is then pretreated in a first container with a composition comprising an *aqueous solution of an organophosphorus compound*.") (emphases added); *see also* Ex. 2, Decl. of James Marinelli at ¶ 33 ("████████████████████████████████████ ████████████████████████████████████████████"). Indeed, this "████████████████████████," claimed in Trade Secret No. 2, as "██████████ █████████████████████" was likewise publicly disclosed in Arconic's own patents. *See* Dkt. 30-08 (the '030 patent) at 2:67–3:2 ("The solution preferably contains about 1-20 g/L of a vinyl phosphonic acid-acrylic acid copolymer (VPA-AA copolymer)."); *see also id.* at claim 4 ("wherein said organophosphorus compound comprises a vinylphosphonic acid-acrylic acid copolymer."). As these examples make plain, in claiming ████████████████████

████████, Arconic identifies technology that Arconic itself placed in the public domain. Arconic must identify the portions of these claims that are actually trade secrets, not merely ██████████████████████, regardless of which information was previously disclosed to the public by Arconic or others. Arconic may not shift the burden to Novelis and the Court to parse through the entirety of the prior art in an effort to discern the trade secrets that Arconic already claims to know.

## IV. Arconic Is Taking Positions in this Case that Are Flatly Inconsistent with Arconic's Own Statements in the Derivation Proceeding.

In its derivation petition, Arconic argues that ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. At the same time, Arconic inconsistently represents to this Court that ████████████████████████████. Arconic cannot have it both ways.

In the derivation proceeding, Arconic states that it ████████████████████████████████████████████████████████████████████████████████████████████████████████████. It is time for Arconic to stop hiding the ball, and tell the Court and Novelis which is which. Sorting out its purported trade secrets from public information is Arconic's responsibility.

## V.    Conclusion

It may be that Arconic actually has not done the required diligence of cataloguing its

trade secrets.  Special Master Hochberg asked Arconic's counsel, "Have you gone through all of

your own meeting minutes, document inventories of everything you gave to Novelis so you can

at least [state] that without being bound that that's all?"  Tr. at 44:9–12.  In response, Arconic's

counsel stated, "Yes.  We have—we have gone through that *and started the process* …." *Id.* at

44:14–15 (emphasis added).  If Arconic still cannot or will not provide a tailored list of its trade

secrets beyond █████████████████████████ and has merely "started the process," then

Arconic's Complaint should be dismissed until Arconic can figure out what its trade secrets

actually are, and whether they have actually ever been disclosed.[3]

Accordingly, this Court should order Arconic to provide a trade secret identification that

meets the "reasonable particularity" standard, *Hill*, 2010 WL 2546023, at \*3, or limit the scope

of the litigation and related discovery to the 22 claims of the '440 patent application solely █

█████████████████████████.

---

[3] In the prelude to its Identification, Arconic claims ████████████████████████

████████████████.  However, as the rough
transcript of the hearing makes clear, Novelis's counsel instead stated that Arconic is not entitled
to expedited discovery, though Arconic may obtain the information it seeks in discovery taken in
the normal course.  Tr. 38:19–39:8 ("To turn to the second issue, which is the discovery, I'm not,
Mr. Songer and I may disagree about the scope of discovery, once discovery gets started, but
we're not suggesting for a minute that once the playing field is set, *once we know what the trade
secrets are*, that there won't be full and complete discovery and it may well include much of
what Mr. Songer described.  The question before Your Honor is, is there a reason for expedited
discovery on an emergency basis, which would allow [Arconic] to get ahead of [Novelis] rather
than the defined set of protocols and procedures that would be otherwise applicable and on that,
we would urge no.") (emphasis added).

Dated:  January 19, 2018                                Respectfully submitted,

*/s/ Natalie Hanlon Leh*
William F. Lee (*pro hac vice*)
Mark G. Matuschak (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
William.Lee@wilmerhale.com
Mark.Matuschak@wilmerhale.com

Natalie Hanlon Leh (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Tel:  (720) 274-3160
Natalie.HanlonLeh@wilmerhale.com

Charles Kelly
Michael J. Joyce
Saul Ewing Arnstein & Lehr LLP
One PPG Place, 30th Floor
Pittsburgh, PA  15222
Tel.: (412) 209-2500
Charles.kelly@saul.com
Michael.joyce@saul.com

Mitchell G. Stockwell
Charles A. Pannell, III
Vaibhav P. Kadaba
Jeffrey H. Fisher
Kilpatrick Townsend & Stockton LLP
Suite 2800, 1100 Peachtree Street NE
Atlanta, GA  30309-4528
Tel.: (404) 815-6500
mstockwell@kilpatricktownsend.com
cpannell@kilpatricktownsend.com
wkadaba@kilpatricktownsend.com
jfisher@kilpatricktownsend.com

*Attorneys for Defendant Novelis Inc. and
Novelis Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 19, 2018, the foregoing document was electronically filed and served upon counsel for the Plaintiff through the Court's ECF system:

Mark A. Klapow
Michael J. Songer
Julia R. Milewski
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Patricia L. Dodge
Antoinette C. Oliver
MEYER, UNKOVIC & SCOTT LLP
535 Smithfield Street, Suite 1300
Pittsburgh, PA  15222-2315

***Counsel for Plaintiff Arconic Inc.***

*/s/ Natalie Hanlon Leh*
Natalie Hanlon Leh