# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARCONIC INC., :
: CIVIL ACTION NO. 2:17-cv-1434-JFC
         Plaintiff, :
:
  vs. :
:
NOVELIS INC., :
:
and :
:
NOVELIS CORP., :
:
         Defendants. :

**PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY
IN SUPPORT OF ITS MOTION FOR TRADE SECRET IDENTIFICATION**

    Novelis is once again playing games with "trade secret identification" to delay this case. As promised, Arconic answered the interrogatory "Identify your trade secrets" within one business day of the Special Master's Report and Recommendation adopting a Protective Order. Thus, Novelis' motion to require early case trade secret identification is moot.

    Under the guise of a "reply" brief, Novelis now raises an entirely different argument: that Arconic's trade secret identification is insufficient and should be stricken, or that discovery should be limited to Paragraphs 1-22 of Arconic's interrogatory answer. Neither argument was the subject of Novelis' motion and, thus, cannot be the subject of any "reply."

    Nor does Novelis explain how Arconic's trade secret identification is insufficient, what Novelis does not understand, or what more Novelis wants. Given the context, that is no surprise: Arconic's trade secret identification is copied from claims in Novelis' own patent application. Under the Patent Cooperation Treaty ("PCT"), those claims must be "clear and concise," and under 35 U.S.C. § 112, those claims must distinctly define the metes and bounds of the ideas.

1

By submitting this same language to the USPTO and foreign patent offices, Novelis has admitted that it believes those claims are "clear and concise" and "distinctly define" the ideas. Unless Novelis will now be heard to argue that it does not understand the claims in its own application, Novelis' reply brief should be rejected, and this case should proceed to discovery.

## **BACKGROUND**

In many trade secret cases, the defendant is accused of *using* plaintiff's trade secrets in processes or operations. Early trade secret identification may be useful in such cases to refine and put defendant on notice of the narrower set of information therein asserted as trade secrets.

That is <u>not</u> this case. Novelis was licensed to use Arconic trade secrets. Here, Novelis is primarily accused of *disclosing* Arconic trade secrets in a patent application. Arconic identified that patent application number in its Complaint. Given that Arconic trade secrets are contained in a single document, no further "trade secret identification" was required or necessary. Novelis was already on notice of what Arconic alleges are the trade secrets that Novelis disclosed.

Seeking to turn a mole hill into a mountain, Novelis argued that identification was still necessary because Arconic was not claiming every single word in Novelis' patent application as Arconic trade secrets. Novelis pointed to the fact that the applications list prior art references. At the December hearing, Arconic's counsel cleared up the feigned confusion: "The disclosure [of Arconic trade secrets] was made in the patent application that they authored, and there's 22 claims . . . . Those are our trade secrets, every single one of them, and that's the list of trade secrets we'll be litigating in this case." 12/14/2017 Hearing Tr. at 9-10 (Ex. 1).

Nevertheless, Novelis insisted that absent a formal "trade secret identification" this case should come to a stop. In the interest of avoiding further delay, Arconic agreed to moot the issue by answering the interrogatory "Identify your trade secrets."

**ARGUMENT**

Novelis' reply brief advances four arguments. All of them are new; none have merit.

*First*, Novelis argues that Arconic did not live up to certain statements Arconic made at the January hearing: "Although Arconic told the Court that 'we **could** do that,' it did not actually ***do*** that." Dkt. 75 at 2. Remarkably, in citing what Arconic said it would do, Novelis quotes *not* from the Special Master's colloquy with Mr. Klapow about the trade secret identification process but from the Special Master's colloquy with Mr. Songer about certain early discovery requests. Therein, Mr. Songer agreed Arconic could narrow its discovery requests. Arconic has done exactly that as well. Novelis still refuses to comply with the narrowed requests and, thus, Arconic moved to compel again. But none of that bears on early trade secret identification.

