## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARCONIC INC., | : | |
| | : | No. 2:17-CV-01434 |
| Plaintiff, | : | |
| | : | Chief District Judge |
| v. | : | Joy Flowers Conti |
| | : | |
| NOVELIS INC., | : | |
| NOVELIS CORP., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN RESPONSE TO
## ARCONIC'S SECOND MOTION FOR EXPEDITED DISCOVERY

Defendants Novelis Inc. and Novelis Corp. (together, "Novelis") submit this Memorandum of Law in Response to Arconic Inc.'s ("Arconic") Second Motion for Expedited Discovery (Dkt. 77) (the "Second Motion").

## INTRODUCTION

Arconic's Second Motion for Expedited Discovery provides no new facts or argument justifying what is essentially a motion for reconsideration of its earlier motion (Dkt. 17) (the "First Motion"), which was denied. *See* Special Master Report and Recommendation #2, Jan. 19, 2018 (Dkt. 69) ("R&R #2"), *adopted by* Order, Feb. 5, 2018 (Conti, C.J.) (Dkt. 82). While its requested discovery is slightly different, Arconic notably has failed to address the lack of "good cause" as identified by the Court in Arconic's earlier motion. In resolving that motion, the Court adopted the Special Master's Report and Recommendation, which states:

> At the present time, Arconic does not proffer a factual basis to believe that there will be imminent disclosure of other as-yet unidentified trade secrets. The first step must be the identification of such additional claimed trade secrets that have not been embodied in the patent applications cited above. Once that occurs with sufficient clarity, then the Special Master will work with the parties on properly circumscribed discovery to determine if there are emergent issues on the horizon.

R&R #2 at 3.  ***Nothing has changed*** in this regard between Arconic's First and Second Motions.

First, Arconic has yet to take the "first step" identified by the Special Master.  Although in the interim Arconic proffered a purported "identification" of its trade secrets, that effort was woefully inadequate.  Aside from restating, virtually verbatim, every claim in Novelis's patent application without bothering to distinguish what aspects were in the prior art, Arconic provided three catch-all categories of "trade secrets" that contain even less specificity than its Complaint.  *See* Dkt. 75 at 2-4.   Accordingly, as with Arconic's First Motion, the Court is unable consider whether "good cause" for expedited discovery exists because Arconic continues to refuse to provide the factual predicate for its Second Motion.

Second, Arconic's repeated requests for expedited discovery before it has bothered to identify its trade secrets demonstrate that its Motions merely seek to gain an unfair litigation advantage.  That is, Arconic seeks to plunder Novelis's files, then claim *ipse dixit* that whatever it finds there are its "trade secrets."  But as Novelis has explained, and as this Court and numerous others have held, it is Arconic's burden to undertake the work of reviewing its own files first and identifying its own trade secrets—something Arconic should have done long ago.  *See* Dkt. 30 at 2 ("Arconic's rush for discovery, then, can only have been designed as the prototypical 'fishing expedition' that has been routinely criticized in trade secret cases: find out what the defendant is doing first, then claim it is a 'trade secret.'").  Arconic's "I'll know it when I see it in your files" approach to trade secret litigation is without any legal support and should be rejected.  Moreover, Arconic's Proposed Order would require Novelis to produce documents responsive to nine separate document requests ***within 15 days***, and a 30(b)(6) witness ***within 20 days***, well before Arconic would be required to respond to any discovery requests that will be served by Novelis after the Rule 26(f) conference on February 21, 2018.  Dkt. 77–4 (Proposed Order); Second Mot.

- 2 -

at 2 (identifying nine discovery requests).  There is no reason to grant Arconic this litigation advantage of one-sided discovery.

Third, Arconic's Second Motion fails for another of the same reasons that warranted denying its First Motion:  there is no need to expedite here.  Other than manufactured hype, Arconic has been aware of Novelis's patent application for well over a year.  Arconic should not be permitted to sit on its hands for months, then demand immediate, one-sided expedited discovery from Novelis.

