IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ARCONIC INC., | : | |
| | : | |
| | : | CIVIL ACTION NO. 2:17-cv-1434-JFC |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| NOVELIS INC., | : | |
| | : | |
| and | : | |
| | : | |
| NOVELIS CORP., | : | |
| | : | |
| Defendants. | : | |

### FED. R. CIV. P. 26(f) REPORT OF THE PARTIES

The parties hereby provide their Fed. R. Civ. P. 26(f) report as follows:

1.      Identification of counsel and unrepresented parties.

**Plaintiff:**
Arconic Inc.

**Counsel for Plaintiff:**
Patricia L. Dodge
Antoinette C. Oliver
MEYER, UNKOVIC & SCOTT LLP
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-2315
Tel: (412) 456-2800
Fax: (412) 456-2864

Mark A. Klapow (*pro hac* vice)
Michael J. Songer (*pro hac* vice)
Julia R. Milewski (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2975
Fax: (202) 628-5116

**Defendants:**
Novelis Corp. & Novelis Inc.

**Counsel for Defendants:**
Charles Kelly, Esq.
charles.kelly@saul.com
Michael J. Joyce, Esq.

Michael.joyce@saul.com
SAUL EWING ARNSTEIN & LEHR
LLP
One PPG Place, 30th Floor
Pittsburgh, PA 15222
Tel: (412) 209-2500
Fax: (412) 209-2582

William F. Lee (*pro hac vice*)
william.lee@wilmerhale.com
Mark G. Matuschak *(pro hac vice)*
mark.matuschak@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Natalie Hanlon Leh (*pro hac vice*)
natalie.hanlonleh@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Tel: (720) 274-3135
Fax: (720) 274-3133

Mitchell G. Stockwell (*pro hac vice*)
mstockwell@kilpatricktownsend.com
Charles A. Pannell (*pro hac vice*)
cpannell@kilpatricktownsend.com
Jeffrey H. Fisher (*pro hac vice*)
jfisher@kilpatricktownsend.com
Vaibhav P. Kadaba (*pro hac vice*)
wkadaba@kilpatricktownsend.com
KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309
Tel: (404) 815-6500
Fax: (404) 815-6555

2.    Set forth the general nature of the case (patent, civil rights, anti-trust, class
      action,  etc.):

2

**Arconic alleges claims for theft of trade secrets, breach of two contracts based on misuse of confidential information, and declaratory judgment regarding the scope of a license agreement, among other claims.**

**Novelis denies Arconic's allegations, and asserts counterclaims for breach of contract based on improper termination, price manipulation, failure to disclose ion exchange technology and interference with Novelis' rights to its own improvements, breach of the covenant of good faith and fair dealing, tortious interference, unfair competition, and declaratory judgment regarding the license of the U.S. Patent No. 6,020,030.**

3.    Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:

**The Rule 26(f) conference was held on February 21, 2018 at approximately 2:30 p.m. in person in Pittsburgh among Mark Klapow, Julia Milewski, Patricia Dodge, Natalie Hanlon Leh, William  Lee, Charles Kelly, and Mitchell Stockwell.**

4.    Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:

**The Rule 16 Initial Scheduling Conference is scheduled to be held on April 3, 2018 at 4:30 p.m.**

5.    Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:

**Novelis filed a motion to dismiss the complaint under Fed. R. Civ. P. 12 on December 29, 2017, which is fully briefed.**

6.    Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:

**The parties have agreed on mediation as their preferred ADR method with Thomas Frampton at Goehring, Rutter & Boehm as mediator. Both parties require discovery to participate in a meaningful way.**

7.     Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:

**Neither party proposes any changes to be made in the timing, form or requirements of Fed. R. Civ. P. 26(a) disclosures at this time.**

8.     Subjects on which fact discovery may be needed:

**Arconic requires discovery on the following subjects, among others: Novelis' use of the A951 process; Novelis' alleged "improvements" to the A951 process, if any; Novelis' receipt of confidential or proprietary materials on A951; Novelis' patents and applications; Novelis' alleged inventorship; Novelis' development, use, research, and patenting of any aluminum pretreatment process; Novelis' work for Ford using the A951 process; the Ion Exchange Process; Novelis' prior attempts, including any failures, to develop an aluminum pretreatment process; and former Arconic employees with knowledge of A951 now at Novelis including Todd Summe and Luis Vega.**

**Novelis requires discovery on the following subjects. Among others: Arconic's trade secrets and confidential information that form the bases of its claims, if any; policies, procedures, and practices regarding how Arconic protected its trade secrets and confidential information; Arconic's disclosure of its trade secrets and confidential information to any third party; Arconic's work for Ford using the A951 process; Arconic's relationship with Chemetall or any others who are licensed to use any part of the A951 process; Arconic's patents and applications on A951 and related technologies,**

4

**including the Ion Exchange Process and U.S. Patent Application No 15/708,798;**

**Arconic's alleged inventorship of A951 and related technologies, including the Ion**

**Exchange Process; Arconic's awareness of the Novelis patent applications; the reason(s)**

**for initiating this lawsuit; the derivation proceeding, including reason(s) for initiating**

**the proceeding; and Arconic's communications with and regarding Elliot Management,**

**including as relates to Arconic's proxy fight with Elliot Management, the A951 license,**

**and the various Novelis and Arconic patents related to this litigation.**

**By executing this report, neither party shall be deemed to (1) have waived the**

**right to conduct discovery on subjects not listed herein or (2) be required to first seek**

**the permission of the Court to conduct discovery with regard to any subjects.**

9.    Scheduled Status Conferences Before Special Master Hochberg, and Suggested Discovery Deadlines:

   a.    Status Conference Before Special Master Hochberg: **March 5, 2018.**[1]

