March 9, 2018

**By ECF**

Natalie Hanlon Leh

+1 720 274 3160 (t)
+1 720 274 3133 (f)
natalie.hanlonleh@wilmerhale.com

Honorable Faith Hochberg
Special Master
*Judgehochberg@judgehochberg.com*

Re: *Arconic Inc. v. Novelis Inc.*, Case No. 2:17-cv-1434 (W.D. Pa.)

Dear Judge Hochberg:

On behalf of Defendants Novelis Inc. and Novelis Corp. (together, "Novelis"), I submit this letter brief, as requested, regarding the law concerning notice and opportunity-to-cure contractual provisions, in further support of Novelis's Motion to Dismiss (Dkt. 53).

As an initial matter, contractual provisions requiring notice of default and an opportunity to cure are enforceable. *See, e.g.*, *Greylock Arms, Inc. v. Kroiz*, 879 A.2d 864, 867 (Pa. Commw. Ct. 2005) (plaintiff improperly failed to provide notice of default and opportunity to cure before filing suit, as required by governing agreement); *Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 83 F.Supp.2d 602, 608 (D. Md. 2000) (where contract required written notice and opportunity to cure, court held as a matter of law that plaintiff "relinquished, under the express terms of the [contract], any right to withhold from [defendant] written notification of a breach.").

It is true that, when a party to a contract seeks to sue for damages, some courts have held that the contract must specifically say that the notice and opportunity-to-cure provision is a condition precedent. *See, e.g.*, *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11-CV-00726 CBA RLM, 2013 WL 5502852, at *8 (E.D.N.Y. Oct. 1, 2013) ("[C]ontractual notice-and-opportunity-to-cure provisions that have been construed by courts to create conditions precedent to claims for breach of contract have ... contained language explicitly incorporating

litigation-related terms such as 'action' or 'remedy' or 'damages.'"); *Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*, No. 10 CIV. 4933 ALC GWG, 2013 WL 81263, at *12 (S.D.N.Y. Jan. 8, 2013) ("[T]he Contract requires notice and opportunity to cure when a party seeks termination. There is no language making such action a condition precedent to filing a counterclaim."); *Hypergraphics Press, Inc. v. Cengage Learning, Inc.*, No. 08 C 5102, 2009 WL 972823, at *3 (N.D. Ill. Apr. 8, 2009) ("This Court concludes that in order for notice and opportunity to cure to be a condition precedent to filing suit on the claim, the contract must so state.").

On the other hand, a notice and opportunity-to-cure provision **does bar termination of the contract**, and the remedy for failure to comply with that provision is a breach of contract claim. Accordingly, a plaintiff who terminates without first complying with such a provision is liable for damages in a breach of contract counterclaim brought by the defendant. *See, e.g., Ixe Banco, S.A. v. MBNA America Bank, N.A.*, No. 07 Civ. 0432 LAP, 2008 WL 650403, at *11 (S.D.N.Y. Mar. 7, 2008) ("Under this contract, a 'declaration of default is a condition precedent not to suing for a breach of contract but to being authorized to terminate the contract immediately without liability to the other party.'"); *Hypergraphics*, 2009 WL 972823, at *3 (when plaintiff fails to provide contractually agreed upon notice, "the consequence" is "that defendant has a breach of contract claim against plaintiff"); *Point 4 Data Corp.*, 2013 WL 5502852, at *8 (notice and opportunity-to-cure provisions are "terms delineating the process by which plaintiffs ... must terminate the licenses in order to avoid incurring liability to [defendant]").

