IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO. 17-1434 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **NOVELIS INC.** *and* **NOVELIS CORP,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>SPECIAL MASTER REPORT AND RECOMMENDATION #4:
REGARDING THE MOTION TO UNSEAL FILED BY NOVELIS.</u>

Having reviewed the full briefing on this motion, and having held oral argument, the Special Master makes the following findings and recommendations regarding the sealing of submissions by the Parties.

<u>Procedural Background</u>

On January 4, 2018, Arconic, Inc. ("Arconic") filed an emergency motion to seal (Dkt. No. 57), which the Court granted on January 5, 2018, deferring the decision to unseal. (Dkt. No. 58) Specifically, Arconic sought and was initially granted leave to seal certain of Defendants Novelis, Inc. and Novelis, Corp. (collectively, "Novelis") exhibits, including Exhibits 1 and 2 to Dkt. No. 54 along with Exhibits 4, 5, and 6 to Dkt. No. 30. These exhibits comprise the disputed Novelis patent applications, ("the '440 US Publication"); International Patent Application ("the '963 International Publication") as well as an Australian national stage application (collectively, the "Patent Applications").

Novelis subsequently filed the present Motion to Unseal on January 9, 2018. (Dkt. Nos. 61, 62 (exhibits 1-4)). Arconic opposes. (Dkt. No. 78) The Special Master heard oral argument

on February 21, 2018, on the present Novelis Motion to Unseal along with three other related motions.[1]

Based on the complete set of briefs along with accompanying exhibits as well as the February 21, 2018 oral argument, the Special Master makes the following findings and recommendations with respect to sealing court documents. It is the intention of the Special Master to recommend the unsealing of those filings that include nothing that is not publicly available; while at the same time protecting from public disclosure Arconic's Derivation Petition and its future ability to comply with Report and Recommendation #3, by identifying its claimed trade secrets/confidential information at issue in this case.

The guiding principles are:

1. A party that alleges that its trade secrets/confidential information have been misappropriated should not have to identify to the world what its trade secrets are, by filing a public disclosure of them in its initial Complaint, which is a public document;
2. That party should, however, be required to identify its trade secrets/confidential information to the party whom it accuses of misappropriation of trade secrets, with sufficient particularity to enable the litigation to proceed in an orderly and fair fashion, giving the accused party the information it needs to defend itself and to comply with its discovery obligations;
3. Court filings that disclose those trade secrets/confidential information with reasonable particularity should be permitted to be filed under seal, because they have not been publicly disclosed; deserve the protection of sealing; and thus the interest of the party outweighs the public interest in access to judicial proceedings in such a case;
4. Conversely, Court filings that disclose no trade secrets beyond a patent application number that has been in the public domain for more than a year before a case is filed require a different balancing of interests. In such a case, the balancing of interests shifts in favor of the public interest in open judicial proceedings, and such documents should not be sealed. The protection of what is simply another means to find an already public document number is insufficient to meet the standard for sealing court documents.

**Analysis**

To override the "strong presumption" against sealing documents, the requesting party "bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677 (3d. Cir. 1988). "In delineating the injury to be prevented, specificity is essential. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3rd. Cir. 2001) (quotations omitted).

---

[1] Also pending are the Novelis Motion to Dismiss, the Novelis Motion for Trade Secret Identification, and the Arconic Renewed Motion for Expedited Discovery.

"The party seeking the closure of a hearing or the sealing of a transcript bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue. Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citations omitted).

The Western District of Pennsylvania applies the Third Circuit standards for sealing, although it often provisionally permits the filing under seal to be done until it has had the time to review whether or not the filing meets such standard. This practice is fair and logical.

Here, the primary disclosure in the pleadings and briefs filed to date are the patent application numbers of the Novelis patent applications, which have been publicly available for quite some time online. Anyone with a computer or smartphone can see them via any public search engine. With the exception of the court filings made by Arconic that disclose information from the derivation proceeding, the other information to date filed by Arconic and Novelis has been in the public domain for more than a year before this case was filed. That information does not meet the legal standard for sealing; however, court filings that disclose contents of the Derivation Petition, which is not publicly available, should continue to remain under seal. In addition, when Arconic files its document as ordered by Report & Recommendation #3, that actually identifies the trade secrets/confidential information that Arconic contends were misappropriated, that document is entitled to the protection of a sealing order.

In order for the docket clerk to execute this Opinion and Order, the parties shall meet and confer and inform the docket clerk as to which filings are to remain under seal, and which shall be unsealed.

Going forward, either party may file a document provisionally under seal, until the Special Master has had an opportunity to determine whether it is properly filed as a sealed document. The principal issue is not whether Novelis is harmed by the sealing of the document; the issue is that sealing is an exception to the public right of access to judicial records.

For the reasons stated above, the Special Master recommends that the Court:

**GRANT** Novelis' Motion to Unseal, with the exception of the non-public Derivation Petition, and the Parties are Ordered to meet and confer and give joint instruction to the docket clerk. If there is any dispute, it shall be presented to the Special Master for Report and Recommendation to the Court.

Respectfully submitted,


s/ Faith S. Hochberg                           March 14, 2018
Faith S. Hochberg, U.S.D.J. (Ret.)              Date:
Special Master