IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARCONIC INC., | ) | CIVIL ACTION NO. 17-1434 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| NOVELIS INC. and NOVELIS CORP, | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT & RECOMMENDATION # 7: RE: SECOND MOTION FOR EXPEDITED DISCOVERY

and

# Order

In the Special Master's Report & Recommendation #2, adopted by the Court, Arconic's original motion seeking expedited discovery was denied for failure to meet the requisite legal standard. The prior Report & Recommendation further explained that the "first step" required of Arconic, necessary to enable the Special Master and the Court to knowledgeably manage proportionate discovery, is to identify its trade secrets alleged to have been misappropriated. This step is necessary for any discovery regarding the trade secret claims to proceed.

As the prior ruling noted, the legal standard for obtaining expedited discovery was not met merely upon a showing that the '440 patent application had been filed by Novelis, because that action had occurred more than a year earlier. The renewed motion seeking expedited discovery [Dkt. # 84]

similarly lacks the requisite showing: It relies on a purported "trade secret identification" that simply cut and pasted the '440 patent application's claims into a new document, with three generic and imprecise added paragraphs alleging that prior employees had disclosed trade secrets, without stating what they were. As counsel acknowledged at oral argument, that filing provided no additional information to the Special Master about the identity of the claimed trade secrets than was known when the prior ruling on expedited discovery was rendered. [1]

This second effort to obtain expedited discovery thus fares no better, because the trade secret identification has still not happened. The parties in this case have been working in the technology field at issue for a long time; the mere demand for broad categories of documents in that field would yield huge terabytes of data, untethered to the as-yet unidentified trade secrets at issue here. In sum, the factual proffer of grounds upon which to seek expedited discovery is essentially unchanged from the landscape when the prior ruling was made.

The Rule 26(f) Conference has now been held; Report & Recommendation #3 has now been filed by the Special Master, requiring Arconic to identify it's trade secrets with reasonable particularity in a format set forth in Report & Recommendation #4. The filing has advance approval of the Special Master to be filed under seal, to protect that identification from the public domain.

Thus, there is an orderly process established for the preliminary steps to be taken in order to have discovery proceed in an efficient and fair manner. Discovery is ready to start just as soon as the Trade Secret identification is made; until that happens, it is unclear what areas of discovery would be

---

[1] While Arconic then issued a demand for numerous categories of documents within 15 days, plus a 30(b)(6) witness 5 days thereafter, any declination to respond to this demand does not itself meet the legal standard for expedited discovery because Arconic had not been granted the right to promulgate those expedited discovery demands.

relevant and proportional to this case. Moreover, in its most recent status conference on March 5, 2018, the Special Master secured the parties' agreement to ascertain whether there are other areas of discovery that do not depend upon knowing what trade secrets are alleged to have been misappropriated. The Special Master is willing to confer with the parties on short notice if there are disputes about discovery in those other areas.

For the foregoing reasons, it is recommended that the Second Motion For Expedited Discovery be denied, and the following Order is recommended:

## ORDER

WHEREAS Plaintiff Arconic, Inc. has filed a second Motion for Expedited Discovery [Dkt. #84]; and

WHEREAS Defendants have filed an opposition to the motion; and

WHEREAS the Special Master has reviewed all briefs filed and heard oral argument on such motion;

**IT IS THEREFORE ORDERED** that the Plaintiff's motion be **DENIED.**

Respectfully submitted,

S/ Faith S. Hochberg                March 22, 2018
Faith S. Hochberg, U.S.D.J. (Ret.)     Date
Special Master