IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO. 17-1434 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **NOVELIS INC.** and **NOVELIS CORP,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This hotly-contested case between business competitors involves alleged misuse of trade secrets and confidential information. The court appointed a special master to manage discovery and dispositive motions. (ECF No. 50).

On March 22, 2018, the special master issued Report and Recommendation #5 ("R&R #5") (ECF No. 92), which made recommendations concerning defendants' ("Novelis") motion to dismiss the original complaint. The Special Master also submitted a proposed order (ECF No. 93). The special master recommended that counts I and II be dismissed in part; counts III and IV be dismissed; and counts V, VI and VIII be dismissed with prejudice. Novelis did not seek dismissal of count VII. The special master recommended that Arconic be granted leave to amend counts I-IV.

The special master appointment order required that objections to a R&R be filed within fourteen days. Neither party objected to R&R #5. On April 16, 2018, Arconic filed an amended complaint (ECF No. 106).

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend its complaint once as a matter of course, but only (A) within 21 days after serving it; or (B) within 21 days of a responsive pleading or Rule 12(b), (e) or (f) motion to dismiss, whichever is earlier.  In all other situations, a party may amend its pleading only with the written consent of the opposing parties or leave of court.  Fed. R. Civ. P. 15(a)(2).

Arconic cannot amend its complaint as a matter of course because it is outside the applicable time limits.  Arconic neither sought leave of court nor provided notice of written consent from Novelis.  Arconic cannot rely on the special master's recommendation that it be given leave to amend counts I-IV, for two reasons: (1) the "court," not the special master, must give leave to amend under Rule 15; and (2) the amended complaint appears to exceed the scope of the special master's recommendation.  Arconic must show cause why the amended complaint should not be stricken.

Even if Arconic is permitted to amend its complaint, the legal reasoning in R&R #5 will govern future proceedings in this case.  As explained in *In re Intel Corporation Microprocessor Antitrust Litigation*, No. CA 05-485-JJF, 2010 WL 8591815, at *9 (D. Del. July 28, 2010), when parties "failed to take a Fed. R. Civ. P. 53 objection to the Special Master's Order, it became the law of the case."

Conclusion

On or before April 24, 2018, Arconic shall show cause why the amended complaint (ECF No. 106) should not be stricken. Novelis may respond on or before May 1, 2018. If the amended complaint is stricken, the court intends to adopt R&R #5 and Arconic may then file an amended complaint consistent with the adopted R&R #5.

SO ORDERED this 18th day of April, 2018.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge