IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARCONIC INC., | : |
|         Plaintiff, | :    No. 2:17-CV-01434 |
| v. | :    Chief District Judge |
| | :    Joy Flowers Conti |
| NOVELIS INC., | : |
| NOVELIS CORP., | : |
|         Defendants. | : |

**MEMORANDUM OF LAW IN OPPOSITION TO
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT BY ARCONIC, INC.**

Defendants Novelis Inc. and Novelis Corp. (together, "Novelis") submit this Memorandum of Law in Opposition to the Motion for Leave to File Amended Complaint (the "Motion" or "Mot.") by Arconic Inc. ("Arconic).

**INTRODUCTION**

On April 16, 2018, Arconic filed an Amended Complaint. Dkt. 106. Two days later, this Court issued an Order to Show Cause why Arconic's Amended Complaint should not be stricken. Dkt. 108. The Court identified two reasons why Arconic's Amended Complaint likely should be stricken: (1) the Court had yet to give Arconic leave to amend under Rule 15 of the Federal Rules of Civil Procedure; and (2) the Amended Complaint "appear[ed] to exceed the scope of the special master's recommendation [Report and Recommendation #5]." *Id.* at 2. Arconic did not contest either of the Court's findings and consented to the striking of its Amended Complaint. Dkt. 110.

On May 2, 2018, this Court granted Arconic limited leave to amend its Complaint to fix the issues the Special Master identified in Arconic's (currently dismissed) claims. *See* Dkt. 114 ("May 2 Order"). However, rather than file an Amended Complaint within the scope of the Court's limited leave, Arconic filed a motion seeking leave to amend its Complaint in a manner far beyond

what the Court's May 2 Order permits. Specifically, Arconic now seeks to introduce an entirely new legal claim that will improperly expand the scope of this case. Arconic's Motion provides no reasons why the May 2 Order grant of leave is insufficient, why these new allegations are warranted, or why Arconic's delay in asserting them should be excused. Indeed, Arconic possessed **all** of the information that forms the bases for these new allegations before it filed its original Complaint.

This Court should deny leave for three principal reasons discussed in more detail below. First, Arconic's motion is inconsistent with the May 2 Order, and if anything exacerbates the problem identified when this Court previously struck Arconic's amended complaint—it still exceeds the scope of the Special Master's Report and Recommendation #5 ("R&R #5"), Dkt. 92, which was adopted by this Court. Dkt. 113. The newly proposed complaint adds an entirely new legal theory that is unrelated to R&R #5 and unrelated even to Arconic's trade secrets. Second, the new theory articulated in the proposed complaint is futile: it turns the License on its head wrongly asserting that Novelis should have disclosed Novelis's **own** improvements to Arconic, even when Arconic never requested such. Third, the new legal theory would essentially require the parties, six months into this case, to start from scratch, and redo many of the steps that have already been taken in discovery to date, at significant cost and disruption. Accordingly, this Court should deny Arconic's Motion.

## BACKGROUND

Arconic filed this lawsuit over six months ago on the theory that Novelis's patent application (first published in 2016) wrongfully disclosed certain purported Arconic trade secrets or confidential information. Arconic's Complaint asserted claims for trade secret misappropriation, breach of the License and the NDA (on the theory of Novelis's wrongful

disclosure), unfair competition, conversion, declaratory judgment, and injunctive relief. Arconic's Complaint, however, never actually alleged the purported Arconic trade secrets or confidential information at issue. Arconic then spent the next several months arguing why it should not have to disclose this basic information so that Novelis and the Court would know what this case is allegedly about.

On March 22, 2018, the Special Master issued R&R #5 dismissing Arconic's two misappropriation claims and two breach of contract claims. *See* R&R #5 at 8, 17–18.[1] The Special Master also recommended that Arconic be granted leave to refile amended claims to address the specific deficiencies that R&R #5 identified with its Complaint. Specifically, Arconic was instructed to identify under seal all of the purported trade secrets and confidential information at issue, and then assert amended misappropriation and breach of contract claims that incorporated that sealed identification by reference.[2] *Id.* at 10, 17–18. The Special Master also recommended that Arconic separate out its breach of the License claim into two claims—one addressing trade secrets, the other addressing confidential information—"to avoid confusion . . . when the case is tried." *Id.* at 10. Thus, Arconic had the option to assert in separate counts that Novelis breached the License by allegedly (1) disclosing Arconic's trade secrets, and (2) disclosing Arconic's confidential information. *Id.* at 10–11.

