IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO. 17-1434 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **NOVELIS INC.** *and* **NOVELIS CORP,** | ) | |
| | ) | |
| Defendants. | ) | |

**SPECIAL MASTER REPORT & RECOMMENDATION # 8:
RE: TIME LIMITS FOR RULE 30(b)(6) DEPOSITIONS**

**Introduction**

On June 18, 2018, Defendants Novelis Inc. and Novelis Corp. (together, "Novelis") filed a letter brief requesting that the Court impose an equal time limitation on Novelis and Arconic for the total number of hours each party may use for Federal Rule of Civil Procedure 30(b)(6) depositions. (Dkt. 127.) Arconic filed a letter brief in response, taking the positions that Novelis's proposal is contrary to the Federal Rules and that a deviation from those rules would prejudice Arconic at this phase of the case. (Dkt. 128.) Novelis filed a short reply with permission from the Special Master. (Dkt. 134.)

Issuing a quick Report & Recommendation is essential on this issue because these depositions have started, with the next deposition to occur in early July. Having reviewed the parties' letter briefs, the Special Master recommends that the parties have reasonable limitations

in the total number of hours of Rule 30(b)(6) deposition time in this matter, tailored to their respective needs to develop evidence to support their claims and counterclaims.  The Special Master recommends that Arconic be given a limited number of additional hours to question Novelis Corp. about its role in the preliminary agreement between the parties, which was replaced by the Technology Access & License Agreement between Arconic and Novelis Inc. approximately ten months later.

For the reasons set forth below, the Special Master recommends that Novelis be limited to a total of 20 hours of Rule 30(b)(6) deposition, and that Arconic be limited to a total of 23.5 of Rule 30(b)(6) deposition, with the additional 3.5 hours given for Arconic to pursue questioning specific to the respective roles of the Novelis entities in the events on which the Complaint is premised.  Any deposition time used to date would count toward Arconic's total hours.

## Discussion

As both parties acknowledge, the present dispute arises from (i) the fact that Arconic named two Novelis entities as parties to this litigation, and (ii) that under the Federal Rules, Arconic is permitted to notice a corporate deposition of each Novelis entity and to depose each designee for up to seven hours each.  In objecting to Novelis's request for a time limitation, Arconic argues that "there are clear rules that control the issue and changing those rules in the middle of the litigation is prejudicial."  (Dkt. 128 at 2.)  In particular, Arconic has already used one day of deposition on a Novelis Corp. designee and plans to use a second day on another Novelis Corp. witness on July 11.  As Novelis points out, the result could be Novelis being limited to seven hours of testimony from a single Arconic corporate representative, while Novelis designees could sit for over twenty hours of deposition.  (Dkt. 127 at 2.)

Both parties also agree that upon a showing of "good cause," the Court may deviate from the ordinary operation of the rules for Rule 30(b)(6) depositions and impose hourly, or other, limitations. (*Id.* at 2 n.2; Dkt. 128 at 1 (quoting Fed. R. Civ. P. 30, 2000 Amendment Committee Notes).) Given the issues and the parties in this case, the Special Master finds that there is good cause for a limitation of the total Rule 30(b)(6) deposition hours here.

*First*, based on the allegations in the Complaint, there is only one Novelis entity at the heart of this dispute. Report & Recommendation No. 5 observed that the Complaint contained "no allegations of specific misconduct by 'Corp.'" (R&R#5 at 15.) The Special Master nonetheless found that dismissing Novelis Corp. would be "premature" because Arconic should be permitted to conduct "reasonably tailored and proportionate discovery" to determine Novelis Corp.'s role in the case, if any. (*Id.*) This limited, exploratory discovery is not tantamount to taking discovery of an entirely separate party requiring twice (or more) deposition time.

*Second*, allocating a specific, dedicated time for Arconic to explore questions of corporate structure and role, rather than unlimited and unstructured time to depose both Novelis entities, avoids the inefficiencies of asking the same questions of both Novelis Inc. and Novelis Corp., when the latter may have had little or no involvement in the facts at issue in this case. (*See* Dkt. 127 at 2 ("Arconic spent much of the deposition [of Novelis Corp.] asking questions about the '440 Patent Application owned by Novelis Inc.").) The 2000 Amendment Committee Notes appear to forecast this issue by observing, in the context of multi-party litigation that, "duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest."

*Third*, imposing equal corporate deposition time per side discourages gamesmanship and the artificially of one party receiving twice as much deposition time (or more) than the other simply because multiple corporate affiliates are named parties.

Additionally, Arconic's claim that it will be prejudiced by a deviation from the rules "in the middle of the case" is redressed by the additional 3.5 hours of time it may use.  It is recommended that the additional time be allotted specifically for Arconic to "parse precisely who within a parent/subsidiary corporate structure took particular action" and "to ascertain which individuals at which entity took the actions upon which the Complaint is premised."  (*See* R&R#5 at 15.)

## Conclusion

For the foregoing reasons, the Special Master recommends that the Court:

(1) Limit Novelis to a total of 20 hours of Rule 30(b)(6) deposition time;

(2) Limit Arconic to a total of 23.5 hours of Rule 30(b)(6) deposition time, including time already used:

   a. With the additional 3.5 hours allotted specifically for Arconic to "parse precisely who within [Novelis's] parent/subsidiary corporate structure took particular action" and "to ascertain which individuals at which entity took the actions upon which the Complaint is premised."  (*See* R&R#5 at 15.)

A proposed Form of Order will be filed by the Special Master as Report & Recommendation #9.

Respectfully submitted,

S/ Faith S. Hochberg                                       July 2, 2018

4