IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO. 17-1434 |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| v. | ) | |
| **NOVELIS INC.** *and* **NOVELIS CORP,** | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

This hotly-contested case between business competitors involves alleged misuse of trade secrets and confidential information. The court appointed a special master to manage discovery and dispositive motions. (ECF No. 50). On August 28, 2018, the special master filed Report and Recommendation #16 ("R&R #16") (ECF No. 160), which made recommendations concerning numerous discovery disputes. The special master also submitted a proposed order (ECF No. 160-1).

Only one recommendation is in dispute. On September 11, 2018, Arconic, Inc. ("Arconic") filed timely objections (ECF No. 167) to the special master's decision that Arconic must produce documents in response to document requests Nos. 39, 43, 46 and 47 made by Novelis Inc. and Novelis Corp. (collectively, "Novelis") to the extent the documents are found in Arconic's files or electronic communications, or in the possession of those members of Arconic's board of directors who are affiliated with or appointed by Elliott Management ("Elliott"). Novelis filed a response urging that Arconic's objections be rejected and the special master's proposed order be affirmed and adopted. (ECF Nos. 181, 186).

1

The document requests at issue involve: the allegation that the license enabled Novelis to gain a competitive edge over Arconic, the departure of Arconic's former CEO Klaus Kleinfeld ("Kleinfeld"), Elliott's "New Arconic Plan" and "Fill the Mill" strategies, and communications with investors or shareholders regarding Arconic's business relationship with Novelis. Arconic raises three arguments: (1) the documents are not relevant; (2) the requests are overly broad and lack precision; and (3) the special master's proposed order would require Arconic to gather documents from non-Arconic sources not within its possession, custody or control. Each argument will be addressed.

1. Relevance

Arconic argues that the documents sought cannot be relevant based on Novelis' own conduct in disclosing Arconic's trade secrets and terminating the license. Arconic contends that the timing does not add up because: (1) Elliott's proxy fight and Kleinfeld's departure occurred months after Arconic learned about the patent application; (2) Novelis contemporaneously knew about the proxy fight and the articles published at the time; and (3) the premise that Novelis gained a competitive advantage over Arconic is false – Arconic was paid the same amount in royalties (through its exclusive licensee, Chemetall) whether or not the license was terminated. Arconic did not provide analysis or citation to authority for these contentions.

Novelis, in response, contends that the document requests bear directly on its counterclaims and defenses, including Arconic's alleged wrongful termination of the license and wrongful initiation of this lawsuit. Novelis agrees that the "timing does not add up" but reasons that it is entitled to understand why Arconic waited a year to file the lawsuit; Elliott's involvement in that decision; the connection with Kleinfeld's termination; and whether Arconic is attempting to use litigation to renegotiate a new license, extend its monopoly over A951 after

its patents expired, or otherwise compete unfairly with Novelis.[1] In addition, Novelis contends that the documents are relevant to Arconic's purported damages. Novelis argues that even though it knew the public details of the Elliott proxy fight and Kleinfeld termination at the time, it is entitled to obtain the non-public documents responsive to its requests.

The special master concluded that the document requests at issue were specifically focused on Novelis' counterclaims and observed that "relevance" includes both parties' theories of the case. The court agrees with the special master. Federal Rule of Civil Procedure 26(b) defines the scope of discovery broadly to provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). Arconic did not move to dismiss the counterclaims and they are part of the case. *See* Arconic's Answer to Counterclaims (ECF No. 66). To resolve the counterclaims will require evidence. Novelis is entitled to discovery to determine the factual basis (or lack thereof) for its counterclaims and defenses. Notably, Arconic does not contest that the discovery sought is proportional to the needs of this case. The document requests at issue (Nos. 39, 43, 46, 47) are relevant.

2. Overbreadth/Lack of Precision

Arconic contends that R&R #16, as worded, would require it to produce sensitive internal documents connected with Kleinfeld's departure (involving an alleged incident at the 2006 World Cup) that never mention Novelis, A951, Ford, or any other issues in this lawsuit. Arconic

---

[1] The court is not considering Novelis' proposed amended counterclaims.

also objects that it would be required to produce documents regarding numerous licensing deals with Novelis that have nothing to do with the issues in this case.

Novelis points out that Arconic did not challenge the scope of document requests 39 or 46. As to request #43, Novelis argues it is entitled to understand the non-public reasons for Kleinfeld's ouster and whether it was connected to the A951 license and Arconic's decision to file suit.

The special master conducted a particularized inquiry and determined that the document requests at issue (Nos. 39, 43, 46, 47) were "sufficiently tailored" (R&R #16 at 5), while other document requests (Nos. 44, 45, 48, 50) were overbroad. (R&R #16 at 6). The court agrees with the special master. To clarify, Arconic's duty to produce documents regarding its "business relationship with Novelis" in response to request # 47 does not require it to produce documents relating to licensing deals that have nothing to do with any of the issues in this case because such documents would not be relevant.

