# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO. 17-1434 |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| v. | ) | |
| **NOVELIS INC.** and **NOVELIS CORP.,** | ) | |
| Defendants. | ) | |

## OPINION

This hotly-contested case between business competitors involves alleged misuse of trade secrets and confidential information. The court appointed a special master to manage discovery and dispositive motions. (ECF No. 50). On December 10, 2018, the special master filed Report and Recommendation #26 ("R&R #26") (ECF No. 232), with a proposed order (R&R #27, ECF No. 232-1), which made recommendations about documents protected by the attorney-client privilege. Arconic, Inc. ("Arconic") filed timely objections to the R&R (ECF No. 235), Novelis Inc. and Novelis Corp. (together, "Novelis") filed a response and the objections are ripe for disposition. The special master's recommendations are reviewed de novo. Fed. R. Civ. P. 53(f).

<u>Objections to R&R #26</u>

In R&R #26, the special master resolved specific privilege disputes regarding three documents produced by Arconic and later "clawed back" pursuant to the protective order entered in this case. Neither Arconic nor Novelis object to the special master's recommendation that the documents at issue were, in fact, privileged and that portion of the report will be adopted as the

1

opinion of the court. Arconic, however, does object to the special master's recommendations about how the protective order will be applied "going forward" in this case.

The special master recognized that the protective order in this case provided the maximum protection allowed under Federal Rule of Evidence 502(d), such that production of a privileged document, whether inadvertent or otherwise, would not constitute a waiver of a privilege or work-product protection. (ECF No. 79). The special master found, however, that Arconic's decision to adopt a screening methodology based on electronic term searches rather than performing a comprehensive pre-production privilege review took unfair advantage of the Rule 502(d) protections, imposed an excessive burden on the special master to rule on disputed documents, led to confusion at depositions, and caused uncertainty to Novelis about which documents it could use to prepare its case. (R&R #26 at 7).[1] In sum, the special master concluded that "relying entirely on 502(d) without pre-production review is an inefficient use of resources." *Id*. at 8.

The special master recommended a three-pronged solution. First, both parties are entitled to protection of the privilege under Rule 502(d) for documents already produced. Second, both parties would be subject to a Rule 502(b) standard, rather than the Rule 502(d) standard, for future document productions, which will enable them to claw back inadvertently produced documents if they take reasonable steps to prevent disclosure and rectify the error. Third, the special master articulated a process for expeditiously identifying and resolving any latent privilege disputes. Specifically, Arconic would have a 30-day window to review its past productions to identify privileged documents. After that review, it would request clawbacks, meet and confer with Novelis; and, if necessary, resolve disputes with the special master.

---

[1] Novelis represents that Arconic has clawed back more than 1,200 documents to date. (ECF No. 240). By contrast, Arconic states that Novelis clawed back 40 documents. (Pine Letter at 1, ECF No. 240-1).

The court agrees with the special master's conclusion that the parties are entitled to rely on Rule 502(d) for the documents already produced. *See Brookfield Asset Mgmt., Inc. v. AIG Fin. Prods. Corp.*, No. 09 Civ. 8285, 2013 WL 142503 (S.D.N.Y. Jan. 7, 2013) (party that produced privileged material due to vendor error had "the right to claw back the [documents], no matter what the circumstances giving rise to their production were" because the parties entered into a Rule 502(d) order).

Before addressing whether Arconic should undertake to identify privileged documents previously provided in past productions and whether a Rule 502(b) or Rule 502(d) standard should be applied going forward, there are practical issues which must be resolved. The court recognizes the following issues and a process to resolve them.

1. When must document disputes be resolved?

Arconic takes the position that the current protective order "sets no time limits on when such privilege can be asserted." (Pine Letter at 3, ECF No. 240-1). Arconic seems to reserve the right to claw back any document at any time -- even at trial. *Id*.

Privilege disputes at trial would be unduly disruptive and will not be tolerated. If a disputed document is used during a deposition or otherwise identified by the opposing party as a document on which it may rely (*see* Rule 26(a)(1)(A)(ii), Local Rule 16.1(C)(1)(e)), the producing party must raise a timely assertion of privilege. Parties may not clawback such documents at a later time. If a document is not so used or otherwise identified by the opposing party, all disputes about privilege must be resolved in the final pretrial proceedings with respect to any document identified as an exhibit to be used at trial. (*See* Judge Conti Trial Procedures ¶ 16).

2. Can the information in inadvertently produced documents be "used"?

Arconic's final objection to R&R #26 involves the special master's recommendation that "use immunity" and "fruit of the poisonous tree" arguments cannot be asserted to prevent

3

questions at depositions relating to information obtained from the privileged documents. The special master carefully distinguished between the privileged documents themselves, which are protected and cannot be introduced into evidence, and questions based on factual knowledge Novelis may have acquired from reviewing documents Arconic produced, before clawing them back. While the special master's recommendation is fair, sensible, and should prevent future disputes, it needs a clarification.

The attorney client privilege protects communications between attorney and client for the purpose of obtaining or providing legal advice. *In re Teleglobe Comm. Corp.*, 493 F.3d 345, 359 (3d Cir. 2007). Attorney work product is also protected. Fed. R. Civ. P. 26(b)(3)(A). Even if a document was produced and later clawed back, opposing counsel are not entitled to probe into the nature of the legal advice or work product contained in the document.

Because the attorney-client privilege obstructs the truth-finding process, however, the privilege must be narrowly construed. *Westinghouse Electric Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1423 (3d Cir. 1991). To the extent possible, documents should be redacted to remove privileged information, rather than clawed back in their entireties. Underlying facts are not protected under the attorney-client privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981). Opposing parties are entitled to inquire into relevant, nonprivileged facts, even if they learned about those facts from an inadvertently produced document. *DOCA Co. v. Westinghouse Elec. Co., LLC*, No. CIV. 04-1951, 2011 WL 2182439, at *3 (W.D. Pa. June 3, 2011) (rejecting the argument that the inadvertently produced privileged document should be treated as if it had never been produced). Here, if the clawed back documents can be redacted, Arconic must do so. Any facts contained in the documents cannot be redacted. On or before March 25, 2019, Arconic shall produce the unredacted portions of the clawed back documents. The unredacted parts of the clawed back documents are not subject to "use immunity" or "fruit of the poisonous tree" objections.

If the parties require further guidance or anticipate additional issues, they shall meet and confer and submit their suggestions in the form of a motion.

Standards Going Forward

The court lacks sufficient information to determine whether a retrospective privilege review by Arconic will be required and whether or not to implement a Rule 502(b) order, rather than the Rule 502(d) order, "going forward." This court encourages parties in virtually all civil cases to adopt Rule 502(d) orders because they generally save time and money and reduce disputes. *See In re Processed Egg Prod. Antitrust Litig.*, No. 08-MD-02002, 2014 WL 6388436, at *7 (E.D. Pa. Nov. 17, 2014) (in complex litigation, "the costs of pre-production screening for privileged information often may outweigh the benefits."). The court's model Rule 26(f) report adopts Rule 502(d) as the default standard and provides a model order in Local Rule 16.1. An overwhelming majority of parties in civil cases in this district choose the default standard and a Rule 502(d) order is entered.

The Sedona Conference endorses adoption of a Rule 502(d) order as a "best practice." *See* The Sedona Conference, The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production A Project of the Sedona Conference Working Group on Electronic Document Retention and Production, 19 Sedona Conf. J. 1, 150 (2018). The Sedona Conference Commentary on Protection of Privileged ESI, 17 Sedona Conf. J. 95, 104 (2016) ("Commentary"), encourages adoption of a Rule 502(d) in every complex civil case. The Commentary explained that under Rule 502(d), there will be no waiver even if there is **no** privilege review, thereby permitting the parties to agree to use a "quick peek" or "make available production" without waiving privilege or protection. *Id*.

The Commentary recounts the background leading to the adoption of Federal Rule of Evidence 502 in 2008. Prior to Rule 502, parties engaged in enormously expensive and time-

consuming reviews to avoid waiver of the privilege.  The United States Judicial Advisory Committee on the Federal Rules of Evidence heard testimony about the "laborious and tedious process of multi-tier document review" that litigants waded through.  *Id*. at 188.  Rule 502 reflected "an effort by Congress to enable litigants to minimize the extraordinary cost of civil litigation in federal proceedings, particularly the cost of e-discovery, without risking broad waiver of privilege in either federal or state proceedings."  *Id.* at 120.

On the other hand, the Sedona Commentary cautioned that "a Rule 502(d) order should not be used as a cost-shifting tool allowing the producing party to make a "data dump" and requiring the requesting party to identify privileged documents."  *Id*. at 136.  Producing parties should also be aware that "even though a Rule 502(d) order can require the return of such privileged documents and ensure there is no waiver, once it is produced, the opposing party knows its contents."  *Id*.  That information cannot be unlearned.  Rule 502(d) orders, therefore, may not eliminate the need for review.  Technology tools may be utilized for performing reviews which minimize inadvertent productions.  *Id*. at 166-72.

To determine what standard should be applicable going forward in this case, the court will set an evidentiary hearing for _____, 2019 at _____ p.m.  Counsel and technical personnel for both parties shall attend in person and shall be prepared to address all aspects of the privilege reviews conducted in this case.  Arconic shall be prepared to address, *in camera* as needed, among other questions:  (1) the tools, procedures and search terms used to perform the initial electronic screening; (2) the reason or reasons 1,200 privileged documents were produced; (3) the estimated costs to perform a retroactive privilege review; (4) the costs to comply with Rule 502(b) for future document productions in this case; (5) its proposed plan to identify and resolve disputes on all inadvertently produced privileged documents to date; and (6) whether different technology tools or procedures can be and will be implemented to minimize inadvertent productions of privileged documents going forward.  Novelis shall be prepared to address,

among other topics: (1) how Arconic allegedly abused the protections of Rule 502(d); (2) the costs incurred by Novelis as a result of Arconic's alleged misconduct; (3) Novelis' costs to comply with Rule 502(b) going forward; and (4) its proposed plan to identify and resolve disputes on all inadvertently produced privileged documents to date. The court, together with the parties, has an obligation to determine what procedures are most likely to advance the just, speedy and inexpensive determination of this action. Fed. R. Civ. P. 1.

The parties shall confer FORTHWITH to determine what, if any, agreement may be reached by the parties about the issues of the retrospective privilege review and the standard to be applied going forward. The parties shall submit any proposed agreement, in detail, to the court for review. If any issue remains unresolved, Arconic shall file a brief by March 14, 2019 at noon, addressing the unresolved issue and the questions which will be posed to Arconic at the hearing. Novelis shall file a responsive brief by March 18, 2019 at noon, and include a discussion of any questions identified in the opinion which will be posed to Novelis at the hearing.

Technical Advisor

The court intends to appoint Susan Ardisson, Esq., CEO of bit-x-bit, to act as an independent technical advisor to the court regarding the issues raised in R&R #26, the parties' objections and responses thereto, and this memorandum opinion. She shall be compensated at her customary hourly rate and her fees and expenses shall be paid initially by Arconic, subject to adjustment after the hearing and resolution of this matter. Ms. Ardisson advises that in mid-2018, bit-x-bit did a small ESI preservation project on behalf of Arconic in this matter, but Ms. Ardisson does not believe that project poses a conflict of interest. The parties shall notify the court by March 1, 2019 if they have any objection to Ms. Ardisson acting as a technical advisor to the court.

Conclusion

In accordance with the foregoing, the recommendations that certain documents are privileged, the timing for resolution of disputes, and the use of information in clawed-back privileged documents will be adopted, as modified by this opinion, and Arconic's objections to R&R #26 about the retrospective review and application of Rule 502(d) going forward will be taken under advisement pending an evidentiary hearing.

An appropriate order follows.

February --, 2019

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARCONIC INC.**, | ) CIVIL ACTION NO. 17-1434 |
| Plaintiff, | ) JUDGE JOY FLOWERS CONTI |
| v. | ) |
| **NOVELIS INC.** and **NOVELIS CORP**, | ) |
| Defendants. | ) |

## **ORDER**

AND NOW this --<sup>th</sup> day of February, 2019, in accordance with the memorandum opinion, it is hereby ordered that the recommendations in the special master's R&R #26 (ECF No. 235) that certain documents are privileged, the timing for resolution of disputes, and the use of information in clawed-back privileged documents will be adopted, as modified by the foregoing opinion; and Arconic's objections to R&R #26 about the retrospective review and application of Rule 502(d) going forward are TAKEN UNDER ADVISEMENT. An evidentiary hearing is scheduled for March 20, 2019 at 10:00 a.m. The parties shall notify the court by March 1, 2019 if they have any objection to Susan Ardisson acting as an independent technical advisor to the court.

The parties shall confer FORTHWITH to determine what, if any, agreement may be reached by the parties about the issues of the retrospective privilege review and the standard to be applied going forward. The parties shall submit any proposed agreement, in detail, to the court for review. If any issue remains unresolved, Arconic shall file a brief by March 14, 2019 at noon, addressing the unresolved issue and the questions which will be posed to Arconic at the hearing. Novelis shall file a responsive brief by March 18, 2019 at noon, and include a discussion of any questions identified in the opinion which will be posed to Novelis at the hearing.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge