IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO. 17-1434 |
| Plaintiff, | ) ) | JUDGE JOY FLOWERS CONTI |
| v. | ) ) ) ) ) | |
| **NOVELIS INC.** *and* **NOVELIS CORP.,** | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Pending before the court are objections filed by Arconic Inc. ("Arconic") (ECF No. 269, filed under seal) to special master report and recommendation ("R&R") # 28 (ECF No. 249), in which the special master scheduled briefing on whether Arconic's most recent trade secret identification should be stricken. Novelis Inc. and Novelis Corp. (collectively, "Novelis") did not respond to the objections. On February 20, 2018, the special master advised the court that she agreed to suspend the briefing schedule pending the court's ruling on Arconic's objections.

Procedural Background

This case has been plagued, virtually from the beginning, by Arconic's unwillingness, or inability, to describe precisely what secret or confidential information Novelis allegedly disclosed. Arconic contends in its objections that the problem is primarily a formatting misunderstanding. The court cannot agree. Arconic's failure to identify its trade secrets and confidential information is a substantive flaw that may be fatal to the merits of its claims.

Arconic's first trade secret disclosure simply mirrored the language of the 22 claims in Novelis' patent application. (Transcript of December 14, 2017 conference at 6, 9-10, ECF No.

1

56). On January 24, 2018, Arconic filed a second trade secret identification, which repeated the 22 claims in Novelis' patent application and added three vague references to Arconic's information (including negative know-how). (ECF No. 76, filed under seal).

On April 3, 2018, the court granted Novelis' motion for pre-discovery identification of Arconic's claimed trade secrets. (ECF Nos. 100 and 101, adopting special master report and recommendation ("R&R") ## 3 and 4, to which no objections were made). Arconic's initial identifications were rejected as wholly inadequate because they merely described what Novelis had disclosed, not what Arconic information qualified as a trade secret. As the special master noted, many of the elements disclosed in Novelis' patent application were already in the public domain. Arconic was required to identify its claimed trade secrets with "reasonable particularity," including combination trade secrets. The court defined Arconic's duty as follows:

> "Reasonable particularity" shall have the meaning as defined in *Hill v. Best Medical International, Inc*., No. CIV.A 09-1194, 2010 WL 2546023, at *3 (W.D. Pa. June 24, 2010) ("'Reasonable particularity' has been defined as a description of the trade secrets at issue that is sufficient to (a) put a defendant on notice of the nature of the plaintiff's claims and (b) enable the defendant to determine the relevancy of any requested discovery concerning its trade secrets.") "Reasonable particularity" means a specific list and description of the alleged trade secrets and confidential information and not "general allegations or general references" to categories of information or processes. *See id*. at *4. Reasonable particularity requires Arconic to identify each Trade Secret or item of Confidential Information "with sufficient particularity so that the reader understands how each such claim differs from public domain information—including public [] patent filings." *See USSA v. Mitek Systems, Inc*., 289 F.R.D. 244, 249 (W.D. Tex. 2013). Where an asserted Trade Secret or item of Confidential Information is a "combination of known components", plaintiff must specifically describe what particular combination of components is; how these components are combined in a secret process, and how they operate in such combination to meet the legal requisites of a trade secret. *Hill*, 2010 WL 2546023 at *4 n.8 (citing *Struthers Sci. and Int'l Corp. v. General Foods Corp*., 51 F.R.D. 149 (D.Del. 1970)).

(ECF No. 101 at n.1). A chart was provided for guidance. *Id*. Arconic was required to show "good cause" to add or amend its claimed trade secrets. *Id*.

After reviewing R&R #3, Arconic filed a revised trade secret identification (ECF No. 98, filed under seal). Arconic described a six-step process, with each step having different

2

variations. Arconic claimed that "any combination of each particular variation in any individual step of this entire process is a trade secret." *Id*. The chart recognized that many of the general steps, such as applying a cleaner, etching or deoxidizing the aluminum, applying an acidic organophosphorus compound, and rinsing are known to the extent described in a Petition to Institute Derivation Proceeding of U.S. Patent Application No. 15/142,384 dated November 2, 2017. *Id*. Arconic did not claim any trade secret relating to the sixth step, drying. *Id*. Novelis filed a motion to strike Arconic's unspecified trade secret combinations and catch-all categories as failing to abide by the court's directive.

On August 21, 2018, the court granted the motion to strike. (ECF No. 156, adopting special master R&R ## 12 and 13, to which no party objected). Arconic's identification was stricken and it was ordered to resubmit its claimed trade secrets stating every claimed combination individually and specifically, explaining how a combination of public and private information is unique and removing catch-all categories. The court reiterated "a party must be able to identify its own trade secrets conveyed to the party that must defend the case." (ECF No. 149, adopted by ECF No. 156).

On September 7, 2018, Arconic filed an amended trade secret and confidential information identification, which consisted of a 76-page chart with 568 combination trade secrets.[1] (ECF No. 163, filed under seal). Novelis again objected.

On November 6, 2018, the court ordered that depositions be halted until Arconic provided full, genuine interrogatory responses "in non-boilerplate English" as to each trade secret alleged.[2] (ECF No. 212, adopting special master R&R # 20, to which no party objected). In the R&R, the special master recounted the efforts to obtain a particularized identification of the claimed trade secrets in this case. The special master explained that many of the alleged

---

[1] At a hearing with the special master, counsel clarified that the chart contained duplicates and Arconic claimed 288 trade secrets.
[2] Arconic was also ordered to refile its chart, omitting the duplicate entries.

3

trade secrets were based on a combination of publicly known elements and Arconic failed to explain what made each one unique and why. (ECF No. 209). The special master noted that "Arconic is in possession of the information needed to articulate its own trade secrets" and also received the benefit of six months of discovery from Novelis. *Id.* The special master found that Arconic's chart "does not even begin to meet this Court's order" to explain how each claim met the standards to qualify as a trade secret. *Id.* The special master resolved several disputes to guide Arconic's required responses to interrogatories and urged Arconic to consider reducing its list to assert only those trade secrets that were significant and provable. *Id.* To repeat, Arconic did not object to R&R # 20; the court adopted the R&R as the opinion and order of the court; and it is now "law of the case."

On November 2, 2018, Arconic made its most recent identification of trade secrets and confidential information, which included a revised chart, interrogatory responses and summary slides identifying the 5 or 6 steps and 16 parameters of its trade secrets, the parameters in the public domain, and where each parameter was shared with Novelis. (ECF No. 269, Ex. K, filed under seal). Arconic maintains that it has 288 combination trade secrets.

Novelis objected that Arconic was attempting to change its claimed trade secrets without good cause and that the 16 parameters are not unique and protectable trade secret combinations. Novelis also objected to Arconic's proposal to reduce its trade secret disclosure to a 1-page table of parameters. In particular, Novelis argued that it was improper to combine 16 parameters into 288 combinations because Arconic never alleged it disclosed any of the 288 combinations to Novelis. During oral argument on November 13, 2018, Arconic's counsel explained that it was not claiming the stated parameters as trade secrets. (ECF No. 269, Ex. M at 8, filed under seal).

In R&R # 28, the special master found that Arconic failed to comply with the court's instructions because it: (1) submitted a new chart with additional information, rather than the "same chart" with duplicates removed; and (2) framed its interrogatory responses in terms of

4

parameters, rather than identifying with particularity, in clear English sentences, why each of the 288 individual trade secrets was unique. The special master commented: "Now, more than a year into the case, it remains unclear what, if any, Arconic's trade secrets are." (ECF No. 249 at 6). The trade secret claims cannot be based on the A951 chemical itself – because the specific chemical was never disclosed verbally to Novelis. (ECF No. 269, Ex. K at 16, filed under seal).

The special master recommended that Novelis be given leave to file a motion to strike Arconic's responses and set forth a briefing schedule. The special master purported to strike the November 2, 2018 chart as unauthorized and directed the parties to focus on the sufficiency of the August 30, 2018 chart (without duplicates) and the November 2, 2018 interrogatory responses. These objections followed.

Status of Arconic's Claims

On May 2, 2018, the court granted Novelis' motion to dismiss counts I-IV of the original complaint for failure to identify trade secrets or confidential information, albeit without prejudice for Arconic to amend its complaint by incorporating the disclosure with reasonable particularity required by the court's order of April 3, 2018.[3] (ECF Nos. 113, 114, adopting special master's R&R ## 5 and 6, to which no objections were made). By not objecting to R&R ## 3 and 5, Arconic admitted its duty to make pre-discovery disclosures of its claimed trade secrets with reasonable particularity and conceded that its claims were properly dismissed because it failed to do so.

On September 18, 2018, the court granted Arconic leave to file an amended complaint. (ECF No. 171, adopting special master R&R # 18, to which no objections were filed). On September 21, 2018, Arconic filed an amended complaint (ECF No. 177), which is its operative pleading in this case. Arconic asserts seven causes of action, six of which merely restate its

---

[3] Counts V, VI and VIII were dismissed with prejudice.

original trade secret and confidential information claims separately: (1) breach of license agreement – misappropriation of trade secrets against Novelis Inc.; (2) breach of license agreement – misuse of confidential information against Novelis Inc.; (3) breach of non-disclosure agreement – misappropriation of trade secrets against Novelis Corp.; (4) breach of non-disclosure agreement – misuse of confidential information against Novelis Corp.; (5) misappropriation of trade secrets pursuant to 18 U.S.C. § 1831; (6) misappropriation of trade secrets pursuant to Pennsylvania law; and (7) declaratory judgment regarding the Ion Exchange Patent, No. 6,020,030. Novelis filed an amended answer and counterclaims. (ECF No. 254, filed under seal). The amended complaint is based on the premise that Arconic would be able to disclose its trade secrets and confidential information with the reasonable particularity required by the court's order of April 3, 2018.

Summary Judgment Pursuant to Rule 56(f)

Pursuant to Federal Rule of Civil Procedure 56(f), after giving notice and a reasonable time to respond, the court may grant summary judgment for a nonmovant, on grounds not raised by a party, or on its own after identifying material facts that may not be genuinely in dispute. It appears to the court that Arconic's claims based on alleged trade secrets or confidential information must fail as a matter of law. The claims were previously dismissed, without objection by Arconic, subject to renewal if Arconic made an identification with reasonable particularity. (ECF Nos. 113, 114). It appears that Arconic did not do so. For example, Arconic's most recent interrogatory responses provide no explanation for why cleaning aluminum with hot water constitutes a trade secret or why each combination of cleaning aluminum with hot water with various other steps and parameters constitutes a unique trade secret. There has still been no clear explanation of what unique, secret, economically-valuable information of Arconic was disclosed by Novelis.

Arconic's problem is more fundamental than counsel's alleged misunderstanding of the format required by the special master. Further litigation at this point on whether or not Arconic's latest chart should be stricken is not consistent with the just, speedy and efficient determination of this action. Fed. R. Civ. P. 1.

On or before March 25, 2019, Arconic shall file a brief and all supporting evidence necessary to show cause why summary judgment should not be granted in favor of defendants on counts I-VI of the amended complaint based on Arconic's failure to identify cognizable trade secrets. On or before April 22, 2019, Novelis may submit a responsive brief and evidence.

The objections to special master R&R # 28 (scheduling briefing on whether Arconic's most recent trade secret identification should be stricken) are DENIED WITHOUT PREJUDICE to reassert if the claims remain viable.

An appropriate order follows.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO. 17-1434 |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| v. | ) | |
| **NOVELIS INC.** *and* **NOVELIS CORP,** | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

AND NOW this 25th day of February, 2019, in accordance with Federal Rule of Civil Procedure 56(f), the court gives Arconic, Inc. ("Arconic") notice and the opportunity to show cause why summary judgment should not be entered in favor of defendants Novelis Inc. and Novelis Corp. (collectively, "Novelis") on counts I, II, III, IV, V and VI of the amended complaint (ECF No. 177) for failure to identify its alleged trade secrets and confidential information with reasonable particularity, as required by numerous orders of court. Count VII of the amended complaint would remain in the case.

The objections to special master R&R # 28 are DENIED WITHOUT PREJUDICE to reassert if the claims remain viable.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge