| | |
|---|---|
| **ARCONIC INC.,** | ) CIVIL ACTION NO. 17-1434 |
| | ) |
| Plaintiff, | ) JUDGE JOY FLOWERS CONTI |
| | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| **NOVELIS INC.** *and* **NOVELIS CORP.,** | ) |
| | ) |
| Defendants. | ) |

## **OPINION**

This hotly-contested case between business competitors involves alleged misuse of trade secrets and confidential information and newly asserted antitrust counterclaims. The court appointed a special master to manage discovery and dispositive motions. (ECF No. 50). On March 20, 2019, the special master filed a Case Management Order ("CMO") (ECF No. 295) to guide counterclaim discovery while summary judgment briefing on Arconic, Inc.'s ("Arconic") trade secret and confidential information claims is under consideration. Arconic filed timely objections to the CMO (ECF No. 309), Novelis Inc. and Novelis Corp. (together, "Novelis") filed a response and the objections are ripe for disposition. The special master's recommendations are reviewed de novo. Fed. R. Civ. P. 53(f).

Arconic admits "it is unclear what effect rulings in the [CMO] will have later in the case," but filed the objections in the exercise of caution to avoid waiving its rights. (ECF No. 309 at 1 n.1). Arconic represented that it would "issue its initial written discovery to Novelis by the April 5, 2019 deadline [set forth in the CMO] despite filing this Objection." (ECF No. 309 at 6 n.4). Arconic also agrees to June 21, 2019 for the close of fact discovery.

Arconic is concerned that the CMO may limit its right to seek appropriate followup written discovery on the counterclaims or identify additional deponents. Arconic also disagrees (but does not object at this time) with the Special Master's decision to allow Novelis to proceed with depositions, despite the possibility it may need to re-depose 4 or 5 witnesses. (ECF No. 309 at 5 n.3). Arconic recognizes that this court has discretion to manage discovery, but suggests that this case should follow "normal antitrust discovery."

Arconic's objections are premature and purely hypothetical. The CMO does not prevent Arconic from engaging in any discovery, including followup discovery. The CMO clearly states: "Of course, if something is learned that requires the need for an additional witness, no one is barred from taking a needed deposition." (ECF No. 295 at 9). If Arconic believes it needs to take additional discovery, it can seek leave to do so from the Special Master. *Id*. The court is confident that Arconic will have a full and fair opportunity to defend itself against the counterclaims in this case. The court expects counsel for both sides to cooperate to ensure that discovery fairly and smoothly proceeds.

This is far from a normal case. The court appointed a special master in accordance with Fed. R. Civ. P. 53, almost immediately, because of the size and complexity of the case. As set forth in the appointment order: "The court determined that the Special Master should be a person with substantial experience in trade secrets and intellectual property litigation in order to facilitate the just, speedy and inexpensive determination of motions, including discovery motions, in this case." (ECF No. 50); Fed. R. Civ. P. 1. The special master's reports and recommendations in this case are consistent with her duties and designed to facilitate the efficient resolution of this case. Federal Rule of Civil Procedure 30(d)(1) authorizes the court to modify the presumptive limits on depositions. *See* Fed. R. Civ. P. 26(b)(2)(A) (by order, the court may alter the limits on depositions); Fed. R. Civ. P. 16(b)(3)(B)(ii) (scheduling order may modify the extent of discovery). Indeed, pursuant to Fed. R. Civ. P. 30(a)(2), the court "must"

2

grant leave to take a deposition to the extent consistent with Rule 26(b)(1) and (2), even if: "(ii) the deponent has already been deposed in the case."

In light of the scope of Arconic's response to the Rule 56(f) show cause order, which was referred to the special master for report and recommendation, it appears that discovery may be stayed on Arconic's claims for a significant period of time while summary judgment is under consideration. The special master's efforts to productively use this time period for other discovery is consistent with the just and efficient determination of this action.

Conclusion

In accordance with the foregoing, the CMO (ECF No. 295) is adopted as the case management order of the court. Arconic's objections (ECF No. 309) are DENIED WITHOUT PREJUDICE to raise discrete, particularized objections if it is precluded from undertaking relevant, proportional discovery.

An appropriate order follows.

April 17, 2019

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ARCONIC INC.,** | ) CIVIL ACTION NO. 17-1434 |
| | ) |
| Plaintiff, | ) JUDGE JOY FLOWERS CONTI |
| | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| **NOVELIS INC.** *and* **NOVELIS CORP,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

AND NOW this 17th day of April, 2019, in accordance with the memorandum opinion, it is hereby ordered that Arconic Inc.'s objections (ECF No. 309) are DENIED WITHOUT PREJUDICE to raise discrete, particularized objections if it is precluded from undertaking relevant, proportional discovery. The special master's CMO (ECF No. 295) is adopted as the case management order of the court.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge