**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARCONIC INC.,** | : | |
| | : | **No. 2:17-CV-01434** |
| **Plaintiff,** | : | |
| | : | **Senior District Judge** |
| v. | : | **Joy Flowers Conti** |
| | : | |
| **NOVELIS INC.,** | : | |
| **NOVELIS CORP.,** | : | |
| | : | |
| **Defendants.** | : | |

**NOVELIS'S SUR-REPLY IN SUPPORT OF SUMMARY JUDGMENT**

**I.     INTRODUCTION**

In its Reply, Arconic misrepresents Novelis's positions,[1] doubles down on its non-compliance with the Court's orders, and then argues that its claims should survive despite a complete failure to substantiate them as ordered.  Indeed, Arconic's Reply turns the Court's show cause order on its head, arguing that *Novelis* has the burden to demonstrate that summary judgment *should* be granted, rather than acknowledging Arconic's own burden to show cause why summary judgment should *not* be granted.  In sum, much as the Special Master previously found that Arconic engaged in "deliberate non-compliance" with prior orders, Arconic again refuses to comply with this Court's clear instructions.  After numerous failed attempts by Arconic to explain what the "it" is in this case, the time has come to dismiss Arconic's futile claims, and enter summary judgment in favor of Novelis on Arconic's Counts I-VI.

**II.    ARGUMENT**

    **A.     Arconic Bears the Burden to Show Cause Why Summary Judgment Should Not Be Granted Against It**

In its Reply, Arconic argues that Novelis has the burden of *dis*proving Arconic's claims, and even goes further to argue that Novelis has somehow *admitted* that Arconic has cognizable trade secrets.  *See, e.g.*, Dkt. 382 at 9-10.  Arconic is wrong for two reasons.

*First*, Novelis did not move for summary judgment.  Instead, the Court ordered *Arconic* to show cause why summary judgment should *not* be granted against it.  The Court's Show Cause Order expressly invoked Rule 56(f)—titled "Judgment *Independent of the Motion*."  As the Court observed, under Rule 56(f), "the court may grant summary judgment for a *nonmovant* [(Novelis)], on grounds *not raised by a party*, or *on its own* after identifying material facts that

---

[1] Arconic's new statement of "additional" material facts ("SAMF") consists solely of alleged "admissions" by Novelis.  These purported admissions mischaracterize Novelis's statements and are irrelevant to the Court's Show Cause Order.

1

may not be genuinely in dispute." Dkt. 282 at 6. The Court thus provided *Arconic* with notice and opportunity to respond to the Court's well-founded and expressly stated belief that Arconic's repeated failures to follow court orders are fatal to its claims. *Id.* ("It appears to the court that Arconic's claims based on alleged trade secrets or confidential information must fail as a matter of law. The claims were previously dismissed, without objection by Arconic, subject to renewal if Arconic made an identification with reasonable particularity. (ECF Nos. 113, 114). It appears that Arconic did not do so."). *Novelis* was not ordered to and is not required to come forth with any evidence whatsoever.[2] Not surprisingly, none of the authorities cited by Arconic supports the notion that Novelis is required to put forward evidence under Rule 56(f).

*Second*, even if Novelis had affirmatively moved for summary judgment, to prevail Novelis only would have been required to demonstrate the absence of a material disputed fact as to ***any one element*** of Arconic's claims. *See, e.g.*, *Estate of Kempf v. Washington Cty.*, 2018 WL 4354547, at *4 (W.D. Pa. Sept. 12, 2018) (Conti, J.) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Novelis's choice to demonstrate Arconic's complete failure to prove *several* elements of its claims does not somehow concede the others.[3] *Estate of Kempf*, 2018 WL 4354547, at *4. ("A defendant who moves for summary judgment is not required to refute every essential element of the plaintiff's claim."). Arconic's argument that Novelis has somehow

---

[2] This is consistent with the Court's Show Cause Order, which ***required*** Arconic to file a brief, and merely ***allowed*** Novelis to respond. *See* Dkt. 282 at 7 ("On or before March 25, 2019, ***Arconic shall*** file a brief . . . . On or before April 22, 2019, ***Novelis may*** submit a responsive brief . . . .").

[3] Arconic makes much of Novelis's choice not to prove in this briefing that each of Arconic's alleged trade secrets was publicly known. *See, e.g.*, Arconic Reply at 1, 4. However, the issue of whether Arconic's trade secrets are publicly known—which Novelis asserts they were—is immaterial to the Court's order, which requested summary judgment briefing on the sufficiency of Arconic's prior trade secret identifications. Moreover, Arconic has failed to provide ***any*** evidence in support of several *other* critical elements of its claims. Thus, the Court need not address this issue.

admitted that Arconic has cognizable trade secrets simply has no legal basis.

### B. Arconic Has Failed to Show Cause Why Summary Judgment Should Not Be Entered

Summary judgment is appropriate if the Court finds that Arconic has failed to comply with prior Court orders, or if the Court finds that Arconic has failed to disclose sufficiently the basis for any *one* element of its claims that the Court has ordered Arconic to disclose. Arconic's failure to carry its burden on either issue is independent reason to grant summary judgment in Novelis's favor. *See Johansen v. Nat'l Gas & Elec. LLC*, 2018 WL 3933472, at *2 (S.D. Ohio Aug. 16, 2018) (summary judgment appropriate under Rule 56(f) where responding party does not carry burden to show cause).

#### 1. Arconic's Prior Noncompliance with Court Orders Warrants Summary Judgment

The Court's orders required Arconic to identify the bases for its trade secret and breach of contract claims with reasonable particularity. Arconic's multiple failures to do so provide a sufficient basis for the Court to grant summary judgment in Novelis's favor. Dkt. 342 at 13-16. Yet Arconic's Reply still fails to explain or justify its repeated noncompliance. Further, both Arconic's fourth and "fifth" trade secret identifications violated the Court's orders by attempting to add *substantive* information about its trade secrets without complying with the Court's long-standing requirement to show good cause. *See* Dkt. 342 at 13-16; Dkt 338 at 3-8. Because Arconic's summary judgment filings fail to justify its "deliberate non-compliance" (Dkt. 249 [Order 28] at 6), Arconic has not and cannot show cause why its claims should survive. *See VFD Consulting, Inc. v. 21st Servs.*, 425 F. Supp. 2d 1037, 1049 (N.D. Cal. 2006) ("Plaintiff has not identified, with any particularity, how [it] organized or combined the materials in a manner that rises to the level of a legally protectable trade secret."); *Demodulation, Inc. v. United States*,

3

122 Fed. Cl. 652, 659-60 (2015) (dismissing trade secret claims for repeated failure to sufficiently identify trade secrets).

        2.    <u>Even Arconic's Latest Voluminous Disclosures Fail as a Matter of Law</u>

Instead of addressing the issue of its prior deficient disclosures, Arconic filed thousands of pages of new declarations and exhibits, and now demands that the Court inspect these new disclosures to determine whether they would be adequate to support Arconic's claims. Yet even if the Court complied, and reviewed each and every page, it would find no support for many elements of Arconic's trade secret misappropriation and breach of contract claims.

Arconic has repeatedly been ordered "to provide the legally essential disclosures" to substantiate the elements necessary to prove its claims (Dkt. 249 [Order 28] at 5), including:

1) The circumstances of Arconic's purported disclosures of each and every one of its 288 alleged combination trade secrets to Novelis. Dkt. 209 [R&R 20] at 7-10; Dkt. 212 (ordering Arconic to provide "full [and] genuine" response to trade secret Interrogatory No. 3, regarding disclosure to Novelis);

2) How Novelis purportedly disclosed each and every one of Arconic's 288 alleged combination trade secrets to the public. Dkt. 209 [R&R 20] at 7-10; Dkt. 212 (ordering Arconic to provide "full [and] genuine" response to trade secret Interrogatory No. 10, regarding disclosure by Novelis);

3) How each combination trade secret is unique such that it provides "a valuable contribution differing materially from other methods taught by the prior art." Dkt. 89 [R&R3]; Dkt. 89-1 (ordering Arconic to explain how each combination trade secret is unique); and

4) How each combination trade secret derives independent economic value from not being readily ascertainable. Dkt. 209 [R&R 20] at 7-10; Dkt. 212 (ordering Arconic to provide "full [and] genuine" response to trade secret Interrogatory No. 22, regarding value of each trade secret).

The Court ordered Arconic to disclose its basis for these elements for good reason: each of these elements is necessary to prove the claims Arconic chose to bring against Novelis.[4]

---

[4] *See, e.g.*, *Moore v. Kulicke & Soffa Indus., Inc.*, 318 F.3d 561, 566 (3d Cir. 2003) (trade secret misappropriation requires that trade secret was communicated to and by defendant); *Struthers Sci. & In'l Corp. v. Gen. Foods Corp.*, 51 F.R.D. 149, 153 (D. Del. 1970) (combination trade

Arconic's Reply confirms that it repeatedly has not, and indeed cannot, present ***any*** competent evidence in support of these critical elements. *See* Arconic Reply at 16-17; Dkt. 342 at 20-22. In its Reply, Arconic fails to show that it has ***ever*** identified its basis for the first and second elements listed above: disclosure to and by Novelis. Despite many opportunities to do so, Arconic has never disclosed any factual bases for these necessary elements of its claims. Dkt. 342 at 16-17, 20-21. And Arconic's arguments about its alleged disclosure of individual ***parameters*** (including ***non-secret*** parameters) fail to satisfy Arconic's obligation to explain how any one of the 288 allegedly secret multi-step ***processes*** were disclosed to or by Novelis. *Id.*

In tacit acknowledgement of its inability to provide the disclosures that the Court repeatedly required, Arconic attempts to sidestep this fatal flaw by claiming that the Court sought briefing only on whether Arconic's trade secrets are "cognizable," and not whether they have been "misappropriated." Arconic Reply at 16-17. This argument seeks to rewrite history and ignores the Court's instructions in the Show Cause Order, which explicitly faults Arconic for failing to identify how it alleges Novelis's ***misappropriation*** of its purported trade secrets:

> "There has still been no clear explanation of what unique, secret, economically-valuable information of Arconic ***was disclosed by Novelis***." Dkt. 282 at 6.

Likewise, the Court's Order refers explicitly to deficiencies in Arconic's responses to Novelis's trade secret interrogatories—including interrogatories regarding disclosure to and by Novelis

---

secret incorporating public elements must be unique such that it "differ[s] materially from other methods taught by the prior art"); *Nicolo v. Patterson Belknap Webb & Tyler, LLP*, 2016 WL 5661737, at *3 (W.D. Pa. Sept. 30, 2016) (trade secret must have independent economic value). Arconic's confidential information claims require substantially the same showing. Arconic must show that the relevant information is (1) confidential, (2) provided by Arconic to Novelis; and (3) improperly disclosed by Novelis. *See* Dkt. 177-1 [NDA] § 1(a); *see also id.* § 3; Dkt. 177-2 [License] §§ 1.4, 1.6, 2.2.2, 2.2.3, 4.1 4.2.

(the purported misappropriation). *Id.* at 3-6; *see also* Dkt. 209 [R&R 20] at 7-10.[5] Indeed, Arconic's multiple failures to comply with the Court's orders and provide this basic information is what ultimately resulted in the Special Master's Order No. 28, which, in turn, led to this Show Cause Order. *See* Dkt. 282 at 1. In short, Arconic's repeated failures to disclose the basic facts underlying its claims fall squarely within the scope of the Court's Order.[6]

In short, Arconic's disclosures—including its latest, voluminous evidence dump—fail to provide the basis for several necessary elements of its trade secret and breach of contract claims that the Court repeatedly ordered Arconic to disclose. As such, summary judgment is warranted. *See, e.g.*, *Berry v. Dillon*, 291 Fed. App'x 792, 795 (9th Cir. 2008) (affirming summary judgment where plaintiff "failed either to identify any trade secret that had been misappropriated or to adduce evidence that any of his programs derived independent economic value").

### III. CONCLUSION

For the foregoing reasons, summary judgment for Novelis is warranted on Counts I-VI.

---

[5] As the Court observed, Arconic did not object to R&R 20 and it is law of the case. Arconic's suggestion that the Court should disregard its prior orders simply because Arconic has now submitted "new evidence" of its trade secrets (Arconic Reply at 24 n.9) ignores this Court's repeated observations that Arconic has possessed such information all along. *See, e.g.*, Dkt. 209 [R&R20] at 3. This is not the type of "extraordinary circumstance" required to depart from the law of the case. *See Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997). Indeed, the Court's very purpose for requiring early trade secret identification was to prevent Arconic from changing its trade secrets mid-litigation, as it now attempts to do.

[6] Nor does Arconic's Reply resolve its deficiencies regarding uniqueness or value. Arconic's claims further fail because Arconic asserts ***every possible*** combination of individual parameters, none of which Arconic claims individually is a trade secret. Arconic argues for the first time in its Reply that the uniqueness of each alleged trade secret is derived from the benefit achieved by that specific process. Arconic Reply at 14. But Arconic's boilerplate "uniqueness" statements are substantially the same for each process and refer to benefits of individual ***non-secret parameters*** only. Similarly, Arconic's Reply argues that the purported value of its asserted combinations depends on individual ***parameters*** or the ***A951 process generally***. *See* Arconic Reply at 15-16. Yet once again Arconic fails to identify how each multi-step ***process*** has independent economic value.

Respectfully submitted,

**WILMER CUTLER PICKERING HALE & DORR LLP**

Dated: June 4, 2019

*/s/ Mary V. Sooter*
Mary V. Sooter (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Tel: (720) 274-3160
Mindy.Sooter@wilmerhale.com

William F. Lee (*pro hac vice*)
Mark G. Matuschak (*pro hac vice*)
Kate Saxton (*pro hac vice*)
Marissa Lalli (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
William.Lee@wilmerhale.com
Mark.Matuschak@wilmerhale.com
Kate.Saxton@wilmerhale.com
Marissa.Lalli@wilmerhale.com

Joseph J. Yu (*pro hac vice*)
William C. Kinder (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Joseph.Yu@wilmerhale.com
Will.Kinder@wilmerhale.com

Charles Kelly
Michael J. Joyce
Saul Ewing Arnstein & Lehr LLP
One PPG Place, 30th Floor
Pittsburgh, PA 15222
Tel: (412) 209-2500
charles.kelly@saul.com

michael.joyce@saul.com

Mitchell G. Stockwell (*pro hac vice*)
Charles A. Pannell (*pro hac vice*)
Vaibhav P. Kadaba (*pro hac vice*)
Jeffrey H. Fisher (*pro hac vice*)
Kilpatrick Townsend & Stockton LLP
Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528
Tel.: (404) 815-6500
mstockwell@kilpatricktownsend.com
cpannell@kilpatricktownsend.com
wkadaba@kilpatricktownsend.com
jfisher@kilpatricktownsend.com

*Attorneys for Defendants Novelis Inc. and Novelis Corp.*