## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO. 17-1434 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **NOVELIS INC.** *and* **NOVELIS CORP,** | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION**

On October 26, 2019, the special master entered R&R #30 regarding a motion to quash a deposition subpoena filed by third-party Ford Motor Co. ("Ford"). Arconic, Inc. ("Arconic") filed objections to R&R # 30 (ECF No. 459). Ford filed a response in opposition to Arconic's objections and requested that the special master's R&R be adopted in its entirety (ECF No. 469). Novelis did not take a position.

Arconic articulates two objections to the special master's recommendation: (1) that the deposition should be verbal, rather than by written questions; and (2) that it should not be limited to the questions drafted during the oral argument on October 21, 2019.[1] The court will address the objections seriatim.

1. Oral or written deposition

A deposition of a corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) is different than a deposition of a fact witness. It is corporate knowledge, not individual

---

[1] There is no dispute about Ford's production of documents. Transcript of 10/21/19 Oral Argument at 21.

knowledge, that is at issue. The corporation designates one or more persons to testify on its behalf, and the person must testify about information known or reasonably available to the corporation as a whole.

The corporation has a duty to prepare its designee to answer questions within the scope of the Rule 30(b)(6) notice of matters for examination, which must be described with reasonable particularity. The corporation's duty of preparation goes beyond the designee's personal knowledge and if necessary, the corporation must use documents, past employees, or other resources to provide responsive information to its designee. *Crawford v. George & Lynch, Inc.*, 19 F. Supp. 3d 546, 554 (D. Del. 2013)

Federal Rule of Civil Procedure 31(a)(4) specifically provides that a corporation may be deposed by written questions in accordance with Rule 30(b)(6). Because a corporation, and particularly a large corporation such as Ford, has a duty to gather information to prepare its designee to testify, a deposition by written questions is particularly useful and appropriate and may avoid ambiguity and misunderstandings caused by filtering that information through a human deponent. The value of a deposition by oral questions is minimized because it is the corporation's knowledge, not the individual deponent's, that is at issue. Ford is not a party to this case and its valuable confidential information may be implicated. The additional burden on Ford to prepare a witness to orally testify about the contours of its proprietary information is not warranted. In sum, under the circumstances of this case, the special master's recommendation that the Ford deposition proceed by written questions will be adopted.

2. Scope of the deposition

Ford objected to the scope of the deposition as noticed by Arconic in May 2019. On May 31, 2019, Ford and Arconic agreed to adjourn the deposition. After several meet and confer sessions, Ford produced documents. Arconic did not object to the document production. On

September 23, 2019, after several months of silence, Arconic renewed its request to take a Rule 30(b)(6) deposition. Ford objected; the parties held a meet and confer and determined they were at an impasse; and Ford filed the motion to quash.

During the oral argument, which was expedited because the discovery deadline was looming, the special master asked Arconic to identify the information it was seeking from a Ford 30(b)(6) deposition. *See, e.g.*, Transcript of 10/21/19 Oral Argument at 51. After discussion, the special master directed Arconic's counsel to draft questions to cover the topics that were most central to Arconic. Transcript of 10/21/19 Oral Argument at 68. The special master reviewed and revised the questions with all counsel. Transcript of 10/21/19 Oral Argument.

During the oral argument and in its objections, Arconic objected strenuously to the process used to create the questions. Arconic contends that it was forced to draft the questions in an abbreviated manner, without advance notice and without the benefit of Ford's document production. Arconic also argues that Ford failed to demonstrate an undue burden and that Ford's proprietary information can be adequately protected by the robust confidentiality order in this case. Arconic, however, did not articulate in its objections any substantive criticisms of the specific deposition questions.

Arconic failed to engage proactively and cooperatively in meet and confer sessions with Ford. If there were particularly topics that were essential, in Arconic's view, to include in the Ford 30(b)(6) deposition, it should have specifically negotiated for those topics with Ford. The record reflects that from June through September, 2019, no such discussions occurred. Transcript of 10/21/19 Oral Argument at 48-49. The special master's efforts to define a reasonable scope for the deposition and to protect Ford from undue burden were appropriate, particularly in light of Arconic's failure to engage cooperatively with Ford during the meet and confer process.

Without a clear identification of what additional information Arconic wants and why that additional information is important, the court is unable to find that Arconic was prejudiced by the special master's process. Arconic certainly had ample time to identify the additional questions it seeks to propound in its objections to R&R # 30, but it did not do so. The court declines to sua sponte redraft the deposition questions. For these reasons, the special master's recommendation about the scope of the deposition will be adopted.

Conclusion

In accordance with the foregoing, Arconic's Objections to R&R # 30 (ECF No. 459) will be DENIED. R&R # 30 will be adopted as the opinion of the court.

An appropriate order follows.

/s/ Joy Flowers Conti<br>
Joy Flowers Conti<br>
Senior United States District Judge

Dated: December 3, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO. 17-1434 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **NOVELIS INC.** *and* **NOVELIS CORP,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 3rd day of December, 2019, in accordance with the foregoing opinion, Arconic's Objections to R&R # 30 (ECF No. 459) are DENIED. R&R # 30, as supplemented by the foregoing opinion, is adopted as the opinion of the court. It is hereby Ordered that the deposition of Ford's representative shall be by written interrogatories as to each question the special master recommended be answered by Ford.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge