# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO. 17-1434 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **NOVELIS INC.** *and* **NOVELIS CORP,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

On November 18, 2019, the special master entered R&R #31, which granted the request by Arconic, Inc. ("Arconic") to depose Thomas Boney ("Boney"), rather than Rainer Kossak. Arconic, although the special master ruled in its favor, objects (ECF No. 473) to the last three sentences of the special master's recommendation, which provide:

> The questioning should be "targeted" within the meaning of the CMO (which as discussed in Report & Recommendation No. 29, is not the default "relevant and proportional" rule, given that the parties have already conducted substantial discovery, including depositions, on the trade secret claims). The targeted questioning must be limited to issues pertaining to Novelis' counterclaims and not an improper attempt at questioning Mr. Boney on issues pertaining to Arconic's trade secret/confidential information claims. If this ruling is not honored, there is a risk of sanctions and cessation of the deposition.

(ECF No. 465). Arconic filed its objections in an exercise of caution to avoid the possibility of sanctions for exceeding the scope of deposition questioning. Novelis did not file objections and now urges affirmance of special master R&R #31. (ECF No. 475). Arconic filed a reply brief and its objections are ripe for disposition.

There is no real dispute. Arconic and Novelis agree that pursuant to the case management order ("CMO") (ECF No. 321, adopting ECF No. 295), <u>written</u> discovery was limited to Novelis' new Antitrust Counterclaims, because the deadline for document and written

discovery for Novelis' pre-existing counterclaims had passed. (ECF No. 295 at 4 n.1). The parties also agree that under the CMO, depositions are pemitted to address <u>all</u> Novelis counterclaims. (ECF No. 295 at 6-8). Novelis explains that it asked Arconic witnesses about all Novelis counterclaims and it expects Arconic to do the same.

The only restriction (i.e., "targeting") on deposition questioning in the CMO is that the parties cannot ask questions about trade secret claims. Depositions on trade secret claims are suspended because summary judgment motions on those claims are under consideration by the special master. (ECF No. 295 at 7). Arconic represents that it "does not intend to make any improper attempt at questioning Mr. Boney on issues pertaining to Arconic's trade secret/ confidential information claims." (ECF No.473 at 7; 476-1 at 4). Novelis points out that Boney was already deposed (albeit as a corporate witness) on those topics. (ECF No. 475 at 2 n.2).

The last three sentences of special master R&R #31 are in accord with the parties' agreements. Arconic may conduct deposition questioning within the meaning of the CMO (i.e., involving <u>all</u> Novelis counterclaims), but cannot question Boney about the trade secret and confidential information claims. If the parties comply with these guidelines, they will not face sanctions. On the other hand, the court has a continuing duty to consider sanctions if a party fails to abide by the CMO. *See* Federal Rule of Civil Procedure 37.

<u>Conclusion</u>

In accordance with the foregoing, Arconic's Objections to R&R # 31 (ECF No. 473) will be DENIED. R&R # 31 will be adopted as the opinion of the court as supplemented herein.

An appropriate order follows.

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Judge

Dated: December 17, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARCONIC INC.**, | ) CIVIL ACTION NO. 17-1434 |
| Plaintiff, | ) JUDGE JOY FLOWERS CONTI |
| v. | ) |
| **NOVELIS INC.** *and* **NOVELIS CORP**, | ) |
| Defendants. | ) |

## ORDER

AND NOW, this 17th day of December, 2019, in accordance with the foregoing opinion, Arconic's Objections to R&R # 31 (ECF No. 473) are DENIED. R&R # 31, as supplemented by the foregoing opinion, is adopted as the opinion of the court.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge