# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO. 17-1434 |
| Plaintiff, | ) ) ) | JUDGE JOY FLOWERS CONTI |
| v. | ) ) ) ) ) ) | |
| **NOVELIS INC.** *and* **NOVELIS CORP,** | ) ) | |
| Defendants. | ) | |

## OPINION

On September 6, 2019, the special master entered Report and Recommendation ("R&R") #29 regarding antitrust counterclaim discovery disputes. (ECF Nos. 426, 426-1). On November 25, 2019, the court entered an order remanding certain objections filed by Arconic, Inc. ("Arconic") to R&R #29 for reconsideration by the special master in light of the answer filed by Novelis, Inc. ("Novelis") in an antitrust case brought by the United States Department of Justice ("DOJ"), Civil Action No. 19-2033, in the United States District Court (N.D. Ohio) (the "DOJ Litigation"). In addition, on November 15, 2019, Arconic sought leave from the special master to propound additional discovery requests ("New Antitrust Requests") on Novelis about the positions Novelis took in the DOJ Litigation.

On February 14, 2020, the special master filed R&R #32 to resolve these matters (ECF No. 482). On February 28, 2020, Arconic filed timely objections to R&R #32 (ECF No. 490).[1] The objections are fully briefed and ripe for disposition.

In remanding the objections to R&R #29, the court clarified that the special master's review was strictly limited to how the statements made by Novelis in its Answer regarding the relevant market in the DOJ Litigation may affect the four issues raised in Arconic's Objections. *See* ECF No. 438 (Arconic now objects to four discrete items, namely (A) the Aleris transaction (Request for Production No. 75 and the disputed search terms identified in Topics 68 and 69 of the parties' Joint Redfern); (B) two Novelis custodians, Pierre Labat ("Labat") and Duane Bendinski ("Bendinski"); (C) substitute products (Request for Production No. 40); and (D) non-commercialized products (Request for Production No. 44).

Arconic articulates three overarching objections to R&R #32: (1) the special master did not apply the "relevant and proportional" standard of Rule 26; (2) the special master placed the burden on Arconic, rather than Novelis, with respect to undue burden; and (3) the special master prejudged the merits of the parties' substantive dispute about the relevant market. On the specific discovery disputes, Arconic contends: (1) there is no basis to limit discovery about the Aleris transaction; (2) Novelis failed to showed that custodians Labat and Bendzinski were cumulative; (3) Novelis should be ordered to respond fully regarding substitute products; and (4) developmental products are relevant to the antitrust market. Arconic also objects to the partial denial of new discovery requests (RFPs 2 and 3) with respect to the DOJ Litigation and to the requirement that it seek leave to expand its Rule 30(b)(6) deposition notice. Arconic attached the arbitrator's decision in the DOJ Litigation to its reply brief, but recognizes that the import of that

---

[1] Arconic improperly sought to renew its objections to R&R #29. Arconic's objections to R&R #29 were denied without prejudice to raise objections to the special master's report and recommendation after the remand (ECF No. 469). Only Arconic's objections to R&R #32 are now before the court.

decision should not be decided in the context of a discovery dispute (ECF No. 498 at 4).[2] Novelis contends that R&R #32 should be adopted in full.

Arconic's overarching objections lack merit. Fact discovery in this case is closed, except for the discrete issues being addressed by the special master. The discovery disputes at issue arise from supplemental discovery on Novelis' amended counterclaims, which were delayed by Arconic's failure to produce timely the Chemetall agreement. The special master properly instructed that discovery on the amended counterclaims not be duplicative of the discovery previously conducted in this case. Arconic nevertheless propounded broad requests seeking "all documents" and again refused to engage in productive meet and confer sessions. The burden was properly placed on Arconic to demonstrate why the apparently duplicative discovery it sought was appropriate. In particular, the special master ordered Novelis to produce documents in response to RFP 40 based on Arconic's needs as stated at the hearing (ECF No. 482 at 17-21). The special master did not prejudge the merits of the relevant market (indeed, R&R #32 at 25 contains an explicit statement to the contrary). Instead, the special master properly determined that the scope of relevant, proportional discovery was limited to pretreated aluminum for structural components in vehicles, in light of the parties' previous representations that mill finish (i.e., untreated aluminum) was outside the scope of discovery (ECF No. 482 at 4-6). The court adopts the special master's recommendation that discovery about "Aluminum ABS" is overbroad.

Arconic's specific objections lack merit. As the special master correctly concluded, the scope of the DOJ Litigation was much broader than the antitrust issues in this case. The special

---

[2] To the extent Arconic uses the arbitrator's decision to impugn Novelis' conduct, the court cannot find that Novelis' conduct calls into question any finding or recommendation by the special master. Gratuitous and unfounded attacks on a party or a counsel's professional conduct will not be tolerated by this court. This court expects all counsel to act in a professional and ethical manner.

master ordered Novelis to produce analyses of the anti-competitive effects of the Aleris merger that relate to the issues raised in this case. (ECF No. 482 at 10). Novelis represented that it will produce all competitive or market studies or analyses (defined broadly) that relate to the disputes in this case. The court accepts Novelis' representation that it will do so. The special master correctly rejected Arconic's request for all Aleris merger documents.

The court agrees with the special master's reasoning with respect to the additional document custodians sought by Arconic (ECF No. 482 at 12-17), with one clarification. The arbitration decision in the DOJ Litigation referenced a 2018 "strategy update document" with a section prepared by Labat, who is Vice President of Global Automotive for Novelis. (ECF No. 498-1 at 3). The court understands that Novelis will produce all or the portions of that document that relate to the disputes in this case, as directed by the special master (ECF No. 482 at 10). Arconic failed to convince the court that Labat is needed as a custodian when his United States counterpart, Tom Boney, is already a custodian and this case concerns the North American market (ECF No. 482 at 10-11).

With respect to substitute products, the special master essentially granted the relief sought by Arconic in the hearing (ECF No. 482 at 17-2). The special master recommended that Novelis produce any analyses comparing A951 and steel, not just technical analyses. Arconic's objections that additional discovery is warranted on this ground are without merit.

Arconic preserved its objection to the special master's denial of its request for discovery about pretreatments that are in a precommercial research stage in R&R #29. The court agrees with the special master, however, that research and development ("R&D") ideas are too attenuated to constitute products in the relevant antitrust market (ECF No. 482 at 21-22). The court also adopts the special master's observation that the relevance of R&D to this case about past or present price restraints is different from the DOJ's concern about future anticompetitive

4

effects of a merger. Novelis represented that it produced documents about discussions with OEMs about A951 and other pretreatment technologies, even if the technology has not yet been sold. Novelis also represented that it did not withhold discovery on steel or carbon fiber. Arconic's objection is, therefore, unpersuasive to the extent it is not moot.

The special master reasonably recommended targeted supplemental discovery with respect to the DOJ Litigation as it relates to the issues in this case (ECF No. 482 at 22-27). Arconic's objection about the scope of the Rule 30(b)(6) deposition is premature because it will have the opportunity to request additional topics after it reviews Novelis' supplemental discovery.

In Novelis' response, it proposes an extension of discovery of three weeks for Novelis to complete its document production and an additional five weeks for Arconic to complete its depositions of Novelis witnesses. Arconic did not object to these time frames and the court finds them to be reasonable. The court expects counsel to comply with these deadlines despite the challenges posed by the Covid-19 pandemic through the use of appropriate technology.

In accordance with the foregoing, Arconic's Objections to R&R #32 (ECF No. 490) will be DENIED.

An appropriate order follows.

Dated: April 8, 2020

                                                        /s/ Joy Flowers Conti
                                                        Joy Flowers Conti
                                                        Senior United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO. 17-1434 |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| v. | ) | |
| **NOVELIS INC.** *and* **NOVELIS CORP,** | ) | |
| Defendants. | ) | |

## **ORDER**

AND NOW, this 8th day of April, 2020, in accordance with the foregoing opinion, Arconic's Objections to R&R #32 (ECF No. 490) are DENIED.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge
