IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.**, | ) | CIVIL ACTION NO.  17-1434 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **NOVELIS INC.** *and* **NOVELIS CORP,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Now pending before the court is a motion by defendants ("Novelis") for leave to file a motion for partial summary judgment on Count XIII of its amended counterclaims and "on the issue of the lawfulness of Arconic's royalties more generally" as it relates to Count XI of its amended counterclaims (ECF No. 527).  Plaintiff ("Arconic") filed a response in opposition (ECF No. 567).  In the alternative, Arconic requested leave to file partial summary judgment motions of its own.  Novelis filed a motion for leave to file a reply brief (ECF No. 575), which the court will deny as moot.

Procedural Background

This has been an arduous and contentious case.  The original complaint and counterclaims were filed in 2017.  In February 2019, Novelis filed amended counterclaims, alleging antitrust violations and patent misuse.

Fact discovery is not complete.  Fact discovery was stayed on Arconic's trade secret and confidential information claims in October 2018 due to its failure to identify its trade secrets/confidential information with reasonable particularity, as required by numerous court orders.  Fact discovery on Novelis' amended counterclaims is largely complete, but fact

discovery on Novelis' original counterclaims is intertwined with the trade secret/confidential information discovery.

On February 25, 2019, the court ordered Arconic to show cause why summary judgment should not be granted on Arconic's trade secret and confidential information claims (counts I through VI of the second amended complaint). After lengthy proceedings before the special master, the court heard oral argument on November 16, 2020 and on December 9, 2020, issued an opinion and order granting summary judgment in favor of Novelis on the trade secret claims and allowing certain confidential information claims to proceed on the narrow basis set forth in R&R #33. The stay of discovery is now lifted and the remaining fact discovery will be swiftly completed. The parties will have a discrete period of time to complete expert discovery and the record will be complete.

Discussion

The case management order provides: "Parties may not file motions for summary judgment without first requesting a hearing and the court entering a scheduling order." (ECF No. 102 ¶ 8). Motions for partial summary judgment are generally disfavored because they are resolved by orders that cannot be appealed until final adjudication. As a result, they are only permitted if they benefit the parties and serve the interest of judicial economy. *Right Way Nutrition, LLC v. Gen. Nutrition Corp.*, 421 F. Supp. 3d 78, 87 (W.D. Pa. 2019); *see Excentus Corp. v. Giant Eagle, Inc.*, No. CV 13-178, 2014 WL 12596562, at *2 (W.D. Pa. Mar. 24, 2014) (Conti, J.) (serial summary judgment motions are disfavored by the court).

The motion Novelis seeks leave to file would involve only one counterclaim and a legal issue implicated in another counterclaim.[1] Novelis also seeks injunctive and declaratory relief

---

[1] Because this opinion and order will not be filed under seal, the court will not discuss the substance of the parties'

(ECF No. 528 at 11).  There has been one round of summary judgment briefing in this case already (initiated by the court), which took over 18 months to resolve.  A second round of partial summary judgment briefing would not advance judicial economy.  Resolution of the issues identified by Novelis is unlikely to streamline or expedite resolution of the case.  Arconic contends that the underlying facts implicate other claims, such that discovery would not be curtailed.  A third round of summary judgment briefing would almost surely follow.  The court concludes that completion of all remaining discovery, followed by expert discovery and one round of comprehensive summary judgment motions is the most efficient manner to proceed.

Conclusion

     In summary, Novelis' motion for leave to file a motion for partial summary judgment (ECF No. 527) will be DENIED.  Neither party will be permitted to file summary judgment motions without leave of court.  Both parties will have a full and fair opportunity to present comprehensive summary judgment motions at the close of all discovery and, if appropriate, expert discovery relating to liability issues.

     An appropriate order follows.

Dated:  December 15, 2020

                                  /s/ Joy Flowers Conti
                                  Joy Flowers Conti
                                  Senior United States District Judge

---

contentions.