IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.**, | ) | CIVIL ACTION NO. 17-1434 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **NOVELIS INC.** *and* **NOVELIS CORP,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Pending now before the court are objections (ECF No. 591) filed by Arconic, Inc. ("Arconic") to the special master's Report and Recommendation ("R&R") #34 (ECF No. 538). Novelis Inc. and Novelis Corp. ("Novelis") filed a response to the objections (ECF No. 595), Arconic filed a reply (ECF No. 602), Novelis filed a surreply (ECF No. 610), and the objections are ripe for disposition.  The issue is narrow – whether Novelis should be required to produce two expert reports (the "DOJ expert reports") prepared in an antitrust case brought by the United States Department of Justice ("DOJ") to challenge Novelis' merger with Aleris Corporation (the "DOJ Litigation").

Procedural Background

On September 6, 2019, the special master issued R&R #29, which resolved numerous discovery disputes about the antitrust counterclaims (ECF No. 426).  When the DOJ Litigation was brought to this court's attention, it instructed the special master to reconsider certain disputes about the scope of antitrust discovery (ECF No. 469).  On February 14, 2020, the special master filed R&R #32 to resolve those disputes (ECF No. 482).  As a threshold matter,

the special master determined that the relevant universe of discovery in this case was "pretreated aluminum for structural components in vehicles." *Id.* at 4.  The special master rejected Arconic's effort to expand discovery to include Aluminum Automotive Body Sheet ("Aluminum ABS"), a broader term that includes pretreated and mill grade aluminum and different types of automotive components.  The special master observed that the scope of the DOJ Litigation was much broader than the antitrust issues in this case and ordered Novelis to produce analyses of the anti-competitive effects of the Aleris merger that relate to the issues raised in this case.  Arconic objected.

In rejecting Arconic's objections to R&R #32, the court stated:  "the special master properly determined that the scope of relevant, proportional discovery was limited to pretreated aluminum for structural components in vehicles, in light of the parties' previous representations that mill finish (i.e., untreated aluminum) was outside the scope of discovery (ECF No. 482 at 4-6).  The court adopts the special master's recommendation that discovery about 'Aluminum ABS' is overbroad."  Opinion and Order of April 8, 2020 (ECF No. 499 at 3).

The pending dispute was initiated on June 25, 2020, when Arconic sought clarification of R&R #32, as it applied to the DOJ expert reports.  The special master considered extensive briefing.  The special master did not conduct an *in camera* review of the expert reports.  The special master did, however, propound 5 questions to Novelis about the contents of the DOJ expert reports.

In its response to the special master, Novelis represented that the DOJ expert reports do not address or discuss the use of aluminum for structural components for an automobile; do not discuss the interchangeability between aluminum and steel for structural components in automobiles; do not analyze competition in the market for pretreated aluminum; do not contain any analysis (defined broadly) that relates to the dispute about the relevant antitrust market in

2

this case; and do not address the ability of an automaker to switch between pretreated aluminum and steel for structural components (ECF No. 595-2).  Novelis also represented that it produced, among other things: (1) the raw data from a 2017 McKinsey study that included structural components; (2) its interrogatory response in the DOJ Litigation about the basis for its position on the relevant market in this case; and (3) documents reflecting Novelis' analysis of a potential switch by Ford back to steel for structural components.  *Id*.

Legal Analysis

The court reviews a special master's R&R de novo, pursuant to Federal Rule of Civil Procedure 53.  The plain language of Rule 53 requires the court to make a de novo determination, but not to always conduct a de novo hearing.  *Net2Phone, Inc. v. Ebay, Inc*., No. CIV.A. 06-2469 KSH, 2008 WL 8183817, at *3 (D.N.J. June 26, 2008).   The parties have had a full and fair opportunity to be heard via the filing of their objections.  Federal Rule of Civil Procedure 53 Advisory Committee Notes to 2003 Amendments ("The requirement that the court must afford an opportunity to be heard can be satisfied by taking written submissions when the court acts on the report without taking live testimony."); *Commissariat %22a l'Energie Atomique v. Samsung Elecs. Co*., 245 F.R.D. 177, 179 (D. Del. 2007) ("The plain language of Rule 53 shows that the review of a Special Master's decision requires the court to make a de novo determination, not conduct a de novo hearing.").

The argument Arconic presented to the special master sought clarification, not reconsideration, of R&R #32.  To the extent that Arconic now argues that the scope of discovery should be broadened to include all Aluminum ABS, because that term implicitly includes references to both mill finish and pretreated aluminum, that argument is rejected.  The court determined, in adopting R&R #32, that discovery about "Aluminum ABS is overbroad."

Opinion and Order of April 8, 2020 (ECF No. 499 at 3). The court was well-aware, when it made the decision, that Aluminum ABS implicitly included pretreated aluminum. Arconic did not provide a basis for reconsideration of that decision.

With that background, resolution of the pending dispute is straightforward. The court accepts the representation by Novelis and its counsel[1] that the DOJ expert reports "do not address, let alone analyze, competition for pretreated aluminum" or "competition specific to structural components in vehicles." (ECF No. 595 at 2). The DOJ expert reports are, therefore, not within the scope of relevant discovery in this case and need not be produced.

The court is aware of Arconic's argument that Novelis does not analyze pretreated aluminum sheet separately from other aluminum sheet products, or "coils." (ECF No. 591 at 7). That circumstance, however, does not justify expanding the scope of discovery into all Aluminum ABS. In its June 29, 2020 letter to the special master, Novelis explained that Arconic questioned its deposition witnesses at length about the market dynamics surrounding pretreated aluminum and structural components, including Novelis' efforts to develop products to compete with A951. (ECF No. 591-7). In particular, the court cannot perceive how the DOJ expert reports, which are not internal business plans, and do not address the disputes in this case, i.e., the market for pretreated aluminum for structural components in vehicles, are relevant.

Arconic contends that R&R #34 is inconsistent with R&R #29, which permitted Novelis to obtain more generally certain documents addressing aluminum sheet. The court disagrees. The recommendation in R&R #29 was the result of a stipulation and agreement by the parties. Novelis' attorney stated during an oral argument before the special master that high-level business plans, competitive assessments and analyses would be produced because they implicitly

---

[1] Novelis and its counsel made the representation subject to Federal Rules of Civil Procedure 11(b) and 26(g), and the attorneys' duty of candor to the tribunal. *See* Local Rule 83.3(A)(2) (adopting the Pennsylvania Rules of Professional Conduct). Arconic made no showing of any reason to doubt the accuracy of the representation.

included a lot of analysis that would be relevant to this case. Arconic's counsel stated there was no dispute. (Transcript of June 17, 2019 oral argument at 219, ECF No. 591-3). In R&R #29, the special master stated that she "need not resolve this issue." (ECF No. 426 at 36). In sum, the special master did not make an inconsistent ruling on a contested issue.

Conclusion

In accordance with the foregoing, Arconic's Objections to R&R #34 (ECF No. 591) will be DENIED. R&R #34 will be adopted as the opinion of the court, as supplemented herein.

An appropriate order follows.

Dated: January 5, 2021                   /s/ Joy Flowers Conti

                                                          Joy Flowers Conti
                                                          Senior United States District Judge