IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCONIC INC.,** | ) | CIVIL ACTION NO.  17-1434 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **NOVELIS INC. *and* NOVELIS CORP,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Pending now before the court are objections (ECF No. 637) filed by Arconic, Inc. ("Arconic") to the special master's Report and Recommendation ("R&R") #36 (ECF No. 630). Novelis Inc. and Novelis Corp. ("Novelis") filed a response to the objections (ECF No. 644), and the objections are ripe for disposition.

The special master's R&R #36 involves Arconic's supplemental Rule 30(b)(6) notice to Novelis.  Arconic submitted its initial Rule 30(b)(6) notice in April 2019.  After negotiation between the parties about the scope, several Novelis representatives were deposed in May 2020. The parties met and conferred about the need for additional testimony and were able to reach agreement on most, but not all, topics.  The special master heard oral argument in October 2020 and issued R&R #36 on December 14, 2020.  There are two remaining disputes for decision by the court: (1) Topic 16 (Novelis' performance under its 2012 license agreement with Arconic); and (2) Topic 35 (the factors in Novelis' supplemental damages proffer and "should-cost" of A951).  Arconic did not object to the special master's recommendation on Topic 14 (Novelis'

performance in providing A951 to Ford). Arconic withdrew its objections regarding Topic 43 (ECF No. 645).

Standard of Review

The court reviews a special master's R&R de novo, pursuant to Federal Rule of Civil Procedure 53. The plain language of Rule 53 requires the court to make a de novo determination, but not to always conduct a de novo hearing. *Net2Phone, Inc. v. Ebay, Inc.*, No. CIV.A. 06-2469 KSH, 2008 WL 8183817, at *3 (D.N.J. June 26, 2008). The parties had a full and fair opportunity to be heard via the filing of their objections. Fed. R. Civ. P. 53 Advisory Committee Notes to 2003 Amendments ("The requirement that the court must afford an opportunity to be heard can be satisfied by taking written submissions when the court acts on the report without taking live testimony."); *Commissariat %22a l'Energie Atomique v. Samsung Elecs. Co.*, 245 F.R.D. 177, 179 (D. Del. 2007) ("The plain language of Rule 53 shows that the review of a Special Master's decision requires the court to make a de novo determination, not conduct a de novo hearing.").

Legal Analysis

Federal Rule of Civil Procedure 30(b)(6) was amended, effective December 1, 2020, and now provides:

> (6) Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify.

> The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

The parties complied with their duty to confer in good faith. The disputes will be addressed seriatim.

A. Topic 16

Arconic sought testimony about "Novelis' agreements granting or obtaining licenses to any aluminum pretreatment process with any entities, including the License and NDA with Arconic and the Chemetall Agreement." (ECF No. 637-1). Novelis agreed to provide a witness to testify "generally about Novelis' licenses concerning aluminum pretreatment for automotive applications, including the parties' NDA and License Agreement regarding Novelis' access to Arconic's A951 technology," but objected to testimony about its "performance" under its agreements with Arconic. Arconic clarifies that it seeks testimony only about the 2012 license.

Arconic argues, citing *Function Media, L.L.C. v. Google, Inc*., No. 2:07-CV-279, 2010 WL 276093 (E.D. Tex. Jan. 15, 2010), that its notice on the topic of the license agreement necessarily includes testimony about the facts surrounding the agreement. Novelis contends it previously provided corporate testimony regarding the basis for its breach of contract counterclaims. Arconic disputes this contention, except with respect to ion exchange. Novelis represents that it agreed "to provide testimony regarding the negotiation and circumstances around execution of the license." (ECF No. 644 at 6).

The court agrees with Arconic that the Rule 30(b)(6) deposition notice on the topic of the 2012 license cannot reasonably be limited to the mere words of that agreement, but also includes "the circumstances surrounding the execution of the license agreement[]." *Function Media,* 2010 WL 276093 at *2. The issue in *Function Media*, however, was a motion to preclude Google's experts "from giving testimony and opinions [at trial] that are based on conversations

with previously-undisclosed Google witnesses and contrary to Google's 30(b)(6) corporate deposition testimony." *Id.* at *1. Here, Arconic is seeking to expand the scope of the underlying Rule 30(b)(6) deposition itself, in the context of supplemental discovery. Courts are empowered, and indeed required, to supervise and enforce reasonable limitations on the scope of discovery. Fed. R. Civ. P. 26(b)(1); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31 (1984) ("It is the "duty and discretion of a trial court to oversee the discovery process.").

The special master noted that during the oral argument, Arconic was unable to identify gaps in the Rule 30(b)(6) testimony previously provided by Novelis (ECF No. 630 at 6). In its objections, Arconic failed to identify a specific, nonduplicative purpose for Topic 16, beyond what Novelis offered to provide. Arconic merely states, generally, that "Novelis alleges multiple factual bases for its breach of contract claims, for which it has not provided testimony." (ECF No. 637 at 7).

Given the extensive prior proceedings and negotiations on this topic, Arconic's position is vague and unpersuasive. Novelis agreed "to provide testimony regarding the negotiation and circumstances around execution of the license." (ECF No. 644 at 6). Arconic failed to demonstrate what questions Novelis is refusing to answer and why Arconic is entitled to those answers. The court agrees with the special master's recommendation that no further deposition testimony on Topic 16 is warranted. It is premature to address Arconic's request that Novelis be precluded from introducing evidence at trial contrary to the Rule 30(b)(6) testimony, *see Function Media*; that kind of ruling must await a more fully developed record.

B. Topic 35

Arconic's deposition notice seeks testimony about "Novelis' allegation that based on its own market knowledge in supplying pretreated aluminum coils to other customers, it believed

that 'the price for A951 Chemicals should be much lower' (CC ¶ 270), including without limitation any analysis or evaluation or communications on the factors identified in Novelis' Supplemental Damages Proffer (dated April 4, 2019)."  (ECF No. 637-1).  Novelis agreed to designate a witness, Dan Bergdahl ("Bergdahl"), Global Head of Procurement, on this topic.

There are two aspects to the pending dispute:  (1) whether Bergdahl was properly prepared to address the factors in the Novelis Supplemental Damages Proffer; and (2) testimony about Novelis' position that the cost of A951 should be lower ("should-cost analysis").

1. Damages Proffer factors

Novelis points out, correctly, that Bergdahl (like other Novelis employees) is prohibited from examining Arconic's trade secret documents by the terms of the protective order in this case.  Arconic clarifies that it is seeking only the information within Novelis' own knowledge, and not about Arconic's documents.  At the oral argument, Arconic explained to the special master that it wanted to avoid surprises at trial by confirming that Novelis did not have any independent analyses and explore whether Novelis had any knowledge that would be favorable to Arconic. At the oral argument, Arconic was unable to identify what additional testimony was needed.[1]

The special master reviewed, in depth, Bergdahl's testimony.  She determined that Arconic established Novelis' lack of independent knowledge during that deposition and was free to use that testimony at trial (ECF No. 630 at 11).  The special master also observed that, logically, the factors in the Damages Proffer related overwhelmingly to information originating with Arconic and Chemetall (ECF No. 630 at 12).  Novelis' counsel confirmed that at trial, he

---

[1] The special master noted that the Damages Proffer factor about valuation overlapped with topics 59 and 60, on which Zaffer Sange was designated to provide corporate testimony on behalf of Novelis (ECF No. 630 at 10 n.1).

5

would call a Chemetall witness and use Chemetall documents to prove Chemetall's costs. Under these circumstances, the court accepts the special master's recommendation that further deposition testimony is not warranted on this aspect of Topic 35.

2. Should-cost analysis

The "should-cost" analysis was performed in 2017 by Novelis' former Global Sourcing Manager, Thiago Simoes ("Simoes"), who was deposed by Arconic in his individual capacity. Novelis offered, and the special master recommended, that Simoes' testimony be designated as corporate testimony on Novelis' "should-cost" analyses.

Arconic argues that the special master's proposal would deprive it of the opportunity to seek followup information about the corporation's knowledge. Novelis represents that any additional corporate testimony about the should-cost analysis would simply regurgitate Simoes' deposition (ECF No. 644 at 11). At the oral argument, Arconic was unable to identify any specific questions it would have asked Simoes. In its objections, Arconic argues it cannot know what additional corporate testimony it could elicit because it did not have that opportunity.

Novelis represented that it does not have any additional corporate testimony on this issue, but would simply regurgitate Simoes' deposition. The court accepts the special master's recommendation that Simoes' testimony be designated as corporate testimony on Novelis' "should-cost" analyses and no other corporate testimony is warranted. Arconic did not demonstrate any prejudice arising from this procedure. It is premature to resolve Arconic's suggestion that Novelis be precluded from introducing at trial other evidence on its should-cost analysis.

Conclusion

In accordance with the foregoing, Arconic's Objections to R&R #36 (ECF No. 637) will be DENIED.  R&R #36 will be adopted as the opinion of the court, as supplemented herein.

An appropriate order follows.

Dated:  February 4, 2021                                  /s/ Joy Flowers Conti

                                                       Joy Flowers Conti
                                                       Senior United States District Judge