IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARCONIC CORPORATION AND HOWMET AEROSPACE INC.**, | ) CIVIL ACTION NO. 17-1434 ) ) JUDGE JOY FLOWERS CONTI |
| Plaintiffs and Counterclaim Defendants, | ) ) ) ) |
| v. | ) ) |
| **NOVELIS INC.** *and* **NOVELIS CORP,** | ) ) |
| Defendants and Counterclaim Plaintiffs. | ) |

# OPINION

Pending before the court are objections (ECF No. 737, with sealed attachments at ECF No. 739) filed by Arconic Corporation and Howmet Aerospace Inc. (collectively "Arconic") to the special master's Report and Recommendation ("R&R") #40 (ECF No. 730). Novelis Inc. and Novelis Corp. (collectively "Novelis") filed a response to the objections (ECF No. 743) and they are ripe for disposition. The court heard oral argument on September 8, 2021.

Standard of Review

The objections to R&R #40 arise in the context of discovery, but implicate an underlying question of law. There is a split of authority with respect to the appropriate standard of review. A court generally reviews a special master's R&R de novo, pursuant to Federal Rule of Civil Procedure 53. *Commissariat %22a l'Energie Atomique v. Samsung Elecs. Co*., 245 F.R.D. 177, 179 (D. Del. 2007) ("The plain language of Rule 53 shows that the review of a Special Master's decision requires the court to make a de novo determination, not conduct a de novo hearing.").

Pursuant to Federal Rule of Civil Procedure 53(f)(5), however, courts review objections

to a special master's ruling on a procedural matter only for abuse of discretion.  *See* Fed. R. Civ. P. 53(f)(5) ("Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion.").  Nothing in the special master appointment order in this case (ECF No. 50) changes the applicable standard of review.

The majority of courts regard a special master's determination about the scope of discovery as a procedural matter subject to "abuse of discretion" review.  *Ravin Crossbows, LLC v. Hunter's Mfg. Co.*, No. 5:18-CV-1729, 2020 WL 7706257, at *2 (N.D. Ohio Dec. 29, 2020); *Accord In re Hardieplank Fiber Cement Siding Litig.*, No. 12-md-2359, 2014 WL 5654318, at *1 (D. Minn. Jan. 28, 2014) (collecting decisions).  In *In re Lincoln National COI Litigation*, No. 16-CV-06605, 2019 WL 3940912, at *2 (E.D. Pa. Aug. 21, 2019), the court noted a split of authority on this issue and concluded that "[g]iven the nature of the discovery disputes here," the objections to the special master's findings would be reviewed de novo.  *See Callwave Commc'ns LLC v. AT&T Mobility LLC*, No. CV 12-1701, 2016 WL 3450736, at *1 (D. Del. June 16, 2016) (explaining that a failure to comply with the schedule would be a procedural matter under Rule 53(f)(5), but resolution of attorney-client privilege issues and exclusion of evidence at trial would be non-procedural and subject to de novo review under Rule 53(f)(3),(4)).

In the exercise of caution, the court will apply a de novo review to the pending objections in this case.

Procedural History

The pending dispute was initiated when Novelis asked the special master to enter a protective order pursuant to Rule 26, so that its witnesses would not be required to answer deposition questions about one alternative damages theory that will be asserted by Arconic.

Specifically, Arconic intends to calculate its damages based on a reasonable royalty, after applying the factors listed in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (the "*Georgia-Pacific* factors"). The special master recommended: "Novelis' motion for protective order regarding discovery related to Arconic's reasonable royalty damages theory, including to the extent the theory relies on the *Georgia-Pacific* factors for such calculation" be granted. (R&R #40 at 11, ECF No. 730).[1]

Discussion

In R&R #40, the special master explained that the reasonable royalty theory of damages originated in patent infringement cases, and is based on "a hypothetical negotiation that is intended to be a surrogate for the licensing negotiations that would have occurred if the infringing party had licensed the technology rather than using it in an infringing device without permission." (R&R #40 at 2, ECF No. 730). The special master determined that the reasonable royalty theory does not apply to the circumstances of this case because the alleged breach of contract by Novelis does not involve the improper use of confidential information in a competing device; rather, it involves the disclosure of the alleged confidential information itself, which Novelis was permitted to use in the A951 pretreatment process, in a patent application filed by Novelis. The special master concluded that because this damages theory is not viable in the specific circumstances of this case and would necessitate that a jury engage in speculation, any deposition questions about that topic would not be relevant or proportional. The special master explained that Arconic was entitled to pursue to pursue traditional breach of contract damages.

In its objections to R&R #40, Arconic represents that it is not seeking any fact discovery

---

[1] In R&R #40, the special master also recommended that Novelis' request for further supplementation of Arconic's interrogatory responses about its damages theories be denied. No objections were filed to that recommendation and it will be adopted.

3

about its reasonable royalty damages theory. (ECF No. 737 at 6). Arconic suggests that the discovery issue is moot and that any ruling on the legal merit of its theory be deferred until either summary judgment or a *Daubert* challenge to its damages expert. During the oral argument Novelis contended that it would need to take fact discovery about comparable licenses and Arconic's licensing practices to defend against this theory, but Novelis' original request was limited to a protective order about questions to its own fact witnesses.

Because Arconic is not seeking fact discovery about its reasonable royalty damages theory, it is unclear why it opposed entry of the protective order sought by Novelis.[2] Novelis' request for a protective order should not be denied as moot; instead, it should be granted because Arconic will not seek the kind of discovery for which Novelis sought a protective order. This aspect of R&R #40 will be adopted.

The main thrust of Arconic's objections to R&R #40, as the court understands them, is its request for clarification. Arconic seeks guidance about whether it will be permitted to submit an expert report that presents its reasonable royalty theory (ECF No. 737 at 17). R&R #40 arose in the context of a request for a protective order involving fact discovery. The special master's recommendation was limited to fact discovery. The court does not have before it any motion to preclude Arconic from filing an expert report based on a reasonable royalty theory.

In deciding whether to do so, however, Arconic should consider the thorough and persuasive analysis by the special master in R&R #40. It is dubious whether resort to a reasonable royalty theory and the *Georgia-Pacific* factors would be appropriate under the specific circumstances of this case. In particular, a damages theory based on a **hypothetical** negotiation of a license agreement (i.e., what Novelis might have paid Arconic for use of its

---

[2] All counsel are reminded of their professional obligations to meet and confer and to reasonably cooperate to avoid needless presentation of disputes to the court or special master.

confidential information), appears unnecessary when Arconic and Novelis entered into **actual** agreements involving Novelis' use of the A951 technology.  *See* Confidentiality, Nondisclosure and Limited Use agreement ("NDA") and a Technology Access and License Agreement ("License") (ECF Nos. 177-1, 177-2).  The agreements did not designate any specific payment for disclosure of the Confidential Information.  As noted by the special master, applying the reasonable royalty theory under the circumstances of this case would necessitate the jury to engage in unwarranted speculation.

Conclusion

      In accordance with the foregoing, Arconic's Objections to R&R #40 (ECF No. 737) will be DENIED.  R&R #40 will be adopted as the opinion of the court, as supplemented herein.

      An appropriate order follows.

Dated:  September 30, 2021                    /s/ Joy Flowers Conti

                                                  Joy Flowers Conti
                                                  Senior United States District Judge