In fact, in identifying its trade secrets, Arconic did *exactly* what it said it would do. At the December hearing, Mr. Klapow explained how Arconic would identify its trade secrets: "That patent application has claims that list specifically the ideas that they assert for patent protection, and those are our trade secrets, <u>so all I would be doing is taking their own patent application, copying it and submitting it</u> in that respect." 12/14/2017 Hearing Tr. at 6. Novelis raised no objection then or later. Arconic lived up to its promise precisely.

*Second*, Novelis contends that "Paragraphs 1-22 of Arconic's Purported Trade Secret Identification Fails To Meet the Reasonable Particularity Requirement." Dkt. 75 at 2. Novelis' single-paragraph argument under that heading parrots the standard and announces its conclusion, but not much else. That paragraph contains no facts or analysis at all.

Moreover, Novelis' contention that Arconic's trade secret identification fails to put Novelis "on notice of the nature of the plaintiff's claims" makes no sense. *Id*. Novelis wrote Paragraphs 1-22 of that identification. There is nothing Novelis can claim not to understand.

Affidavit of James Pooley at ¶7 ("[B]ecause these claims were drafted by Novelis, it necessarily follows that Novelis knows what is being asserted as a trade secret") (Ex. 2).

But that is not all: Novelis submitted Paragraphs 1-22 as patent claims to the USPTO and foreign patent offices. 35 U.S.C. § 112 requires the applicant to submit claims "particularly pointing out and distinctly claiming the subject matter which the inventor or joint inventor regards as the invention." And the PCT requires applicants to submit claims that "define the matter for which protection is sought. Claims must be clear and concise." PCT Article 6. Having sworn that Paragraphs 1-22 of Arconic's trade secret identification meets those standards to patent offices, Novelis cannot be heard to now argue Arconic's trade secret identification is insufficient. Pooley Affidavit at ¶7.

Of course, the standard for trade secret identification is *lower* than that for patent claims. As a leading trade secret treatise explains, "[i]t is not necessary to describe all trade secrets as though they were patent claims" in early case trade secret identification. James Pooley, *Trade Secrets* §11.02[2] (2017). That treatise explains the risks of doing so:

> Caught in what might appear to be unethical conduct, the defendant naturally tries to switch the litigation's focus to the nature and value of the property taken, and away from the nature of his behavior. [T]aken to the logical extreme permitted by a patent-like standard, it skews the analysis to the benefit of the clever defendant. It also forces the parties to engage in expensive and time-consuming struggles over the collateral issue of the relative precision and sufficiency of the plaintiff's identification.

*Id.* But here Arconic *did* describe its trade secrets with patent-like precision, just as described in Novelis' patent application. Thus, *Arconic has already done far more than is required*. Indeed, because patent-like precision is the gold standard and not required in trade secret identification, Novelis' demand that Arconic do more is nonsensical. What *more* could Arconic do?

James Pooley is the author of that leading treatise. For this case, Mr. Pooley reviewed Arconic's trade secret identification and found it more than sufficient. Pooley Affidavit at ¶¶7-9.

4

*Third*, Novelis complains that Paragraphs 23-25 of Arconic's trade secret identification are not specific enough.  *Cf.* Dkt. 75 at 3*, with* Pooley Affidavit at ¶8.  Novelis is well-aware that Arconic shared other trade secrets with Novelis (and Arconic former employees now employed by Novelis) beyond what is reflected in either party's patents or applications, yet Novelis refused – and continues to refuse – to confirm that it did not disclose other trade secrets to third parties.  Arconic will not know until discovery which other trade secrets Novelis misappropriated.

Given Novelis' brazen disclosure of Arconic's trade secrets in several patent applications, Arconic sought reasonable assurances that Novelis had not disclosed *other* Arconic trade secrets to third parties in other ways.  Novelis refuses to respond to requests for reasonable assurances, so Arconic seeks to identify the additional trade secrets misappropriated in discovery.  So far, Novelis has successfully avoided that discovery.  In situations where parties entered into a broad agreement to exchange information related to an important industrial process, it is common for courts to require only a very high level statement of trade secret categories at the outset, or not to require any early description beyond what the plaintiff perceives has been taken at all, leaving it to discovery to reveal what has happened, and allowing the plaintiff to augment its description once it has learned more.  Pooley Affidavit at ¶8.  At this time, therefore, Arconic has nothing more specific to identify – only Novelis has that information.  Paragraphs 23-25 of Arconic's Trade Secret Identification are placeholders for that information.

Novelis itself has already acknowledged that this is appropriate.  At the January hearing, Novelis' counsel Mr. Lee conceded that Arconic is allowed to discover other misappropriations and supplement its list if additional misappropriations are found: "[I]dentify the trade secrets that you say have been misappropriated.  That will set the ground rules.  It's not to say that you can't identify others later, if you uncover that during discovery …." 1/10/2018 Hearing Tr. at 42.  Mr.

Lee later confirmed, "I had tried to say pretty clearly, if down the road you uncover what you think was a disclosure of a trade secret that you didn't know before that you come upon, you can move for preliminary relief at that time." *Id.* at 52.

In an abrupt about-face, Novelis now demands that the Court to "strike" these categories and "limit the scope of this litigation and related discovery to the 22 claims of the '440 patent application." Dkt. 75 at 1. Of course, Arconic will not be able, as Mr. Lee said must be allowed, to "identity others later if you uncover that during discovery" if discovery is so limited.[1]

Also, Novelis cites no authority for its apparent view that discovery should be so limited. To the contrary, commentators and courts repeatedly recognize that where misappropriation evidence is uniquely within the control of the defendant, discovery to obtain that information is appropriate, and the plaintiff need not identify those trade secrets with specificity – at least not until that discovery is obtained. *See* Pooley, §11.02[2] (Another factor "is the extent to which the information relative to the trade secret claims may be exclusively in the possession of the defendant or a third party. This is not an uncommon circumstance ... The nature of such misconduct makes it impossible, until after substantial discovery has occurred, reliably to identify the information misappropriated.").

Once other misappropriation evidence is uncovered, Arconic agrees to supplement its interrogatory answer to reflect the additional bases for its claims – just as happens in every case in which discovery reveals additional bases for claims. Trial can be limited to the trade secrets that are identified in Arconic's final interrogatory answer. But discovery cannot be so limited.

---

[1] Novelis' *ad hoc* request to limit discovery is not in its Motion and, therefore, not appropriate in any event in this context. Nor is there any reason to consider the issue now. Rather, Novelis' objection to discovery should be considered in the context of specific discovery requests not in the abstract.

*Fourth*, Novelis argues that Arconic's asserted trade secrets are publicly known and, thus, not trade secrets. Novelis' argument is wrong and neglects to consider "combination" secrets that consist of some public and some private information. Pooley Affidavit at ¶9. Moreover, Novelis' argument is irrelevant. As Novelis admitted, the purpose of trade secret identification is to "put a defendant on notice of the nature of the plaintiff's claims." Dkt. 75 at 3. Trade secret identification is just that – "identification." And <u>identification is not an adjudicative exercise</u>. *Gentex Corp. v. Sutter*, No. CIV A 3:07-CV-1269, 2008 WL 5068825, at *1 (M.D. Pa. Nov. 25, 2008) (declining to "measure the sufficiency . . . of whether the Plaintiff has identified the existence of a trade secret as a threshold matter" on a motion to dismiss). Pooley Affidavit at ¶9.

Novelis cannot challenge Arconic's trade secrets and turn this "identification" process into a trial on the merits. (Indeed, Novelis cannot dispute Arconic trade secrets at all because Novelis itself sought patent protection for these very same ideas.) As the same leading treatise referenced above states: "[I]dentification need not explain why the plaintiff believes the information is a trade secret (or how it differs from public knowledge)." Pooley, 11.02[2] (quoting *Brescia v. Angelin*, 172 Cal. App. 4th 133, 143-150, 90 Cal. Rptr. 3d 842, 845 (2009)). Trade secret identification is an interrogatory answer, not "a trial on the merits." *Gentex*, 2008 WL 5068825, at *1 (citations omitted).

As this Court has recognized, the "question of whether proprietary information constitutes a trade secret is an issue of fact, ordinarily resolved by the fact finder after a full presentation of the evidence." *Project Dev. Grp., Inc. v. O.H. Materials Corp.*, 766 F. Supp. 1348, 1355 (W.D. Pa. 1991), *aff'd*, 993 F.2d 225 (3d Cir. 1993); *Mattern & Assocs., LLC v. Latham & Watkins LLP*, No. CIV.A. 13-6592, 2014 WL 4804068, at *3 (E.D. Pa. Sept. 26, 2014) (same); *Pennfield Precision, Inc. v. EF Precision, Inc.*, No. CIV.A. 00-280, 2000 WL

1201381, at *4 (E.D. Pa. Aug. 15, 2000) (same); *ProtoComm Corp. v. Fluent, Inc.*, No. CIV. A. 93-0518, 1995 WL 3671, at *13 (E.D. Pa. Jan. 4, 1995) (same); *Cont'l Data Sys., Inc. v. Exxon Corp.*, 638 F. Supp. 432, 441 (E.D. Pa. 1986) (same). There is simply no basis to hear Novelis' challenge to the validity of Arconic's claimed trade secrets in the context of Arconic's trade secret identification. *See* Pooley Affidavit ¶¶7-9.

## CONCLUSION

For these reasons, Novelis' reply should be rejected and the case should move forward.

February 2, 2018

Respectfully submitted,

*s/ Mark A. Klapow*
Mark A. Klapow (*pro hac* vice)
MKlapow@crowell.com
Michael J. Songer (*pro hac* vice)
MSonger@crowell.com
Julia R. Milewski (*pro hac vice*)
JMilewski@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2500

Patricia L. Dodge
pld@muslaw.com
Antoinette C. Oliver
aco@muslaw.com
MEYER, UNKOVIC & SCOTT LLP
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-2315
Telephone: (412) 456-2800

*Attorneys for Plaintiff Arconic Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 2, 2018, the foregoing Plaintiff's Response to Defendants' Reply In Support of Its Motion for Trade Secret Identification was electronically filed and served upon counsel for the Defendants through the Court's ECF system:

>Charles Kelly
>*charles.kelly@saul.com*
>Michael J. Joyce
>*michael.joyce@saul.com*
>Saul Ewing Arnstein & Lehr LLP
>One PPG Place, 30th Floor
>Pittsburgh, PA 15222
>Tel: (412) 209-2500
>
>William F. Lee (*pro hac vice*)
>*william.lee@wilmerhale.com*
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA 02109
>Tel: (617) 526-6000
>
>Natalie Hanlon Leh (*pro hac vice*)
>*natalie.hanlonleh@wilmerhale.com*
>Wilmer Cutler Pickering Hale and Dorr LLP
>1225 Seventeenth St., Suite 2600
>Denver, CO 80202
>Tel: (720) 274-3135
>
>Mitchell G. Stockwell, Esq. (*pro hac vice*)
>*mstockwell@kilpatricktownsend.com*
>Charles A. Pannell, III, Esq. (*pro hac vice*)
>*cpannell@kilpatricktownsend.com*
>Vaibhav P. Kadaba, Esq. (*pro hac vice*)
>*wkadaba@kilpatricktownsend.com*
>Jeffrey H. Fisher, Esq. (*pro hac vice*)
>*jfisher@kilpatricktownsend.com*
>KILPATRICK TOWNSEND & STOCKTON LLP
>Suite 2800, 1100 Peachtree Street NE
>Atlanta, GA 30309-4528
>Tel.: (404) 815-6500

>>s/ Julia R. Milewski
>>Julia R. Milewski