Fourth, Arconic's Second Motion is largely moot.  The parties already have agreed to a Rule 26(f) conference on February 21.  At that time, ***both*** parties will be able to conduct discovery, in the normal course, under the normal rules, fairly.  Arconic has not established any justification for something different, and its Motion should therefore be denied.

## ARGUMENT

"Formal discovery generally is not permitted without a court order before the parties have conferred pursuant to Fed. R. Civ. P. 26(f)."  *See Rotten Records, Inc. v. Doe*, No. CIV.A. 15-1267, 2015 WL 6002794, at *1 (W.D. Pa. Oct. 14, 2015) (Eddy, J.).  Expedited discovery can only be granted "if good cause exists to do so." *Exclusive Supplements, Inc. v. Abdelgawad*, No. CIV.A. 12-1652, 2013 WL 160275, at *1 (W.D. Pa. Jan. 15, 2013) (Bissoon, J.).

Under this standard, the court must consider whether "the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant." *Samuel, Son & Co., v. Beach*, No. CIV.A. 13-128, 2013 WL 4855325, at *3 (W.D. Pa. Sept. 11, 2013) (Fischer, J.) (citation omitted).  Arconic cannot meet this standard and the Second Motion should be denied.

## I.   Arconic Has Not Met the "First Step" of Identifying Its Trade Secrets.

Arconic's Second Motion fails because Arconic did not identify the trade secrets at issue as required in the Special Master's Report and Recommendation #2. There, the Special Master ruled, and the Court confirmed, that the "first step" for the discovery Arconic now seeks "must be the identification of such additional claimed trade secrets that have not been embodied in the patent applications." *See* R&R #2 at 3.  Arconic actually admits in its Second Motion that it has failed to identify any such trade secrets, instead asserting that Arconic has only "identified *areas* in which Arconic has trade secrets not covered by Novelis's patent applications."  Second Mot. at 3. (emphasis added).  In other words, while Arconic alleges that it knows what specific trade secrets it owns (a position that is increasingly untenable given Arconic's failure to identify its trade secrets more than three months after it filed the Complaint), Arconic again seeks to force Novelis and the Court to guess what those purported trade secrets are from the broad "areas" of information Arconic has selected.  These games have gone on long enough.  Arconic has no excuse for failing to identify its trade secrets (if it knows what they are).

Arconic asserts that "[i]t would be impossible" to identify all its trade secrets contained within these "areas."  Second Mot. at 3.  If Arconic's statement is true, then Arconic's Complaint must be dismissed as discussed in Novelis's Motion to Dismiss:  there can be no trade secret litigation when the plaintiff says it is "impossible" to identify its trade secrets.  Indeed, if Arconic cannot articulate its own process now, Arconic can hardly claim that it was able to articulate that supposedly impossible-to-describe process to Novelis in the past.  But Arconic's statement is not true:  the A951 process involves finite steps, and Arconic's knowledge as to its own A951 process can be articulated.  Presumably for tactical reasons, Arconic has simply refused to articulate the trade secret portions of its process, and has thus fallen far short of the "reasonable particularity" standard.  *See* January 10, 2018 Hearing Tr. at 51:12–15 (Hochberg, J.) ("what I'm asking you is,

if you want to start somewhere, I'm suggesting you start with a tailored description of whatever you – your only client believes is a trade secret that is not in the '440"); *see also* Dkt. 75 (Arconic has fallen short of the "reasonable particularity" standard, as articulated in *Hill v. Best Medical International, Inc.*, No. CIV.A 09-1194, 2010 WL 2546023, at \*3 (W.D. Pa. June 24, 2010) (Standish, J.)).

More specifically, the "areas" Arconic has set forth are not "limited" by any definition of the word. Arconic seeks expedited discovery on such broad categories as "the success or failure of any tests of A951" and "trial run conditions for such tests of A951." Second Mot. at 2. As an initial matter, those requests are not even limited to what Arconic provided to Novelis, and instead seek Novelis's own proprietary information. Even if its requests were limited to what Arconic itself provided, as a practical matter, it would be impossible for Novelis to adequately prepare a 30(b)(6) designee to testify on these broad "areas," especially on an expedited basis. *See* Fed. R. Civ. P. 30(b)(6) (the party noticing a Rule 30(b)(6) deposition "must describe with reasonable particularity the matters for examination."). These general references to broad categories of information related to A951 do not put Novelis on notice of Arconic's claimed trade secrets. *See Hill*, 2010 WL 2546023, at \*3 ("'Reasonable particularity' has been defined as a description of the trade secrets at issue that is sufficient to (a) put a defendant on notice of the nature of the plaintiff's claims and (b) enable the defendant to determine the relevancy of any requested discovery concerning its trade secrets.").

Moreover, all of the "areas" Arconic has identified include information publicly disclosed in Arconic's own prior patents. Arconic must identify its alleged trade secrets with enough detail to distinguish them from publicly disclosed information. *See United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, 289 F.R.D.244, 249 (W.D. Tex. 2013), *aff'd*, No. CIV.A. SA-12-CA-282, 2013 WL

1867417 (W.D. Tex. Apr. 24, 2013).  For example, Arconic states it needs discovery to protect an unknown trade secret in the "area" of the "rinse temperatures for the A951 process."  Second Mot. at 2.  But Arconic previously disclosed to the world its rinse temperatures for A951 process in its '030 patent: "The rinse water preferably has a temperature of ***about 170• F – 180• F***."  Dkt. 32-8 at 5 (emphasis added).  Likewise, Arconic says it needs to protect a trade secret in the "area" of "the use of de-oxidizer in the A951 process."  Second Mot. at 2.  But Arconic's '609 patent disclosed to the world the use of de-oxidizer: "The sheet is immersed in an acid bath containing phosphoric acid at a concentration of about 4 vol. %.  ***The acid dissolves magnesium and aluminum oxides from the sheet surface layer***. . . . Oxide particles removed from the sheet are deposited in both baths.  The acid-treated sheet has an oxide surface layer thickness of about 55 angstroms.  The Mg/Al atomic ratio is about 0.20."  Dkt. 32-9 at 5 (emphasis added).  If Arconic has trade secrets in these "areas" other than its public disclosures, Arconic must make that clear as a first step prior to discovery, especially ***expedited*** discovery.

## II.    Arconic Has Not Proffered a Factual Basis to Believe there is any Imminent Disclosure of Its Unknown Trade Secrets.

In denying Arconic's First Motion for Expedited Discovery, the Special Master held Arconic had not provided "a factual basis to believe" there would be an imminent disclosure of Arconic's trade secrets.  R&R #2 at 3.  On this point, Arconic's Second Motion provides nothing new and should also be denied.  Arconic has not and does not now provide any basis to believe that Novelis is steps away from making a disclosure of Arconic's yet-to-be-identified trade secrets.

Faced with the Special Master's finding that Arconic's year-long delay in bringing this lawsuit undercut its First Motion, *see id.* ("Arconic does not have a good answer to explain why it waited over one year from the time that Novelis' '384 patent application was published before filing the Complaint in the present lawsuit."), Arconic now resorts to manufacturing a crisis

demanding immediate response through a transparently circular argument as follows:  Having had its First Motion for Expedited Discovery denied, Arconic sent a letter to Novelis demanding that Novelis agree, within twenty-four hours, to the expedited discovery it now seeks.  Dkt. 77-2.  Thus, having failed to prevail on its motion, Arconic demanded expedited discovery, and now claims that Novelis's refusal to provide it presents the exigent circumstances that warrant its motion. Novelis, however, has no obligation to provide Arconic with expedited discovery, and Novelis's adherence to normal federal court practice cannot manufacture good cause for a motion to expedite.  And nothing in Arconic's letter suggests any basis to believe Novelis has or will disclose Arconic's "secrets."

Arconic's vague assertions that Novelis is making disclosures to unnamed "third parties" likewise fails.  As the Special Master has already acknowledged, Novelis's foreign patent applications contain the same information as the Novelis '384 patent application and corresponding PCT patent application.  *See* R&R #2 at 2 ("Although Novelis has more recently filed additional foreign equivalent patent applications, those disclosures are identical to the earlier November 2016 published applications.").

Finally, Arconic presupposes victory, claiming that "good cause exists" for its expedited discovery because of "Novelis's past history of disclosing trade secrets."   Second Mot. at 3. Arconic may *allege* Novelis's patent application disclosed its trade secrets, but that does not make it true.  The Court cannot grant relief on this basis, or else every plaintiff would be entitled to expedited discovery merely because they allege in a conclusory complaint that the defendant did something wrong.  Arconic has failed to provide any basis—because there is none—to suggest Novelis will make any imminent disclosure of any Arconic trade secrets.

## CONCLUSION

Arconic and Novelis are on the cusp of discovery in the regular course.  Arconic and Novelis have agreed to conduct a Rule 26(f) conference on February 21, 2018 in Pittsburgh, with Special Master Hochberg presiding, after which discovery may begin.  *See* Fed. R. Civ. P. 26(d)(1). Under these circumstances, there is no good cause to grant Arconic's Second Motion for Expedited Discovery in lieu of discovery in the normal course that is imminent.  Accordingly, Arconic's Second Motion should be denied in its entirety.


                              Respectfully submitted,

                              **NOVELIS INC. AND NOVELIS CORP.,**
                              **DEFENDANTS**

Dated: February 12, 2018      /s/ *Natalie Hanlon Leh*
                              Natalie Hanlon Leh, *pro hac vice*
                              natalie.hanlonleh@wilmerhale.com
                              WILMER CUTLER PICKERING HALE AND
                              DORR LLP
                              1225 Seventeenth St.
                              Suite 2600
                              Denver, CO 80202
                              Tel: (720) 274-3135
                              Fax: (720) 274-3133

                              William F. Lee, *pro hac vice*
                              william.lee@wilmerhale.com
                              Mark G. Matuschak, *pro hac vice*
                              mark.matuschak@wilmerhale.com
                              WILMER CUTLER PICKERING HALE AND
                              DORR LLP
                              60 State Street
                              Boston, MA 02109
                              Tel: (617) 526-6000
                              Fax: (617) 526-5000

                              Charles Kelly
                              charles.kelly@saul.com
                              Michael J. Joyce
                              michael.joyce@saul.com

SAUL EWING ARNSTEIN & LEHR LLP
One PPG Place, 30th Floor
Pittsburgh, PA 15222
Tel: (412) 209-2500
Fax: (412) 209-2539

Mitchell G. Stockwell
Charles A. Pannell, III
Vaibhav P. Kadaba
Jeffrey H. Fisher
KILPATRICK TOWNSEND & STOCKTON LLP
Suite 2800, 1100 Peachtree Street NE
Atlanta, GA  30309-4528
Tel.: (404) 815-6500
mstockwell@kilpatricktownsend.com
cpannell@kilpatricktownsend.com
wkadaba@kilpatricktownsend.com
jfisher@kilpatricktownsend.com

*Attorneys for Defendants Novelis*
*Inc. and Novelis Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2018, the foregoing document was electronically filed and served upon counsel for the Plaintiff through the Court's ECF system:

Mark A. Klapow
Michael J. Songer
Julia R. Milewski
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Patricia L. Dodge
Antoinette C. Oliver
MEYER, UNKOVIC & SCOTT LLP
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-2315

*Counsel for Plaintiff Arconic Inc.*

/s/ *Natalie Hanlon Leh*
Natalie Hanlon Leh

- 10 -