   b.    Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made: **March 7, 2018.**

   c.    Status Conference Before Special Master Hochberg: **April 3, 2018.**

   d.    Status Conference Before Special Master Hochberg: **May 7, 2018.**

   e.    Date by which any additional parties shall be joined: **May 10, 2018.**

   f.    Date by which the pleadings shall be amended: **May 10, 2018.**

   g.    Status Conference Before Special Master Hochberg: **June 11, 2018.**

   h.    Date by which fact discovery should be completed: **November 1, 2018.**[2]

   i.    The parties agree that Special Master Hochberg shall set the following

---

[1] The Status Conferences before Special Master Hochberg were scheduled by Special Master Hochberg through the Special Master Scheduling Order #1, dated December 29, 2017.  This Rule 26(f) Report does not include the Status Conference that was scheduled for February 5, 2018, as that Conference has already been held.
[2] If trade secret identification is completed sooner than permitted by Special Master Hochberg, the parties agree to discuss moving up the fact discovery deadline.

deadlines within 14 days after the close of fact discovery:

- Platiniff's expert report(s)

- Defendants' expert report(s)

- Deposition of plaintiff's expert(s)

- Deposition of defendants' expert(s)

10.    If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

**At this time there are no agreed or proposed changes to the limitations of**

**discovery that are imposed by the Federal Rules of Civil Procedure or by Local Rule.**

11.    Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

a.    **ESI.**  Is either party seeking the discovery of ESI in this case?
       x  Yes        □  No  [If "No," skip to sub-part (e) below.]

b.    **ESI Discovery Plan**.  The parties agree to submit an agreed-upon ESI discovery plan no later than **March 21, 2018**, but the parties agree to discuss changes to the ESI discovery plan after Arconic submits its trade secret disclosure.

c.    **Preservation.**  The parties will provide a mutually-agreed upon protocol for the preservation for the preservation of electronic data and/or potentially relevant ESI.

d.    **ADR.**  Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution (ADR) in this case?
       X  Yes        □  No

e.    **Clawback Agreement.**  The parties have reviewed F.R.C.P. 26(b)(5),  F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

       □ Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the local Rules and filed with this Report.
       X  Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.
       □ Are unable to agree on appropriate non-waiver language.

     **f.**        **EDSM and E-Mediator.**  Does any party believe that the appointment of an E-Discovery special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case?  For further information, see the Court's official website at http://www.pawd.uscourts.gov.

                □  Yes        X  No

     **g.**        **Other.**  There are no other outstanding disputes concerning any ESI issues.

**12.**     Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery:

        **The parties shall conduct a conference before Special Master Hochberg within 14 days after the close of fact discovery.**

**13.**     Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

        **The parties agree to submit at an appropriate time for the Court's approval a jointly-drafted protective order protecting expert work product from discovery.**

**14.**     Set forth whether the parties anticipate that the court may have to appoint a special  master to deal with any matter and if so, specify the proposed role of any such master  and any special qualifications that such master may require to perform such role:

        **The Court has appointed Judge Faith Hochberg as Special Master.**

**15.**     If the parties have failed to agree with regard to any subject for which a report is required  as set forth above, except for proposed dates required in paragraph 9, above, briefly set  forth the position of each party with regard to each matter on which agreement has not  been reached:

        **The parties have agreed as to all matters set forth herein.**

**16.**     Set forth whether the parties have considered the possibility of settlement of the action  and describe briefly the nature of that consideration:

        **Not at this time.**

March 7, 2018                                          Respectfully submitted,

                                                 **s/ Mark A. Klapow**

                                                 Mark A. Klapow (*pro hac* vice)

                                               Michael J. Songer (*pro hac* vice)

                                               Julia R. Milewski (*pro hac vice*)

CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2975
Fax: (202) 628-5116

Patricia L. Dodge
Antoinette C. Oliver
MEYER, UNKOVIC & SCOTT LLP
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-2315
Tel: (412) 456-2800
Fax: (412) 456-2864

*Attorneys for Plaintiff Arconic Inc.*

**/s/ Charles Kelly**
Charles Kelly
*charles.kelly@saul.com*
Michael J. Joyce
*michael.joyce@saul.com*
Saul Ewing Arnstein & Lehr LLP
One PPG Place, 30th Floor
Pittsburgh, PA 15222
Tel: (412) 209-2500
Fax: (412) 209-2539

William F. Lee (*pro hac vice*)
*william.lee@wilmerhale.com*
Mark G. Matuschak (*pro hac vice*)
*mark.matuschak@wilmerhale.com*
Wilmer Cutler Pickering Hale and Dorr
LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Natalie Hanlon Leh (*pro hac vice*)
*natalie.hanlonleh@wilmerhale.com*
Wilmer Cutler Pickering Hale and Dorr
LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Tel: (720) 274-3135
Fax: (720) 274-3133

Mitchell G. Stockwell (*pro hac vice*)
*mstockwell@kilpatricktownsend.com*
Charles A. Pannell, III (*pro hac vice*)
*cpannell@kilpatricktownsend.com*
Vaibhav P. Kadaba (*pro hac vice*)
*wkadaba@kilpatricktownsend.com*
Jeffrey H. Fisher (*pro hac vice*)
*jfisher@kilpatricktownsend.com*
KILPATRICK TOWNSEND
& STOCKTON LLP
Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528
Tel: (404) 815-6500
Fax: (404) 815-6555

*Attorneys for Defendants Novelis Inc.
and Novelis Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March 2018, a copy of the foregoing Fed. R. Civ. P. 26(f) Report of the Parties was served upon the parties through the Court's ECF system.

s/ Julia R. Milewski
Julia R. Milewski