Moreover, the mere filing of a complaint cannot serve as a notice of breach contemplated by a notice provision. *See Medspan Shipping Serv., Ltd. v. Prudential Lines, Inc.*, 541 F. Supp. 1076, 1079 (E.D. Pa. 1982) ("The filing of a complaint does not serve the purpose which the parties intended written notice of default to serve. The complaint clearly claims default, but the filing of it does not afford the receiving party the opportunity to cure its default in a non-litigious manner. Instead, the complaint puts the parties and the world on notice that voluntary cure is unlikely and that the parties cannot solve their dispute without resort to the courts." (citation omitted)); *U.S. Bank Nat. Ass'n v. U.S. Timberlands Klamath Falls, L.L.C.*, No. CIV.A. 112-N, 2004 WL 1699057, at *3 (Del. Ch. July 29, 2004) (same (citing *Medspan*, 541 F. Supp. at 1079)); *see also Cornell Glasgow, LLC v. LaGrange Properties*, LLC, No. CIV.A. N11C-05016JRS, 2012 WL 6840625, at *13 n.1448 (Del. Super. Ct. Dec. 7, 2012) (plaintiff's post-complaint notice "missed the mark" since litigation had already commenced).

Pennsylvania recognizes that under certain circumstances, a party may forego a notice and opportunity-to-cure provision due to "futility." But this is true only "when there is a material breach of the contract so serious it goes directly to the heart and essence of the contract." *LJL Transp., Inc. v. Pilot Air Freight, Corp.*, 962 A.2d 639, 641 (Pa. 2009). The court's rationale was that notice would be a "useless gesture" when a breach "is so fundamentally destructive, it understandably and inevitably causes the trust which is the bedrock foundation and veritable lifeblood of the parties' contractual relationship to essentially evaporate." *Id.* at 652; *see also Cornell*, 2012 WL 6840625, at *13 (looking to New York law to find that "compliance with a

WILMERHALE

Honorable Faith Hochberg
March 9, 2018
Page 4

notice and cure provision is futile *only* when the defaulting party expressly and unequivocally repudiates the contract or where the actions of the defaulting party have rendered future performance of the contract by the non-defaulting party impractical or impossible" (emphasis added) (citing *Best Payphones, Inc. v. Manhattan Telec. Corp.*, 432 B.R. 46 (S.D.N.Y.2010))).

In applying this test, the Court of Appeals for the Third Circuit examined the nature of a breach which satisfies the test laid out in *LJL Transportation. See Milton Reg'l Sewer Auth. v. Travelers Cas. & Sur. Co. of Am.*, 648 F. App'x 215 (3d Cir. 2016). In that case, the Third Circuit observed that "the only case in which the Pennsylvania Supreme Court found a breach to be severe enough to justify immediate termination of a contract with a right-to-cure provision involved fraudulent conduct by one of the contracting parties." *Id. at 217.* The Third Circuit noted that *LJL Transportation* "relied heavily on two cases from other jurisdictions that likewise involved fraudulent conduct by a contracting party" *Id.* (citing *Olin v. Central Indus., Inc.*, 576 F.2d 642 (5th Cir.1978), and *Larken v. Larken City Ltd. P'ship*, 589 N.W.2d 700 (Iowa 1998)). No fraud is alleged, much less adequately pleaded, by Arconic Inc.

Some courts outside of Pennsylvania have recognized a separate but closely related basis for excusing compliance with a notice and opportunity-to-cure provision where providing it would not have made a difference in the outcome. *See, e.g., EDF Renewable Dev., Inc. v. Cty. of Suffolk*, No. CV 13-3361, 2016 WL 6804939, at *15 (E.D.N.Y. Nov. 17, 2016), *aff'd*, 693 F. App'x 42 (2d Cir. 2017) (even if plaintiff complied with notice-and-cure-provision, defendant still would have breached in same manner, and therefore any notice would have been "futile and unnecessary"); *see*

*also id.* ("New York common law does not require a chance to cure when doing so would amount to a useless gesture." (citation omitted)). As Novelis explained in its Reply, however, compliance with Section 8.2 of the License would have made a significant impact. *See* Dkt. 81 at 5 ("Had Arconic complied with the License, this lawsuit might have been avoided entirely, or at the very least, the 'it' of this lawsuit would have been clearly identified prior to the filing of the Complaint."); License, Section 2.2.1 (providing Novelis the opportunity to "demonstrate in writing" that its innovations were "in Novelis' possession prior to its receipt from Alcoa," including by affidavit).

Respectfully submitted,

Natalie Hanlon Leh

cc: All counsel of record (via e-mail)