---

[1] The Special Master also recommended that Arconic's unfair competition and conversion claims be dismissed with prejudice based on Pennsylvania's "gist of the action" doctrine. *Id.* at 13–15, 17–18. The Court adopted this recommendation and dismissed these claims. Dkt. 113; May 2 Order.

[2] Arconic was required to identify all the purported trade secrets and confidential information it alleged Novelis disclosed pursuant to the Special Master's Report and Recommendation #3, Dkt. 89 ("R&R #3"). However, Arconic's sealed trade secret identification violated R&R #3 in multiple ways, and Arconic cannot cure its deficient claims by simply incorporating its deficient trade secret identification. Novelis will present Arconic's failure to comply with R&R #3 in a separate forthcoming Motion to Strike.

Arconic did not object to R&R #5, and the Court adopted R&R #5 in full on May 2, 2018. Dkt. 113; May 2 Order. Because of Arconic's recalcitrance, the Court's May 2 Order was direct and specific, allowing Arconic leave to amend its Complaint only to: (1) reassert its misappropriation and breach of contract claims by incorporating a pleading identifying Arconic's trade secrets and confidential information, and (2) for clarity, separate its counts for Novelis's alleged breach of the License. *See* May 2 Order at 2.

Instead of proceeding in the fashion the Special Master and this Court directed, Arconic simply refiled the same Amended Complaint that this Court has already stricken from the record, with insubstantial differences such as removing Novelis confidential information and attaching a bare-bones motion. But Arconic's "new" filings do nothing to address what this Court already found problematic—that the Amended Complaint exceeds the scope of R&R #5. In particular, Arconic seeks to add to the Complaint an entirely new breach of contract claim and a slew of new facts. Nowhere does Arconic justify or explain why it should be granted leave to add these new allegations, or why it did not assert these allegations months ago in its initial Complaint. Arconic's Motion only states that these new facts and legal claim are being added "pursuant to Report and Recommendation #5's directive." Mot. at 2. That is incorrect. The new allegations have nothing to do with R&R #5. Arconic's proposed Amended Complaint once again, in the words of this Court, "appears to exceed the scope of the special master's recommendation [R&R #5]." Dkt. 108 at 2.

Arconic also seeks to add several new paragraphs mostly related to alleged emails between Arconic and Novelis. *See* Mot. Ex. 1 ¶¶ 51-54, 80-87, 90. Arconic possessed all of these emails when it filed it Complaint, in some cases for five years beforehand. Arconic does not explain why it failed to include these allegations in its initial Complaint, or why it needs to add these allegations

now.  Arconic also seeks to add allegations about how a Novelis employee contacted an Arconic employee to ask her about her "future plans."  *Id.* ¶ 93.  However, the Special Master already considered this claim and determined Arconic's Complaint failed to plausibly allege any "employee poaching."  R&R # 5 at 12 n.1.

## ARGUMENT

### I. The Court Should Deny Leave to Amend because Arconic Again Seeks to Exceed the Scope of R&R #5

As noted above, in its Order to Show Cause, this Court held that Arconic's previous Amended Complaint was improper because it "appear[ed] to exceed the scope of the special master's recommendation [R&R #5]."  Dkt. 108 at 2.  In filing its current Motion, Arconic did not address the Court's concern regarding the scope of R&R #5, and instead filed a proposed Amended Complaint that is essentially identical to the now stricken April 16, 2018 Amended Complaint that the Court found to "exceed the scope of" R&R #5 (Arconic's only change was to remove certain confidential information of Novelis).  Thus, the new Amended Complaint contains the ***same*** new and improper legal claim and allegations that the Court has previously rejected.  Because Arconic has simply refiled essentially the same amended complaint as the one this Court already struck from the record, this time with a cursory "motion" to accompany it, Arconic's motion should be denied.

### II. This Court Should Deny Arconic Leave to Amend because Arconic's Amendments Are Futile

The Court may deny Arconic leave to amend where Arconic's allegations are futile to support viable claims.  *See Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, No 15-cv-00499-JFC, 2017 WL 1001602 at *6 (W.D. Pa. Mar. 15, 2017) (Conti, C.J.) (quoting *Kenny v. United States*, 489 Fed.Appx. 628, 633 (3d Cir. 2012)).  "The standard for deciding whether claims are futile for the purpose of granting leave to amend a complaint is the same as a motion to dismiss."  *See Logan*,

2017 WL 1001602 at *6 (quoting *Markert v. PNC Fin. Servs. Grp., Inc.*, 828 F.Supp.2d 765, 771 (E.D. Pa. 2011)).  In deciding a motion to dismiss, the Court considers whether the movant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Logan*, 2017 WL 1001602 at *6 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

> 1. *Arconic's New Legal Claim is Based on an Unviable Interpretation of the License*

Arconic asserts that "Novelis has breached Section 2.2.1 of the License Agreement insofar as Novelis failed to demonstrate in writing that Novelis' alleged improvements to the A951 process reflect information and know-how already in Novelis' possession at the time the parties entered into the License Agreement."  Mot. Ex. 1 ¶ 125.  These allegations turn the License on its head, and cannot succeed as a matter of law.

First, Section 2.2.1 of the License never mentions anything about improvements.  Indeed, Section 2.2.3 of the License, which covers "Ownership of Improvements," states that "Each Party shall retain its ownership rights with respect to Improvements it develops independently of the other party." Dkt. 1-3 at 3.  Section 2.2.3 of the License did not require Novelis to demonstrate anything in writing.  Novelis's ownership of its own improvements under Section 2.2.3 is unqualified.

Second, Section 2.2.1 makes clear that it is merely an insurance measure to **protect Novelis's rights**.  This Section makes clear that while Arconic "retains all right, title and interest" in the A951 process (except for Novelis's improvements), *see* Dkt. 1-3 § 2.2.1, Novelis nevertheless "shall not be prohibited from using any elements of the methods, procedures, processes, or compositions that may be included in the Aloca 951 Pretreatment Process to the extent that any such elements . . . are anticipated and disclosed by Novelis technical and

commercial data," etc., *see id.*[3]  The affidavits referenced in Section 2.2.1 merely allow Novelis to prove to Arconic, if needed, that it has the right to use certain know-how, namely "operating experience and techniques," because it already possessed that know-how before Arconic conveyed the information.  It is undisputed that Arconic never requested such information before filing suit.  Nothing about the affidavits, the language of Section 2.2.1 in general, or plain common sense, suggests that this Section, which exists to protect Novelis, can somehow provide an independent claim for Arconic in this case.  Arconic's interpretation of the License is incorrect as a matter of law, and therefore the Court should deny Arconic's leave to amend as futile.

     2.  *Arconic's Additional Allegation is Futile and Inconsistent with R&R #5*

The Court also should deny Arconic leave to amend its Complaint to allege that in 2017 a Novelis employee contacted an Arconic employee to ask her about her "future plans."  *See* Mot. Ex. 1 ¶ 93.  This amendment would be futile because the new allegations do not support a viable claim.  Indeed, the Special Master already determined that Arconic "fail[ed] to plausibly allege employee poaching." R&R #5 at 12.  The Special Master's analysis already considered the allegation Arconic now wishes to add, in addition to the allegations currently in Arconic's Complaint.  *See id.* at 12 n.1 ("Even if this vague conversation had been alleged in the Complaint, it would still not have met the plausibility prong of the tort claim of 'employee poaching.'").  Arconic did not object to R&R #5, which became the law of this case.  *See* Dkt. 112 at 2 ("[T]he legal reasoning in R&R #5 will govern future proceedings in this case.") (citing *In re Intel Corp. Microprocessor Antitrust Litig.*, No. CA 05-485-JJF, 2010 WL 8591815, at *9 (D. Del. July 28, 2010) (when parties "failed to take a Fed. R. Civ. P. 53 objection to the Special Master's Order, it

---

[3] Under a motion to dismiss, the Court may properly consider the License because Arconic attached the License to its Complaint. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 559–60 (3d Cir. 2002).

became the law of the case")).  Arconic's proposed amendment would be inconsistent with the Special Master's prior unopposed order.  Accordingly, the Court should hold that adding this allegation would be futile because the Special Master already determined Arconic's claim was implausible.

**III.    Justice Does Not Require the Court to Grant Arconic Leave to Amend Its Complaint**

This Court also should deny this Motion because Arconic fails to satisfy Rule 15(a)(2) of the Federal Rules of Civil Procedure.  Under Rule 15(a)(2), leave to amend may be "freely give[n] . . . when justice so requires."  But the Court may properly deny leave to amend "based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, prejudice to the opposing party, and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

        A.    <u>The Court Should Deny Leave to Amend because of Arconic's Undue Delay</u>

The Court should deny the Motion because of Arconic's undue delay in seeking to amend its Complaint.  *See Mullin*, 875 F.3d at 151.  "[T]he question of undue delay requires that [the Court] focus on the movant's reasons for not amending sooner." *Cureton v. Nat'll Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  The Court should deny leave to amend "where the moving party offered no cogent reason for the delay in seeking the amendment." *CMR D.N. Corp.* v. *City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013).

Arconic's Motion offers no reason, let alone a cogent reason, why it has waited so long to seek leave to add these new allegations, particularly in a case where Arconic has so aggressively (and unsuccessfully) demanded expedited discovery.  Arconic possessed all the information it now seeks to add to its Complaint at the outset of litigation but has waited six months before filing its

Motion to file an amended complaint that ignores the Court's directives. This dilatory behavior takes place in the context of Arconic being aware of Novelis's patent application a full year before it even filed its (deficient) Complaint. No new facts have been uncovered in the course of this litigation that excuse Arconic's delays. Accordingly, the Court should find Arconic's unexcused delays to be undue and deny the Motion's request to amend.

### B. The Court Should Deny Arconic Leave to Amend because of Prejudice to Novelis

The Court also should deny the Motion based on the prejudice Arconic's amendments would cause to Novelis. *See Mullin*, 875 F.3d at 150;155. The Third Circuit evaluates prejudice by considering the hardship to the non-movant and "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273. Arconic's proposed Amended Complaint would introduce a new legal theory that would expand the scope of this case, leading to additional discovery, cost, and preparation.

For the last six months, Arconic has only asserted that Novelis's patent application wrongfully disclosed ***Arconic's*** trade secrets and/or confidential information, which Arconic claimed both breached the License and NDA and violated state and federal trade secret laws. Arconic's proposed Amended Complaint asserts alternatively that Novelis breached a new section of the License (Section 2.2.1) by disclosing Novelis's ***own*** improvements—a theory that notably has nothing to do with disclosure of Arconic's own identified trade secrets.

Arconic is correct that discovery in this case is in the early stages, but that glosses over the very real prejudice Novelis would face by adding this new legal theory. Novelis has spent the last six months diligently investigating Arconic's claims. Novelis's early litigation costs were compounded by Arconic's repeated refusal to identify what this case is about, *i.e.*, the trade secrets and/or confidential information Novelis allegedly disclosed. Apparently worried about its trade

secret and confidential information claims, Arconic now seeks to rewrite what this case is about. Novelis is well into investigating the entire five-year commercial history between the two companies, and Novelis has conducted numerous witness interviews and has reviewed tens of thousands of documents. Novelis and Arconic have both now responded to two rounds of interrogatories and document requests. Novelis is preparing witnesses in response to Arconic's Rule 30(b)(6) deposition notice. Granting Arconic's Motion and expanding this case to include Arconic's new legal theory would require Novelis to redo much of the work it has performed over the last six months. Novelis would be forced to go back and reinvestigate facts, re-interview witnesses, re-review documents, and serve new discovery. This additional burden on Novelis cannot be justified, especially when Arconic has not (and cannot) explain why it is asserting this new theory now.

### IV. Conclusion

For the foregoing reasons, the Court should deny Arconic Inc.'s Motion for Leave to File Amended Complaint.

Respectfully submitted,

**NOVELIS INC. AND NOVELIS CORP., DEFENDANTS**

Dated: May 29, 2018

/s/ *Natalie Hanlon Leh*
Natalie Hanlon Leh, *pro hac vice*
natalie.hanlonleh@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1225 Seventeenth St.
Suite 2600
Denver, CO 80202
Tel: (720) 274-3135
Fax: (720) 274-3133

William F. Lee, *pro hac vice*
william.lee@wilmerhale.com
Mark G. Matuschak, *pro hac vice*

mark.matuschak@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Joseph J. Yu, *pro hac vice*
joseph.yu@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

Charles Kelly
charles.kelly@saul.com
Michael J. Joyce
michael.joyce@saul.com
SAUL EWING ARNSTEIN & LEHR LLP
One PPG Place, 30th Floor
Pittsburgh, PA 15222
Tel: (412) 209-2500
Fax: (412) 209-2539

*Attorneys for Defendants Novelis Inc. and Novelis Corp.*