3. Arconic's Possession, Custody or Control

Arconic's primary argument is that documents possessed by board members affiliated with Elliott are not within its possession, custody or control. Arconic states that such documents are maintained on non-party emails, servers or offices. Arconic cites *Greater New York Taxi Association v. City of New York*, No. 13CIV3089, 2017 WL 4012051, at *3 (S.D.N.Y. Sept. 11, 2017) ("*Greater NY Taxi*"), for the proposition that corporations need not produce documents in the possession of its <u>former</u> board members. Arconic argues that non-employee board members have a similar ability to reject a corporation's demand for documents. Arconic asserts that some of the documents sought in this case encompass personal communications that have nothing to do with their board functions.

4

*Greater NY Taxi* recognized that "numerous courts" have held that a corporation has control over its <u>current</u> board members, officers, and employees, such that it must produce documents in their possession. *Id*. at * 3 (citations omitted). *Greater NY Taxi* also recognized that a corporation has the "practical ability" to obtain documents in a number of other circumstances, "such as where the party and the non-party have a continuing economic relationship." *Id*. In *Greater NY Taxi*, the court concluded that the corporation's "mechanisms of control" expired over former board members and the requesting party failed to meet its burden to show that the corporation had the practical ability to obtain documents from its former board members.

Novelis cites numerous decisions for the proposition that a corporation must produce documents in the possession of its board members. *See Royal Park Inv. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14CV04394, 2016 WL 5408171, at *5 (S.D.N.Y. Sept. 27, 2016); *Miniace v. Pac. Mar. Ass'n*, 2006 WL 335389, at *2 (N.D. Cal. Feb. 13, 2006); *Montesa v. Schwartz*, No. 12CV 6057, Slip Op. (Mar. 6, 2015) (ECF No. 181-4). Novelis contends that Arconic failed to demonstrate its inability to obtain such documents. Novelis points to practical factors including: (1) the directors receive compensation from the corporation; (2) the directors are employed by shareholders who will benefit economically if Arconic succeeds in the litigation; and (3) Arconic could simply ask the directors to comply. *See Royal Park*, 2016 WL 5408171, at *7-9.

The special master recommended that documents in the possession of Arconic's board members (whether or not affiliated with Elliott) "for a subject matter at issue in the case" be produced. (R&R #16 at 4). The special master reasoned that Arconic has a proprietary interest in documents created in connection with a director's functions and a director has a fiduciary duty to turn over such documents on demand. (R&R #16 at 4-5). The special master explained that documents in the possession of investors or shareholders who are <u>not</u> directors are not within Arconic's control. *Id*.

Relevant documents must be produced by a party to a federal lawsuit if they are within the "possession, custody, or control" of the party from whom discovery is sought. Fed. R. Civ. P. 34(a)(1). Even if a document is not within the responding party's actual possession or custody, courts broadly construe the word "control." *Royal Park*, 2016 WL 5408171, at *2. "[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Id.* (citations omitted). In *Royal Park*, the court explained that a corporation has the practical ability to obtain documents from an affiliated non-party if that non-party has a fiduciary duty to turn over the documents. 2016 WL 5408171, at *6. Under basic principles of Delaware corporation law,[2] the board of directors is the ultimate authority in a corporation. *See* 8 Del. C. § 141(a) ("The business and affairs of every corporation organized under this chapter shall be managed by or under the direction of a board of directors"). "In performing their duties, the directors owe fundamental fiduciary duties of loyalty and care to the corporation and its shareholders." *Polk v. Good*, 507 A.2d 531, 536 (Del. 1986). It follows, inexorably, that Arconic's directors have a fiduciary duty to produce documents related to their service on the board of directors of the corporation. Those documents are within Arconic's possession, custody or control and must be produced. The court need not consider any of the alternative practical means identified by Novelis by which Arconic could obtain the documents.

Conclusion

---

[2] Arconic is a Delaware corporation. (ECF No. 181-6).

In accordance with the foregoing, Arconic's objections (ECF No. 167) will be DENIED. The court will adopt the special master's R&R #16 (ECF No. 160) and the special master's proposed order (ECF No. 160-1) as supplemented in this opinion.

An appropriate order follows.

October 15, 2018

                                        BY THE COURT:

                                        /s/ Joy Flowers Conti
                                        Joy Flowers Conti
                                        Chief United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO. 17-1434 |
| Plaintiff, | ) ) | JUDGE JOY FLOWERS CONTI |
| v. | ) ) | |
| **NOVELIS INC.** and **NOVELIS CORP,** | ) ) | |
| Defendants. | ) | |

## ORDER

AND NOW this 15th day of October, 2018, in accordance with the memorandum opinion, it is hereby ordered that Arconic's objections to special master R&R #16 (ECF No. 167) are DENIED. The special master's R&R #16 (ECF No. 160) is adopted as the opinion of the court as supplemented in the memorandum opinion. The special master's proposed order (ECF No. 160-1) is adopted as the order of the court. The discovery deadlines that are contingent on this court's adoption of R&R #16 and the proposed order shall begin forthwith.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge